IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, and KRAFT FOODS INC.,<br><br>Defendants. | Civil Action No. __________<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Keurig, Incorporated ("Keurig" or "Plaintiff"), by and through its undersigned counsel, demands a trial by jury of all issues so triable, and for its Complaint against Defendants Kraft Foods Global, Inc. ("KFG"), Tassimo Corporation ("Tassimo"), and Kraft Foods Inc. ("Kraft") (collectively, "Defendants"), alleges as follows:

## THE PARTIES

1. Keurig is a Delaware corporation with a place of business at 101 Edgewater Drive, Wakefield, Massachusetts 01880.

2. KFG is a Delaware corporation with a place of business at 1250 West North Street, Dover, Delaware 19904. KFG is a subsidiary of Kraft.

3. Tassimo is a Delaware corporation with a mailing address of P.O. Box 6361, Dover, Delaware 19905. Tassimo is a subsidiary of Kraft.

4. Kraft is a Virginia corporation with a place of business at Three Lakes Drive, Northfield, Illinois 60093.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

7. This Court has personal jurisdiction over KFG because KFG is incorporated in Delaware and has business contacts with this judicial district, including sale of the products that are accused of infringement in this civil action.

8. This Court has personal jurisdiction over Tassimo because Tassimo is incorporated in Delaware and has business contacts with this judicial district, including sale of the products that are accused of infringement in this civil action.

9. This Court has personal jurisdiction over Kraft because Kraft has business contacts with this judicial district, including sale of the products that are accused of infringement in this civil action.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400.

**COUNT I**
(Infringement of U.S. Patent No. 6,607,762)

11. The allegations of the paragraphs above are restated and re-alleged as though fully set forth herein.

12. Keurig is the owner of United States Patent No. 6,607,762 for a beverage filter cartridge ("the '762 patent"). Keurig has the right to sue for infringement of the '762 patent. A copy of the '762 patent is attached hereto as Exhibit A.

13. Defendants sell beverage filter cartridges under the trademark TASSIMO, which are commonly referred to as T DISCs.

14. Defendants have infringed, and continue to infringe, the '762 patent at least by making, using, offering to sell, and/or selling infringing T DISCs within the United States.

15. On information and belief, Defendants' infringement of the '762 patent has been and continues to be knowing and willful.

16. Defendants' infringement of the '762 patent has caused and continues to cause Keurig to suffer substantial money damages.

17. Defendants' infringement of the '762 patent has caused and continues to cause Keurig to suffer irreparable harm for which there is no adequate remedy at law.

18. This case is exceptional and therefore Keurig is entitled to an award of its attorneys fees pursuant to 35 U.S.C. § 285.

**RELIEF REQUESTED**

WHEREFORE, Keurig requests that this Court:

A. Enter judgment that Defendants have infringed the '762 patent;

B. Enter a preliminary and permanent injunction enjoining Defendants and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them or on their behalf, or acting in concert or privity with them, from committing further infringement of the '762 patent;

C. Award Keurig compensatory damages under 35 U.S.C. § 284;

D. Award Keurig treble damages for Defendants' willful infringement;

E. Award Keurig its reasonable attorney fees under 35 U.S.C. § 285 or other applicable law;

F. Award Keurig its costs, pre-judgment interest and post-judgment interest; and

G. Award Keurig such other relief as the Court deems just and proper.

**JURY DEMAND**

Keurig hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Karen E. Keller

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Plaintiff Keurig, Incorporated*

OF COUNSEL:

Michael A. Albert
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

Dated: January 10, 2007




(12) **United States Patent**
**Lazaris et al.**

(10) **Patent No.: US 6,607,762 B2**
(45) **Date of Patent: Aug. 19, 2003**

(54) **DISPOSABLE SINGLE SERVE BEVERAGE FILTER CARTRIDGE**

(75) Inventors: **Nicholas G. Lazaris**, Newton, MA (US); **Roderick H. Beaulieu**, Cumberland, RI (US)

(73) Assignee: **Keurig, Incorporated**, Wakefield, MA (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 11 days.

(21) Appl. No.: **09/782,665**

(22) Filed: **Feb. 13, 2001**

(65) **Prior Publication Data**

US 2001/0048957 A1 Dec. 6, 2001

**Related U.S. Application Data**

(60) Provisional application No. 60/183,569, filed on Feb. 18, 2000.

(51) **Int. Cl.**[7] .................................... **B65B 29/02**

(52) **U.S. Cl.** .................... 426/79; 426/113; 426/115; 426/433; 99/295; 99/317; 206/0.5; 206/222

(58) **Field of Search** .................... 99/293–295, 323, 99/317; 426/77, 79, 81, 433, 435, 106, 113, 115; 206/0.5, 219, 222

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,300,308 A * 4/1994 Louridas .................... 426/112
5,325,765 A 7/1994 Sylvan et al. ................ 99/295
5,431,276 A * 7/1995 Lialin ........................ 206/222
5,762,987 A * 6/1998 Fond et al. ................ 426/433
5,840,189 A 11/1998 Sylvan et al. .............. 210/474
5,899,137 A * 5/1999 Miller et al. ................ 99/295
6,007,853 A * 12/1999 Lesser ...................... 426/77

* cited by examiner

*Primary Examiner*—Drew Becker
(74) *Attorney, Agent, or Firm*—Samuels Gauthier & Stevens

(57) **ABSTRACT**

A beverage filter cartridge comprises an outer container with an access opening. A filter element is received in and configured and arranged to subdivide the interior of the container into first and second chambers. A beverage medium is stored in the first chamber. A lid closes the access opening. The lid has a first section overlying the first chamber and a second section overlying the second chamber. The first section of the lid is yieldably piercable to accommodate an inflow of liquid into the first chamber for infusion with the beverage medium to produce a beverage. The filter element is permeable to accommodate a flow of the beverage from the first chamber into the second chamber, and the second section of the lid is yieldably piercable to accommodate an outflow of the beverage from the second chamber to the exterior of the cartridge.

**10 Claims, 5 Drawing Sheets**






FIG. 1




FIG. 2




FIG. 3


16
14a
14b
14
14b
14a
12d
12
12c
10
12b
M
16
12a
22
A
12d
22
14
12
20
B
24
12c
12b

FIG. 4

FIG. 5




FIG. 6

FIG. 8

FIG. 7




FIG. 9

FIG. 10




FIG. 11

FIG. 12




FIG. 13

## DISPOSABLE SINGLE SERVE BEVERAGE FILTER CARTRIDGE

### CROSS REFERENCES TO RELATED APPLICATIONS

This application claims priority from Provisional Patent Application Serial No. 60/183,569 filed Feb. 18, 2000.

### FIELD OF THE INVENTION

This invention relates to disposable single serve beverage filter cartridges.

### DESCRIPTION OF THE PRIOR ART

A known disposable single serve beverage filter cartridge is disclosed in U.S. Pat. Nos. 5,325,765 and 5,840,189 (Sylvan et al), dated respectively Jul. 5, 1994 and Nov. 24, 1998. This beverage filter cartridge is comprised basically of an impermeable yieldably piercable cup-shaped container thermoformed or injection molded from a relatively rigid plastic material, and internally subdivided by a permeable cone-shaped filter into first and second chambers. A granular or powered dry beverage medium, e.g., roasted ground coffee, is stored in the first chamber, and the container is closed by an impermeable yieldably piercable lid comprising a laminate of metallic foil and plastic.

During a brewing cycle, the lid and container bottom are pierced from opposite directions, respectively, by tubular inlet and outlet probes. The inlet probe admits heated liquid into the first chamber for infusion with the beverage medium, and the resulting brewed beverage passes through the filter into the second chamber from which it exits via the outlet probe for delivery to an underlying cup.

This known beverage filter cartridge has gained rapid and increasingly widespread acceptance, notwithstanding certain problems and disadvantages relating to its use that have persisted since its initial introduction.

For example, as compared to the lid, the bottom of the cup-shaped container is relatively thick, with a higher resistance to piercing. The bottom cannot easily be thinned without adversely affecting the required thickness of the cup's sidewall to prevent permeability to oxygen and the ability to connect the filter material to the sidewall without damaging the oxygen barrier material. Thus, in the course of being punctured by the outlet probe, the bottom exhibits a tendency to distort inwardly, with an accompanying buckling of the container sidewall. Bottom distortion accompanied by sidewall buckling can adversely affect the puncturing process, resulting in leakage around the outlet probe.

A related problem stems from the need to equip the brewers with expensive metallic outlet probes that can be sharpened to the extent necessary to effect piercing of the more resistant container bottoms, and that can resist wear over prolonged periods of use.

Additionally, some of the brewed liquid beverage is not able to be evacuated because the outlet probe opening is above the bottom of the container and some of the beverage has no means of drainage.

What is needed, therefore, is an improved beverage filter cartridge that obviates or at least significantly minimizes the above-noted problems and disadvantages.

### SUMMARY OF THE INVENTION

In accordance with the present invention, a beverage filter cartridge includes an impermeable outer container having an access opening. A planar filter element is configured and arranged to subdivide the container interior into first and second chambers. A beverage medium is stored in the first chamber and an impermeable lid closes the access opening.

The lid has a first section overlying the first chamber and a second section overlying the second chamber. The first and second lid sections are yieldably piercable, respectively, from the same direction, by single or multiple inlet and outlet probes. The inlet probe admits heated liquid into the first chamber for infusion with the beverage medium, and the resulting brewed beverage passes through the filter element into the second chamber, from which it exits via the outlet probe.

The lid material has a lesser resistance to being yieldably pierced as compared to the resistance of the container bottom, and is thus less prone to inward distortion with accompanying buckling of the container sidewall. The net result is a cleaner puncture and in improved seal around the outlet probe.

The relative ease with which the lid may be pierced also makes it possible to equip tie brewers with less expensive plastic inlet and outlet probes, in single or multiple configurations.

These and other features and advantages of the present invention will now be described in greater detail with reference to the accompanying drawings, wherein:

### BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is a perspective view of one embodiment of a beverage filter cartridge in accordance with the present invention;

FIG. **2** is a top plan view of the beverage filter cartridge shown in FIG. **1**, with portions of the lid and filter element broken away to illustrate details of the container interior;

FIG. **3** is a sectional view on an enlarged scale taken along line **3**—**3** of FIG. **2**;

FIG. **4** is an exploded view of the basic components comprising the beverage filter cartridge shown in FIGS. **1**–**3**;

FIG. **5** is a cross sectional view similar to FIG. **3** showing the lid of the beverage filter cartridge punctured by inlet and outlet probes during a beverage brewing cycle;

FIG. **6** is a perspective view of another embodiment of a beverage filter cartridge in accordance with the present invention;

FIG. **7** is an exploded view of the basic components of the beverage filter cartridge shown in FIG. **6**;

FIG. **8** is a side view of the beverage filter cartridge looking in the direction of arrow "X" in FIG. **6**;

FIGS. **9**, **10**, **11** and **12** are sectional view on an enlarged scale taken respectively along lines **9**—**9**, **10**—**10**, **11**—**11** and **12**—**12** of FIG. **8**; and

FIG. **13** is a sectional view similar to FIG. **10** showing the lid of the beverage filter cartridge punctured by inlet and outlet probes during a beverage brewing cycle.

### DETAILED DESCRIPTION OF ILLUSTRATED EMBODIMENTS

Referring initially to FIGS. **1**–**5**, one embodiment of a beverage filter cartridge in accordance with the present invention is generally depicted at **10**. The beverage filter cartridge includes an impermeable outer container **12**, a permeable filter element **14**, and an impermeable lid **16**.

The outer container **12** is generally tray-shaped with a bottom wall **12*a***, a side wall **12*b*** with a flat rim **12*c***

surrounding an access opening 13, and a plurality of laterally spaced support ribs 12*d* projecting upwardly from the bottom wall and extending in parallel relationship in the lengthwise direction of the container.

As shown in FIG. 3, the ribs 12*d* join the sidewall 12*b* at 18, curve downwardly and then extend in parallel relationship to the bottom 12*a* before again curving upwardly to terminate as at 20.

The filter element 14 is formed from sheet material shaped to conform to the shape of the upper edges of the support ribs. The filter element is received in the container 12, with the edges 14*a* of its front and back ends overlapping and sealed to the rim 12*c* of the container side wall 12*b*, and with the edges 14*b* of its sides overlapping and sealed to outermost ribs 12*d* which are formed integrally with the container side wall. When thus positioned, the filter element defines a first chamber "A" separate from a second chamber "B", the latter being in communication with open channels separating the support ribs 12*d*.

A beverage medium "M", typically roasted ground coffee, is loaded into chamber A, after which the lid 16 is sealed to the rim 12*c* of the container wall 12*b* (and to any overlapping sealed edge portions of the filter). When thus positioned, the lid has a first section 16*a* overlying chamber A, and a second section 16*b* overlying chamber B.

The outer container may be formed, typically by injection molding, from an impermeable heat sealable material.

The filter element 14 may be cut or blanked from any suitably pliable, permeable and yieldably piercable sheet material, a preferred example being cellulose polypropylene supplied by J. P. Crompton, Ltd. of Bury, Lancashire, England. The lid may be cut or blanked from any suitable impermeable heat sealable and yieldably piercable material, a preferred example being a metallic/polymer laminate supplied by Heat Seal-Winpak, Ltd. of Montreal, Canada. The lid has less resistance to being yieldably pierced as compared to the outer container, which may or may not be yieldably piercable.

During a brewing cycle, as shown in FIG. 5, the cartridge can be oriented vertically, and the lid 16 is pierced with one or more tubular infusion probes 22 to admit hot water under pressure into chamber A for infusion with the beverage medium M. The resultant beverage passes through the filer element 14 into the channels defined between the support ribs 12*d*. From here, the beverage flows downwardly into chamber B from which it is extracted by one or more tubular exit probes 24 which pierce the lid and filter element at a location overlying chamber B. The probes 22, 24 are oriented in the same direction to operate on one side of the cartridge, without piercing the outer container. The soluble beverage medium is completely soaked because the rate of hot water being injected into the container is greater than the outflow rate provided by the outlet probes, resulting in the second chamber B becoming filled with beverage extract and forcing the first chamber A to become completely filled with hot water.

Although not shown, it will be understood that the cartridge may be oriented in other ways than as illustrated in FIG. 5 before, during or after the brewing process.

A second embodiment of a beverage filter cartridge in accordance with the present invention if generally depicted at 30 in FIGS. 6–13. The cartridge components are illustrated separately in FIG. 7, and include an outer container 32, a planar filer element 34, and a lid 36.

The container 32 has a bottom wall 38, a front wall 40, a back wall 42, and side walls 44, 46. The front, back and sidewalls extend upwardly from the bottom wall to a peripheral rim 48 surrounding an upper opening 50.

The side walls 44, 46 are appropriately contoured to define generally V-shaped ledges 52 extending between the front and back walls 40, 42, with the lower portions of the ledges 52 being spaced above the container bottom 38. The bottom 38 is preferably contoured to provide an upwardly protruding centrally located boss 54. The back wall 42 is contoured and the upper rim 48 is recessed to provide a well 56 opening towards the interior of the container.

The filter element 34 has front and back edge regions 34*a*, 34*b*, and side edge regions 34*c*. The filter element is configured, dimensioned and operatively positioned to subdivide the interior of the container into first and second chambers "A", "B", with the well 56 opening into and forming part of chamber B. When the filter element is thus positioned, it will be understood that its side edge regions 34*c* are secured as by heat sealing to the ledges 52 of the side walls 44, 46, and the front and back edge regions 34*a*, 34*b* are similarly secured to the front and back walls 40, 42. Preferably, the bottom of the filter element is also secured as by heat sealing to the upwardly protruding boss 54.

A beverage medium "M" is received through the upper opening 50 and stored in the first chamber A. The upper opening is then closed by securing the lid 36, as by heat sealing, to the peripheral container rim 48.

The outer container may be formed from impermeable heat sealable materials, a preferred example being polyethylene/EVOH/polystyrene supplied by Curwood Flexible Packaging of Oshkosh, Wis., U.S.A.

The materials from which the filter element 34 and lid 36 are formed may be the same as those described previously for the filter element 14 and lid 16 of the first embodiment.

The lid 36 has a first section 36*a* overlying chamber A, and a second section 36*b* overlying the well 56.

As shown in FIG. 13, at the onset of a brewing cycle, the lid section 36*a* is pierced by one or more inlet probes 58, and the lid section 36*b* and underlying portion of the filter element are pierced by an outlet probe 60. The inlet probe admits heated liquid into chamber A for infusion with the beverage medium M, and the resulting brewed beverage passes through the filter element into chamber B from which it exits via the outlet probe 60.

It will thus be seen that in both embodiments, the outer container is not pierced. Rather, liquid communication is established with the separate chambers A, B by inlet and outlet probes operating from the same side of the cartridge to pierce different sections of the readily piercable lid.

Although the outer container and lid have been described as being formed from impermeable materials, it will be understood by those skilled in the art that, alternatively, permeable materials may be employed for one or both of these components. Where permeable materials are employed, the completed cartridges will preferably be subsequently enclosed, either individually or in batches, with impermeable wrappings. Materials for such wrappings are well known, and include for example EVOH films, aluminum foil, etc.

We claim:

1. A beverage filter cartridge comprising:

an outer container having an access opening:

a filter element received in and configured and arranged to subdivide the interior of said container into first and second chambers;

a soluble beverage medium stored in said first chamber; and

a lid closing said access opening, said lid having a first section overlying said first chamber and a second section overlying said second chamber, the first section of said lid being piercable to accommodate an inflow of liquid into said first chamber for infusion with the beverage medium to produce a beverage, said filter element being permeable to liquid to accommodate a flow of the beverage from said first chamber into said second chamber, and the second section of said lid being piercable to accommodate an outflow of the beverage from said second chamber to the exterior of said cartridge.

2. The beverage filter cartridge of claim 1 wherein said lid has less resistance to being pierced as compared to the resistance to piercing of said container.

3. The beverage filter cartridge of claim 1 wherein said filter element is piercable.

4. The beverage filter cartridge of claim 1 wherein a first section of said filter element coacts with interior surfaces of said container to define said first chamber, and a second section of said filter element underlies the second section of said lid.

5. The beverage filter cartridge of claim 1 wherein said container is provided with a flat rim surrounding and projecting outwardly from said access opening, and wherein edge segments of said filter element overlap and are heat sealed to segments of said rim.

6. The beverage filter cartridge of claim 4 wherein the second sections of both said lid and said filter element are piercable to accommodate the beverage outflow from said second chamber.



7. The beverage filter cartridge of claim 1 wherein said filter element comprises a planar sheet of permeable piercable material.

8. The beverage filter cartridge of claim 1 wherein said outer container is impermeable to liquids and gases.

9. The beverage filter cartridge of claim 1 or 8 wherein said lid is impermeable to liquids and gases.

10. A beverage filter cartridge comprising:

an outer container having a access opening;

a planar filter element received in and configured and arranged to subdivide the interior of said container into first and second chambers;

a soluble beverage medium stored in said first chamber; and

a lid closing said access opening, said lid and said outer container being impermeable to liquids and gases, said lid having first section overlying said first chamber and a second section overlying said second chamber, the first section of said lid being piercable to accommodate an inflow of liquid into said first chamber for infusion with the beverage medium to produce a beverage, said filter element being permeable to liquid to accommodate a flow of the beverage from said first chamber into said second chamber, and the and section of said lid being piercable to accommodate an outflow of the beverage from said second chamber to the exterior of said cartridge, said lid having less resistance to being pierced as compared to the resistance to piercing of said container.

* * * * *

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

KEURIG, INCORPORATED

**DEFENDANTS**

KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, and KRAFT FOODS INC.,

(b) County Of Residence Of First Listed Plaintiff: New Castle
(Except In U.S. Plaintiff Cases)

County Of Residence Of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys (Firm Name, Address, And Telephone Number)

John W. Shaw, Esquire (#3362)
Karen E. Keller, Esquire (#4489)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place An X In One Box For Plaintiff And One Box For Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in This State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. NATURE OF SUIT** (Place An X In One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL ROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 U.S.C. 881
☐ 630 Liquor Laws
☐ 640 R R & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl Ret Inc Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 U.S.C. 158
☐ 423 Withdrawal 28 U.S.C. 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 U.S.C. 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates, etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 U.S.C. 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTSE UNLESS DIVERSITY.):
35 U.S.C. § 101 et seq.

Brief description of cause:
Cause of action for patent infringement.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A UNDER F.R.C.P. 23 CLASS ACTION ☐ YES ☒ NO **DEMAND $**

Check YES only if demanded in complaint
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions) IF ANY JUDGE: DOCKET NUMBER:

DATE 1-10-07 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) **Attorneys.** Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-17

## ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF 4 COPIES OF AO FORM 85.

1/10/07
(Date forms issued)

[signature]
(Signature of Party or their Representative)

Hope Hall
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action