IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>) C. A. No. 07-17 (GMS)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

**KRAFT FOOD INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL**

In its Complaint filed January 10, 2007, Plaintiff Keurig, Incorporated ("Keurig") makes allegations collectively against all three defendants in this civil action. Defendant Kraft Foods Inc. ("Kraft"), by and through its undersigned counsel, hereby answers individually and only for itself the allegations of the Keurig's Complaint and asserts its defenses as follows:

## I. ANSWER

### THE PARTIES

1.    On information and belief, admitted.

2.    The allegations of Paragraph 2 are directed to a party other than Kraft, to which no answer is required. To the extent a response may be required, Kraft admits the allegations set forth in Paragraph 2 of the Complaint.

3.    The allegations of Paragraph 3 are directed to a party other than Kraft, to which no answer is required. To the extent a response may be required, Kraft admits that Tassimo Corporation is a Delaware corporation with a mailing address of P.O. Box 6361,

Dover, Delaware 19905 but Kraft denies that Tassimo Corporation is a subsidiary of Kraft Foods Inc.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. The allegations in Paragraph 7 of the Complaint require a legal conclusion and are directed at a party other than Kraft, and therefore no answer is required. To the extent a response may be required, Kraft admits that Kraft Foods Global, Inc. is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

8. The allegations in Paragraph 8 of the Complaint require a legal conclusion and are directed at a party other than Kraft, and therefore no answer is required. To the extent a response may be required, Kraft admits that Tassimo Corporation is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

9. Denied.

10. Kraft denies for itself that venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400. The remaining allegations of Paragraph 10 of the Complaint are directed to parties other than Kraft, to which no answer is required. To the extent a response may be required for the remaining allegations, on information and belief, Kraft admits that venue is proper with respect to Kraft Foods Global, Inc. and Tassimo Corporation.

## COUNT I

11. Kraft's answers to the allegations of the Complaint above are restated as though fully set forth herein.

12. Admitted that a copy of U.S. Patent No. 6,607,762 ("the '762 Patent") is attached to the Complaint as Exhibit A. Kraft lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13. Kraft denies that it sells beverage filter cartridges under the trademark TASSIMO® or beverage filter cartridges "commonly referred to as T DISCs." The remaining allegations of Paragraph 13 of the Complaint are directed to parties other than Kraft, to which no answer is required. To the extent a response may be required for the remaining allegations, Kraft admits that Kraft Foods Global, Inc. and Tassimo Corporation sell beverage media, including, but not limited to, coffee, in beverage filter cartridges under the registered trademarks TASSIMO® and T-DISC®.

14. Denies.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

## RELIEF REQUESTED

A-G. Kraft denies that Keurig is entitled to any relief, including the relief requested in paragraphs (A) through (G) of the Complaint. Accordingly, Keurig's prayer for relief should be denied in its entirety and with prejudice, and Keurig should take nothing therefore.

## II. DEFENSES

### First Defense

19. The Court lacks personal jurisdiction over Kraft in this civil action.

### Second Defense

20. Venue is not proper under 28 U.S.C. §§ 1391, 1400 with regard to Kraft in this judicial district.

### Third Defense

21. Kraft has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '762 Patent.

### Fourth Defense

22. One or more claims of the '762 Patent are invalid because they fail to satisfy at least one of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

### Fifth Defense

23. Keurig is barred from recovering damages prior to the filing of this action for failure to satisfy the marking requirement of 35 U.S.C. § 287(a).

### Additional Defenses

24. There may be additional defenses to the cause of action alleged by Keurig that are currently unknown to Kraft. Therefore, Kraft reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

### Exceptional Case

25. This is an exceptional case under 35 U.S.C. § 285 and, as such, Kraft is entitled to recover from Keurig, Kraft's attorneys' fees and costs incurred in connection with this action.

### Demand for Jury

26. Kraft hereby demands a trial by jury as to all fact issues in this civil action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel. 202-639-7700

Dated: February 28, 2007

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: 302-984-6169
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Kraft Foods Inc.*

780354 / 31118

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on February 28, 2007, the attached document was hand delivered on the following person and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391

I hereby certify that on February 28, 2007, I have Electronically Mailed the documents to the following:

Michael A. Albert
Michael N. Rader
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com

By: /s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

775701 / 31118