## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEURIG, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-17 (GMS) |
| | ) | |
| KRAFT FOODS GLOBAL, INC., | ) | **JURY TRIAL DEMANDED** |
| TASSIMO CORPORATION, and | ) | |
| KRAFT FOODS INC., | ) | |
| | ) | |
| Defendants | ) | |

## KRAFT FOOD GLOBAL, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

In its Complaint filed January 10, 2007, Plaintiff Keurig, Incorporated ("Keurig") makes allegations collectively against all three defendants in this civil action. Defendant Kraft Foods Global, Inc. ("KFG"), by and through its undersigned counsel, hereby answers individually and only for itself the allegations of the Keurig's Complaint and asserts its defenses and counterclaims as follows:

### I. ANSWER

### THE PARTIES

1.     On information and belief, admitted.

2.     Admitted.

3.     The allegations of Paragraph 3 are directed to a party other than KFG, to which no answer is required. To the extent a response may be required, KFG admits that Tassimo Corporation is a Delaware corporation with a mailing address of P.O. Box 6361, Dover, Delaware 19905 but KFG denies that Tassimo Corporation is a subsidiary of Kraft Foods Inc.

4.    The allegations of Paragraph 4 are directed to a party other than KFG, to which no answer is required. To the extent a response may be required, KFG admits the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.    Admitted.

6.    Admitted.

7.    Admitted that KFG is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement. The remaining allegation of Paragraph 7 of the Complaint requires a legal conclusion concerning which no answer is required.

8.    The allegations in Paragraph 8 of the Complaint require a legal conclusion and are directed at a party other than KFG, and therefore no answer is required. To the extent a response may be required, KFG admits that Tassimo Corporation is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

9.    The allegations in Paragraph 9 of the Complaint require a legal conclusion and are directed at a party other than KFG, and therefore no answer is required. To the extent a response may be required, on information and belief, KFG denies that Kraft Foods Inc. has business contacts with this judicial district, including the sale of products that are accused of infringement.

10.    KFG admits for itself that venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400. The remaining allegations of Paragraph 10 of the Complaint are directed to parties other than KFG, to which no answer is required. To the extent a response may be required for the remaining allegations, KFG admits that venue is proper

2

with respect to Tassimo Corporation but KFG denies venue is proper with respect to Kraft Foods Inc.

## COUNT I

11.    KFG's answers to the allegations of the Complaint above are restated as though fully set forth herein.

12.    Admitted that a copy of U.S. Patent No. 6,607,762 ("the '762 Patent") is attached to the Complaint as Exhibit A.  KFG lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.    Admitted that KFG sells beverage media, including, but not limited to, coffee, in beverage filter cartridges under the registered trademark TASSIMO® and that such cartridges are sometimes referred to as T DISC® beverage filter cartridges or T DISC® cartridges, under the registered T DISC® trademark.  KFG denies that the beverage filter cartridges it sells are "commonly referred to as T DISCs."  The remaining allegations of Paragraph 13 of the Complaint are directed to parties other than KFG, to which no answer is required.  To the extent a response may be required for the remaining allegations, KFG admits that Tassimo Corporation sells beverage filter cartridges under the trademarks TASSIMO® and T DISC® but Tassimo denies that Kraft Foods Inc. sells beverage filter cartridges under the trademarks TASSIMO® and T DISC®.

14.    Denies.

15.    Denies.

16.    Denies.

17.    Denies.

18.    Denies.

3

**RELIEF REQUESTED**

A-G.    KFG denies that Keurig is entitled to any relief, including the relief requested in paragraphs (A) through (G) of the Complaint.  Accordingly, Keurig's prayer for relief should be denied in its entirety and with prejudice, and Keurig should take nothing therefore.

## II.  DEFENSES

### First Defense

19.    KFG has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '762 Patent.

### Second Defense

20.    One or more claims of the '762 Patent are invalid because they fail to satisfy at least one of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

### Third Defense

21.    Keurig is barred from recovering damages prior to the filing of this action for failure to satisfy the marking requirement of 35 U.S.C. § 287(a).

### Additional Defenses

22.    There may be additional defenses to the cause of action alleged by Keurig that are currently unknown to KFG.  Therefore, KFG reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

**Exceptional Case**

23.    This is an exceptional case under 35 U.S.C. § 285 and, as such, KFG is entitled to recover from Keurig, KFG's attorneys' fees and costs incurred in connection with this action.

**Demand for Jury**

24.    KFG hereby demands a trial by jury as to all fact issues in this civil action.

### III.    COUNTERCLAIMS

### PARTIES

25.    Counterclaimant Kraft Global Foods, Inc., is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 1250 W. North Street, Dover, Delaware 19904.

26.    On information and belief, counterclaim defendant Keurig, Incorporated is a corporation organized and existing under the laws of the State of Delaware with a place of business at 101 Edgewater Drive, Wakefield, Massachusetts 01880.

### JURISDICTION AND VENUE

27.    The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Act, 28 U.S.C. §§ 2201 and 2202, the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

28.    Venue is proper in this Court under 28 U.S.C. § 1391.

## COUNT I - DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

29.    Based on the filing by Keurig of this civil action and KFG's defenses, an actual controversy has arisen and now exists between the parties as to whether or not KFG has infringed any valid claim of the '762 Patent.

30.    In its Complaint, Keurig contends that it is the owner of the '762 Patent.

31.    Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, KFG requests a declaration from the Court that KFG has not infringed any valid claim of the '762 Patent, either literally or under the doctrine of equivalents.

## COUNT TWO - DECLARATORY RELIEF REGARDING INVALIDITY

32.    Based on the filing by Keurig of this civil action and KFG's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '762 Patent.

33.    In its Complaint, Keurig contends that it is the owner of the '762 Patent.

34.    Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, KFG requests a declaration from the Court that one or more claims of the '762 Patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*, including, but not limited to, at least one of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### IV.  EXCEPTIONAL CASE

35.    This is an exceptional case under 35 U.S.C. § 285 and, as such, KFG is entitled to recover its attorneys' fees and costs, incurred in connection with this action, from Keurig.

## V. **DEMAND FOR JURY**

36.     Pursuant to Fed. R. Civ. P. 28, KFG hereby demands a trial by jury as to

all fact issues in this civil action.


Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz                          By:  */s/ Richard L. Horwitz*
William S. Foster, Jr.                         Richard L. Horwitz (#2246)
C. John Brown                                  David E. Moore (#3983)
BAKER BOTTS L.L.P.                             Hercules Plaza, 6th Floor
1299 Pennsylvania Ave., N.W.                   1313 North Market Street
Washington, D.C. 20004-2400                    P.O. Box 951
Tel. 202-639-7700                              Wilmington, DE  19899-0951
                                               Tel: 302-984-6169
Dated:  February 28, 2007                      rhorwitz@potteranderson.com
                                               dmoore@potteranderson.com

                                          *Attorneys for Defendant*
780355 / 31118                            *Kraft Foods Global, Inc.*

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on February 28, 2007, the attached

document was hand delivered on the following person and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification to the registered

attorney(s) of record that the document has been filed and is available for viewing and

downloading.

Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

I hereby certify that on February 28, 2007, I have Electronically Mailed the

documents to the following:

Michael A. Albert
Michael N. Rader
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com

By: /s/ Richard L. Horwitz
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

775701 / 31118