IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>Defendants. | Civil Action No. 07-017 (GMS)<br><br>**JURY TRIAL DEMANDED** |

## KEURIG, INC.'S REPLY TO KRAFT FOODS GLOBAL, INC.'S COUNTERCLAIMS

Plaintiff, Keurig, Incorporated ("Keurig"), responds to the numbered paragraphs of the Counterclaims of Defendant, Kraft Foods Global, Inc. ("KFG"):

### PARTIES

25.   Admits.

26.   Admits.

### JURISDICTION AND VENUE

27.   Admits that the counterclaims purport to be for declaratory judgment of patent non-infringement and patent invalidity and admits that jurisdiction is proper.

28.   Admits that venue is proper.

### COUNT I – DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

29.   Admits.

30.   Admits.

31.  Denies that KFG is entitled to a declaration that KFG has not infringed any valid claims of the '762 Patent.

## COUNT TWO – DECLARATORY RELIEF REGARDING INVALIDITY

32.  Admits.

33.  Admits.

34.  Denies that KFG is entitled to a declaration the one or more claims of the '762 Patent are invalid for failure to comply with one or more provisions of the patent laws, 35 U.S.C. § 100 *et seq.*

## EXCEPTIONAL CASE

35.  Admits that the case is exceptional such that Keurig should be awarded attorney fees under 35 U.S.C. § 285, but otherwise, denies.

36.  No response required. Keurig has also demanded a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

KFG's counterclaims fail to state a claim upon which relief can be granted.

### Additional Defenses

There may be additional defenses to the counterclaims alleged by KFG that are not currently known by Keurig. Therefore, Keurig reserves the right to allege additional defenses if discovery reveals such defenses are appropriate.

**WHEREFORE, Keurig respectfully requests that:**

(a) KFG's counterclaims be denied or dismissed;

(b) Keurig be awarded its costs and reasonable attorneys' fees in connection therewith pursuant to applicable law; and

(c) the Court award Keurig such other and further relief as may be just and proper.

                                    Respectfully submitted,

OF COUNSEL:

Michael A. Albert  
malbert@wolfgreenfield.com  
Michael N. Rader  
mrader@wolfgreenfield.com  
WOLF, GREENFIELD & SACKS, P.C.  
600 Atlantic Ave.  
Boston, MA 02210  
(617) 646-8000  

John W. Shaw (No. 3362)  
jshaw@ycst.com  
Karen E. Keller (No. 4489)  
kkeller@ycst.com  
YOUNG CONAWAY STARGATT & TAYLOR, LLP  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, DE 19801  
(302) 571-6600  

Dated: March 20, 2007

*Attorneys for Plaintiff Keurig, Incorporated*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on March 20, 2007, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard L. Horwitz, Esquire
>David E. Moore, Esquire
>Potter Anderson & Corroon LLP
>Hercules Plaza
>1313 North Market Street, 6th Floor
>Wilmington, Delaware 19801

Additionally, I hereby certify that on March 20, 2007, copies of the foregoing document were served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

### BY FEDERAL EXPRESS

>David Schlitz, Esquire
>Baker Botts L.L.P
>The Warner
>1299 Pennsylvania Ave., NW
>Washington, D.C. 20004-2400.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Karen E. Keller
>Karen E. Keller (No. 4489)
>kkeller@ycst.com
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>302-571-6600
>
>*Attorneys for Plaintiff Keurig, Incorporated*