IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>Defendants. | Civil Action No. 07-017-GMS |

## JOINT STATUS REPORT

Pursuant, Fed. R. Civ. P. 16, D. Del. L.R. 16.2, and the Court's Notice of Scheduling Conference, the parties, by and through their undersigned counsel, jointly submit this Status Report. Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by Fed. R. Civ. P. 26(f) on June 5, 2007 and June 7, 2007. Michael Rader of Wolf, Greenfield & Sacks, P.C. and Karen Keller of Young Conaway Stargatt & Taylor, LLP participated on behalf of the Plaintiff Keurig, Incorporated ("Keurig") and Richard Horwitz of Potter Anderson and Corroon LLP and David Schlitz of Baker Botts LLP participated on behalf of Defendants.

**1.    Jurisdiction and Service**

The parties agree that the Court has subject-matter jurisdiction over Keurig's claims and Defendants' counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202. Tassimo Corporation ("Tassimo") and Kraft Foods Global, Inc. ("Global") agree that the Court has personal jurisdiction over them. Kraft Foods Inc. ("Kraft") contends that the Court lacks personal jurisdiction over it. All Defendants have been served.

2.  **Substance of the Action**

Keurig alleges that Global, Tassimo, and Kraft willfully infringe one or more claims of United States Patent No. 6,607,762 ("the '762 patent") assigned to Keurig, which is directed to a beverage filter cartridge. The Complaint alleges that Defendants' products infringe one or more claims of the '762 patent. (Complaint ¶¶ 14-15.) The inventors of the '762 patent (the "Inventors") are not parties to this lawsuit.

Tassimo, Global and Kraft deny that they infringe the '762 patent. Defendants also deny any willful infringement of the '762 patent. Defendants further defend that the claims of the '762 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112. Defendants further defend that Keurig is barred from recovering damages prior to the filing of the action due to failure to satisfy the marking requirements of 35 U.S.C. § 287(a).

Kraft further defends that, as to it, the Court lacks personal jurisdiction and venue is improper.

Tassimo and Global counterclaim for a declaratory judgment that the claims of the '762 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112 and that they do not infringe any valid claim of the '762 patent.

3.  **Identification of Issues**

To the extent known and understood at this early stage of the proceedings, the principal factual and legal issues in dispute in the above-captioned case are typical of those in most patent cases and include the following:

    (a)    Infringement of one or more claims of the patent-in-suit;

    (b)    Willful infringement of one or more claims of the patent in suit;

    (c)    Validity of the claims of the patent in suit;

    (d)    The amount of damages, if any, should one or more of the Defendants be found liable for infringement;

    (f)    Injunctive relief should one or more of the Defendants be found liable for infringement;

    (g)    Determination of whether this is an "exceptional case" warranting attorneys' fees and costs.

### 4. Narrowing of Issues

The parties are hopeful that they will be able to narrow the issues through discovery as the case progresses, possibly by way of stipulation or by requesting permission to file summary judgment motions. Defendants believe that this case can be decided on summary judgment following the Court's claim construction and request that the schedule permit the parties to submit a letter to the Court within ten days of receipt of the Court's claim construction order requesting permission to file a motion for summary judgment.

### 5. Relief

Keurig seeks: (1) a judgment declaring that Defendants have infringed the '762 patent; (2) a preliminary and permanent injunction enjoining Defendants and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns and all those acting for them or on their behalf or acting in concert or privity with them, from committing further infringement of the '762 patent; (3) compensatory damages in an amount according to the proof at trial; (4) an award of treble damages for Defendants' willful infringement; (5) exemplary damages as permitted by Federal statute, and attorney fees, costs, and expenses in this action under 35 U.S.C. § 285 or other applicable law; (6) pre- and post-judgment interest; and (7) an award of any further and additional relief as the Court deems just and proper. Keurig further states that it is unable to calculate an exact monetary demand at this time, before obtaining discovery from Defendants.

Tassimo and Global seek a declaratory judgment (1) that the claims of the '762 patent are invalid; and (2) that they have not infringed '762 patent.

All Defendants seek a finding that this is an exceptional case under 35 U.S.C. § 285 and awarding them their attorney fees and costs incurred in this action.

### 6. Amendment of the Pleadings

The parties cannot yet assess the likelihood that they will need to seek to amend the pleadings in this action, but they respectfully seek to reserve the right to file motions to amend the pleadings within the deadlines set forth in the proposed dates.

### 7. Joinder of Parties

The parties cannot yet assess the likelihood that they will need to seek to join parties in this action, but they respectfully seek to reserve the right to file motions to join parties within the deadlines set forth in the proposed dates.

### 8. Discovery Contemplated by the Parties

Plaintiff contemplates discovery related to the infringement issues in this case, which will likely be directed to the manufacture, design, specifications, structures, and other physical properties of Defendants' T-DISC® products. Discovery on these issues will likely be directed to Defendants and possibly to third parties.

Plaintfiff also contemplates discovery related to claim construction in this case, which will likely be directed to identification of any claim terms in dispute, an exchange of the parties' position on the meaning of the claim terms, and production of any evidence supporting each of the parties' proposed constructions. Discovery on these issues will likely be directed to Keurig, Defendants, and possibly to third parties and the inventors.

Furthermore, Plaintiff contemplates discovery related to the damages issues in this case, which will likely be directed to the sales of Defendants' products which, absent the infringement, would have been made by Keurig instead of the Defendants. In addition, discovery will include: marketing and sales data for Defendants' products, Defendants' revenues and profits from such sales, the parties' licensing experience, and interactions between the parties. Discovery on these issues will likely be directed to Defendants.

Defendants seek discovery of the bases of Keurig's claims in its Complaint, including infringement and willful infringement.

Defendants seek discovery related to patent validity issues in the case. This discovery will be directed to conception and reduction to practice of the alleged invention by the inventors, the first disclosure, publication, offer for sale and/or sale, and/or public use of the inventions claimed in the Patent-In-Suit; and any indicia of non-obviousness; prosecution of the patent at issue, the identity and substance of any prior art, the inventors' and/or third parties' prior art activities, and the transfers of ownership. Such discovery will be directed at Keurig, the inventors, the prosecuting firm and possibly other third parties.

Defendants intend to conduct discovery relating to inequitable conduct. Such discovery will be directed at Keurig, the inventors, the prosecuting firm and possibly other third parties.

Defendants intend to conduct discovery regarding marking of products by Keurig and/or its licensees.

Defendants will conduct discovery regarding the bases and details of Keurig's damages claims and information relating thereto.

Finally, Defendants seek discovery regarding the bases for Keurig's claim of irreparable harm and the bases for its request for a permanent injunction.

The parties propose that the limit on the number of interrogatories be 30, that the number of depositions be 13 and that all other limits on discovery imposed by the Fed. R. Civ. P. are adequate for this case, with the exception that expert depositions shall not count toward the 13-deposition limit. With regard to Rule 30(b)(6) depositions, each 7 hours of deposition time shall constitute 1 deposition.

Subject to the Court's calendar and approval, the parties agree on the following aspects of the case schedule (set forth in more detail in the proposed scheduling order):

| Event | Date |
| --- | --- |
| **Fact Discovery** | |
| Exchange of Initial Disclosures (including identification by Keurig of asserted claims) | July 6, 2007 |
| Service of plaintiff's infringement claim chart | July 27, 2007 |
| Service of defendants' non-infringement claim chart | August 10, 2007 |
| Service of defendants' prior art statement | August 10, 2007 |
| Service of plaintiff's response to defendants' prior art statement | August 31, 2007 |
| Motion to amend pleadings | August 6, 2007, except for motions to amend to add an inequitable conduct defense and/or counterclaim, which must be filed 30 days before the close of fact discovery. |
| Motion to join additional parties | August 6, 2007 |
| Notice of reliance on advice of counsel as a defense to willful infringement, production of opinions of counsel, and production of all related materials | 10 days after the Court's *Markman* ruling |
| Completion of fact discovery | 45 days after the Court's *Markman* ruling[1] |
| **Expert Discovery** | |
| Opening expert reports (burden of proof) | 60 days after the Court's *Markman* ruling |
| Answering expert reports | 90 days after the Court's *Markman* ruling |
| Completion of expert discovery | 120 days after the Court's *Markman* ruling |
| **Dispositive Motions** | |
| Filing opening letter requests | A party wishing to file a summary judgment |

---

[1] Were the Court to adopt the *Markman* procedure requested by Defendants, Plaintiff would request a longer time period for completion of fact discovery after the *Markman* ruling.

| | |
|---|---|
| | motion shall file a letter with the Court requesting permission to do so. The parties may file an early opening letter request 10 days after the Court's *Markman* ruling or a regular opening letter request 105 days after the Court's *Markman* ruling. |
| Procedure following opening letter requests | Responsive letters shall be filed within five business days. A reply letter may be filed within three business days. The Court will conduct a telephone conference. If the Court notifies a party that it may file a motion for summary judgment, the opening brief shall be filed two weeks after such notice, with subsequent briefing pursuant to the local rules. |

The parties disagree on the following aspects of the schedule:

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| *Markman* **Proceedings** | | |
| Exchange list of claim terms that each party contents should be construed by the Court | November 1, 2007 | September 3, 2007 |
| Exchange proposed constructions of the disputed terms, and any | November 15, 2007 | September 17, 2007 |
| Submission of joint claim construction chart | December 3, 2007 | October 1, 2007 |
| *Markman* Briefs | **Opening:** January 14, 2008<br>**Rebuttal:** February 14, 2008 | **Opening:** October 15, 2007<br>**Rebuttal:** October 29, 2007 |
| *Markman* Hearing | March ___, 2008 | November ___, 2007 |
| **Pre-Trial Conference** | November ___, 2008 | September ___, 2008 |
| **Trial** | December ___, 2008 | October ___, 2008 |

9. **Estimated Trial Length**

Plaintiff believes that because the trial will include patent infringement, validity, and damages issues, the case will take approximately 7-10 days to try.

Defendants believe the case will take no more than 5 days to try.

10. **Jury**

The parties have demanded a trial by jury on all issues so triable.

11. **Settlement**

The parties, through their attorneys, have informally discussed settlement pursuant to D. Del. L.R. 16.2(d). The parties would be open to considering whether further settlement discussion would be productive after further discovery.

12. **Statement of Counsel**

Counsel for the parties has conferred regarding each of the above matters.

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| /s/ Karen E. Keller<br>John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801<br>(302) 571-6600<br>kkeller@ycst.com<br><br>*Attorneys for Plaintiff Keurig, Incorporated* | /s/ Richard L. Horwitz<br>Richard L. Horwitz (No. 2246)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE  19801<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br><br>*Attorneys for Tassimo Corporation, Kraft Foods Global, Inc. and Kraft Foods Inc.* |