IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>　　　　　　Defendants | )<br>)<br>)<br>)<br>)　**Civil Action No. 07-017-GMS**<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

This ____ day of _____, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on July 2, 2007 and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration; IT IS ORDERED that:

　　　1.　　**Rule 26(a) Initial Disclosures.** The parties shall make their initial disclosures pursuant to Federal Rule of Civil procedure 26(a) on or before July 6, 2007.

　　　2.　　**Plaintiff's Infringement Contentions.** Plaintiff shall serve upon Defendants its infringement claim chart on or before July 27, 2007. Said infringement claims chart shall specify:

　　　　　　(a)　　Each claim of the patent-in-suit that Plaintiff is asserting against Defendants' products;

　　　　　　(b)　　Separately for each asserted claim, each accused product ("Accused Product") of which Plaintiff is aware. Each Accused Product shall be identified by name or model number, if known;

(c)     A chart identifying specifically where each element of each asserted claim is found within each Accused Product, including for each element that Plaintiff contends is governed by 35 U.S.C. §112(6), the identity of the structure(s) in the accused Product that performs the claimed function;

(d)     Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Product.

3.      **Defendants' Invalidity Contentions.** Defendants shall serve upon Plaintiff their invalidity claim charts on or before August 10, 2007. Said invalidity charts shall specify:

(a)     The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, date issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publication. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made use or which made or received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. §102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. §102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicants;

(b)     Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination must be identified;

    (c)    A chart specifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that Defendants contend is governed by 35 U.S.C. §112(6), the identity of the structure(s) that perform the claimed functions;

    (d)    Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. §112(1) of any of the asserted claims, including the factual and legal basis for such invalidity contentions.

4.    **<u>Defendants' Non-Infringement Contentions.</u>**  Defendants shall serve upon Plaintiff its non-infringement claim charts on or before August 10, 2007. Said charts shall specify:

    (a)    Which element(s) of each asserted claim is not found in each Accused Product, either literally or under the doctrine of equivalence.

5.    **<u>Plaintiff's Invalidity Response.</u>**  Plaintiff shall serve upon Defendants on or before August 31, 2007 its response to Defendants' invalidity charts. Said response shall specify:

    (a)    With regard to each prior art publication that Defendants contend anticipates an asserted claim, what element(s) Plaintiff contends is not taught or disclosed in the publication. And for each combination of prior art publications that Defendants contend render an asserted claim obvious, what element(s) Plaintiff contends is not taught or disclosed in the publications;

    (b)    With regard to prior art under 35 U.S.C. § 102(b), 102(f) and 102(g), the legal and factual basis for Plaintiff contending that it does not invalidate the asserted claim(s), to the extent that Plaintiff has such factual knowledge.

(c)     With regard to any contention by Defendants that a claim(s) is invalid based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. §112(1), the factual and legal basis for Plaintiff's refutation.

6.     **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before August 6, 2007, except for motion to amend to add an inequitable conduct defense and/or counterclaim, which must be filed by _____ [thirty (30) days before the close of factual discovery].

7.     **Reliance Upon Advice of Counsel.** Defendants shall inform Plaintiff whether they intend to reply upon advice of counsel as a defense to willful infringement no later than _____ [ten (10) days after the Court's *Markman* ruling, which for scheduling purposes the parties consider will be issued thirty (30) days after the *Markman* hearing]. If Defendants elect to rely on advice of counsel as a defense to willful infringement, Defendants shall produce such opinions on which Defendants intend to reply to Plaintiff no later than _____ [ten (10) days after the Court's *Markman* ruling].

8.     ***Markman* Claim Construction Hearing.** A *Markman* claim construction hearing shall be held on _____ [Plaintiff's position: March ___, 2008; Defendants' position: November ___, 2007]. The *Markman* hearing is scheduled for a total of four (4) hours with each side having two (2) hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before _____ [Plaintiff's position: December 3, 2007; Defendants' position: October 1, 2007], the parties shall submit a final joint claim chart which shall include citations to intrinsic and extrinsic evidence on which the parties intend to rely in their briefs. The parties shall exchange opening claim construction briefs on _____ [Plaintiff's position: January 14, 2008;

Defendants' position: October 15, 2007], and the answering claim construction briefs on _____ [Plaintiff's position: February 14, 2008; Defendants' position: October 29, 2007].

9. **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before _____ [forty-five (45) days after the Court's *Markman* ruling.[1]] The parties shall exchange opening expert reports on issues for which they bear the burden of proof on or before _____ [sixty (60) days after the Court's *Markman* ruling], and answering expert reports on or before _____ [ninety (90) days after the Court's *Markman* ruling]. All expert discovery shall be completed on or before _____ [one hundred twenty (120) days after the Court's *Markman* ruling].

(a) Discovery Matters. Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the parties shall file with the court a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issues in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.

---

[1] Were the Court to adopt the *Markman* procedure requested by Defendants, Plaintiff would request a longer time period for completion of fact discovery after the *Markman* ruling.

The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

10. <u>**Confidential Information and Papers Filed Under Seal.**</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this order.  When filing papers under seal, counsel should deliver to the Clerk an original and two (2) copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

11. <u>**Settlement Conference.**</u> Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possible of a settlement.  If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

12. <u>**Summary Judgment Motions.**</u> Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages.  Answering letter briefs shall be mo longer than five (5) pages and filed with the Court no later than five (5) business days after receipt of the opening letter brief.  Reply briefs shall be no longer than three (3) pages and filed with the Court within three business (3) days of receipt of a reply brief.  The Court shall hold a status conference to hear argument and to determine whether the filing of any motion will be permitted.

(a) <u>Early Summary Judgment</u>. A party requesting permission to file for early summary judgment shall file with the Court an opening letter brief, no later than ten (10) days after the Court issues its *Markman* ruling.

(b) <u>Regular Summary Judgment</u>. Those parties that do not file for early summary judgment may seek to file for summary judgment no later than _____ [one hundred and five (105) days after receipt of the Court's *Markman* ruling].

13. **Case Dispositive Motions.** Should the Court permit the filing of summary judgment motions, an opening brief and affidavits, if any, in support of the motion, they shall be served and filed as follows: Parties must submit an original and two (2) copies. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for approval.

14. **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

16. **Status/Daubert Conference.** On or before _____, the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. The Court will hold a telephone conference on _____ to discuss Daubert issues identified in the joint agenda.

17.     **Pretrial Conference.** On _____ [Plaintiff's proposal: November ____, 2008; Defendants' proposal: September ____, 2007], the Court will hold a Pretrial Conference in Chambers with counsel beginning at _____ a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, Plaintiff's counsel shall forward to Defendants' counsel a draft of the pretrial order containing the information Plaintiff proposes to include in the draft. Defendants' counsel shall, in turn, provide to Plaintiff's counsel any comments on the Plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than five (5) motions *in limine*. Briefs (opening, answering and reply) on all motions in limine shall be filed by _____. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____.

18.     **Trial.** This matter is scheduled for a ____ day [Plaintiff's proposal: 7-10 days; Defendants' proposal: 5 days] trial beginning at _____ a.m. on _____ [Plaintiff's proposal: December ____, 2008; Defendants' proposal: October ____, 2008].

19.     **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE