IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-017-GMS |
| | ) |
| KRAFT FOODS GLOBAL, INC., | ) |
| TASSIMO CORPORATION, and | ) |
| KRAFT FOODS INC., | ) |
| | ) |
| Defendants. | ) |

## SCHEDULING ORDER

This ___ day of July, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on July 2, 2007 and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration; IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before July 6, 2007.

2. **Plaintiff's Infringement Contentions.** Plaintiff shall serve upon Defendants its infringement claim chart on or before July 27, 2007. Said infringement claim chart shall specify:

   (a)  Each claim of the patent-in-suit that Plaintiff is asserting against Defendants' products;

   (b)  Separately for each asserted claim, each accused product ("Accused Product") of which Plaintiff is aware. Each Accused Product shall be identified by name or model number, if known;

(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Product, including for each element that Plaintiff contends is governed by 35 U.S.C. §112(6), the identity of the structure(s) in the Accused Product that performs the claimed function;

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Product.

3. **Defendants' Invalidity Contentions.** Defendants shall serve upon Plaintiff their invalidity claim charts on or before August 10, 2007. Said invalidity charts shall specify:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publication. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made use or which made or received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. §102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. §102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicants;

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination must be identified;

(c) A chart specifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that Defendants contend is governed by 35 U.S.C. §112(6), the identity of the structure(s) that perform the claimed functions;

(d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. §112(1) of any of the asserted claims, including the factual and legal basis for such invalidity contentions.

4. **Defendants' Non-Infringement Contentions.** Defendants shall serve upon Plaintiff its non-infringement claim charts on or before August 10, 2007. Said charts shall specify:

(a) Which element(s) of each asserted claim is not found in each Accused Product, either literally or under the doctrine of equivalence.

5. **Plaintiff's Invalidity Response.** Plaintiff shall serve upon Defendants on or before August 31, 2007 its response to Defendants' invalidity charts. Said response shall specify:

(a) With regard to each prior art publication that Defendants contend anticipates an asserted claim, what element(s) Plaintiff contends is not taught or disclosed in the publication. And for each combination of prior art publications that Defendants contend render an asserted claim obvious, what element(s) Plaintiff contends is not taught or disclosed in the publications;

(b) With regard to prior art under 35 U.S.C. § 102(b), 102(f) and 102(g), the legal and factual basis for Plaintiff contending that it does not invalidate the asserted claim(s), to the extent that Plaintiff has such factual knowledge.

(c) With regard to any contention by Defendants that a claim(s) is invalid based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. §112(1), the factual and legal basis for Plaintiff's refutation.

6. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before August 6, 2007, except for a motion to amend to add an inequitable conduct defense and/or counterclaim, which must be filed by February 29, 2008.

7. **Reliance Upon Advice of Counsel.** Defendants shall inform Plaintiff whether they intend to reply upon advice of counsel as a defense to willful infringement no later than January 14, 2008. If Defendants elect to rely on advice of counsel as a defense to willful infringement, Defendants shall produce such opinions on which Defendants intend to rely to Plaintiff no later than January 14, 2008.

8. ***Markman* Claim Construction Hearing.** A *Markman* claim construction hearing shall be held on December 3, 2007 at 9:30 a.m. The *Markman* hearing is scheduled for a total of four (4) hours with each side having two (2) hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before October 8, 2007, the parties shall submit a final joint claim chart which shall include citations to intrinsic and extrinsic evidence on which the parties intend to rely in their briefs. The plaintiff shall submit to the court, Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering

claim construction briefs. The parties shall exchange opening claim construction briefs on October 15, 2007, and the answering claim construction briefs on November 5, 2007.

Upon a showing of good cause, Plaintiff may move on or before February 5, 2008 via a 5 page letter brief to reopen the *Markman* process. Should Plaintiff make such a motion, Defendants shall respond in a letter brief not to exceed 5 pages on or before February 19, 2008, Plaintiff may file a reply letter brief not to exceed 3 pages on or before February 26, 2008, and the Court shall hold a teleconference on March 4, 2008 at 9:30 a.m. to determine whether to reopen the *Markman* process.

9.  **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before April 1, 2008. The parties shall exchange opening expert reports on issues for which they bear the burden of proof on or before February 1, 2008, and answering expert reports on or before March 3, 2008. All expert discovery shall be completed on or before April 1, 2008.

(a)  <u>Discovery Matters</u>. Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the parties shall file with the court a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issues in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of

exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

10. <u>**Confidential Information and Papers Filed Under Seal.**</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two (2) copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

11. <u>**Settlement Conference.**</u> Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possible of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

12. <u>**Summary Judgment Motions.**</u> Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than five (5) business days after receipt of the opening letter brief. Reply briefs shall be no longer than three (3) pages and filed with the Court within three business (3) days of receipt of a reply brief. With respect to the regular summary judgment

period, the Court shall hold a status teleconference on April 28, 2008 at 9:30 a.m. to hear argument and to determine whether the filing of any motion will be permitted.

    (a)    <u>Early Summary Judgment</u>. A party requesting permission to file for early summary judgment, shall file with the Court an opening letter brief no later than ten (10) days after the Court issues its *Markman* ruling. Briefing shall thereafter proceed as set forth above. If a party requests permission to file for early summary judgment under this sub-paragraph, the requesting party shall not be permitted to request permission to file a motion for summary judgment as set forth in sub-paragraph (b) below.

    (b)    <u>Regular Summary Judgment</u>. Those parties that do not file for early summary judgment may seek to file for summary judgment on April 9, 2008. Responsive letter briefs would be due on April 16, 2008, with reply letter briefs due on April 21, 2008.

13.    **Case Dispositive Motions.** Should the Court permit the filing of summary judgment motions, an opening brief and affidavits, if any, in support of the motion, they shall be served and filed as follows: Parties must submit an original and two (2) copies 10 days after the Court decides to permit the filing of a motion for summary judgment. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for approval.

14.    **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

16. **Daubert Issues.** The Court will address Daubert issues at the Pretrial Conference.

17. **Pretrial Conference.** On September 22, 2008, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, Plaintiff's counsel shall forward to Defendants' counsel a draft of the pretrial order containing the information Plaintiff proposes to include in the draft. Defendants' counsel shall, in turn, provide to Plaintiff's counsel any comments on the Plaintiff's draft as well as the information Defendants propose to include in the proposed pretrial order. Motions *in limine*: No party shall file more than five (5) motions *in limine*. Briefs (opening, answering and reply) on all motions *in limine* shall be filed by August 25, 2008, at 4:30 p.m. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before August 25, 2008, at 4:30 p.m.

18. **Trial.** This matter is scheduled for a 7 day jury trial beginning at 9:00 a.m. on October 20, 2008.

19. **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
United States District Judge