IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, and KRAFT FOODS INC.,<br><br>Defendants. | Civil Action No. 07-017 (GMS) |

**FINAL JOINT CLAIM CONSTRUCTION CHART**

Pursuant to Paragraph 8 of the Court's Scheduling Order (D.I. 34) in the above-captioned action, the parties submit the following Joint Claim Construction Chart for U.S. Patent No. 6,607,762 (the "'762 Patent") asserted by Keurig, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEURIG, INCORPORATED,

Plaintiff,

v.

KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, and KRAFT FOODS INC.,

Defendants.

Civil Action No. 07-017 (GMS)

**Joint Claim Construction Chart**

| **U.S. Patent No. 6,607,762 Claims 1 and 10** | **Keurig's Proposed Construction** | **Keurig's Support** | **Kraft's Proposed Construction** | **Kraft's Support** |
|---|---|---|---|---|
| first and second chambers | "first chamber" – "the part of the cartridge into which the liquid is introduced and through which it flows before reaching the filter"<br><br>"second chamber" – "the part of the cartridge out of which the beverage flows after | **Intrinsic Evidence:**<br>'762 Patent, Abstract; col. 1, ll. 15-24; col. 1, ll. 27-33; col. 1, l. 66 – col. 2, l. 4; col. 2, ll. 9-13; col. 2, ll. 30-56; Figures 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13; col. 2, l. 66 – col. 3, l. 4; col. 3, ll. 5-8; col.3, ll. 9-19; col. 3, ll. 28-32; col. 3, ll. 39-56; col. 3, ll. 58-60; col. 4, ll. 11-22; col. 4, ll. 23-26; col. 4, ll. 31-33; col. 4, ll. 36-44; col. 4, ll. 45-49; | Defendants submit that "first and second chambers" should be construed as part of the whole of a "filter element received in and configured and arranged to subdivide the interior of said container into first and second chambers. *See* | **Intrinsic Evidence:**<br>**<u>U.S. Patent No. 6,607,762 ("'762 Patent)</u>**<br>Col. 3, Lines 20-25; Col. 3, Lines 45-49; Col. 4, Lines 23-25; Col. 4, Lines 42-44; Claim 1 (Col. 4, Lines 66-67; Col. 5; Lines 9-12); Claim 10 (Col. 6, Lines 13-14; Col. 6, Lines 24-27); FIGs. 5 and 13. |

| U.S. Patent No. 6,607,762 Claims 1 and 10 | Keurig's Proposed Construction | Keurig's Support | Kraft's Proposed Construction | Kraft's Support |
|---|---|---|---|---|
| | having passed through the filter" | col. 4, ll. 50-59; col. 4, l. 61 – col. 6, l. 29. | construction below.<br><br>However, if they are construed separately, they mean:<br><br>"first chamber" --"the enclosed space in which the beverage medium is stored<br><br>"second chamber" --"the enclosed space from which the beverage exits the container." | **<u>U.S. Patent No. 5,840,189 ("'189 Patent")</u>**<br>Abstract (Lines 6-10); Col. 2, Line 14; Col. 2, Lines 17-21; Col. 3, Lines 38-40; Claim 1 (Col. 4, Lines 57-58; Col. 5; Lines 1-3); FIGs. 1 and 2.<br><br>**<u>U.S. Patent No. 5,325,765 ("'765 Patent")</u>**<br>Col. 2, Lines 16-20; Col. 3, Lines 17-19; Col. 3, Line 68-Col. 4, Line 1; Claim 1 (Col. 4, Lines 48-49); FIG. 2.<br><br>**Extrinsic Evidence:**<br>U.S. Patent No. 6,810,788--Col. 2, Lines 30-31; Col. 3, Lines 56-65; Claim 1 (Col. 9, Line 27); FIG. 4.<br><br>U.S. Patent No. 6,645,537--Col. 4, Lines 31-32; Col. 4, Lines 41-43; Claim 1 (Col. 6, Line 20; Col. 6, Lines 27-30); FIGs. 4, 12, and 18.<br><br>U.S. Patent No. 6,589,577--Col. 3, Lines 39-41; Col. 3, Lines 51-53; Claim 1 (Col. 6, Lines 47-48; Col. 5, Lines 55-57); FIG. 6. |

| U.S. Patent No. 6,607,762 Claims 1 and 10 | Keurig's Proposed Construction | Keurig's Support | Kraft's Proposed Construction | Kraft's Support |
|---|---|---|---|---|
| | | | | Chamber: "an enclosed or compartmented space for some special purpose." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 372 (2002). |
| a [planar][1] filter element received in and configured and arranged to subdivide the interior of said container into first and second chambers | No formal construction needed.<br><br>If construction is deemed necessary, it should be construed to mean "a [planar] filter that lies in the flow path between the first and second chambers." | Same as above. | "A permeable material that is shaped and placed within the interior of the container such that the permeable material structurally divides the interior to create two compartments, a first compartment in which a soluble beverage medium is stored and a second compartment from which a beverage exits the container." | **Intrinsic Evidence:**<br>**<u>'762 Patent</u>**<br>Col. 1, Lines 15-27; Col. 1, Line 66-Col. 2, Line 27; Col. 3, Lines 9-23; Col. 3, Lines 29-31; Col. 3, Lines 45-49; Col. 4, Lines 11-22; Col. 4; Lines 42-44; Claim 1 (Col. 4; Lines 63-67; Col. 5; Lines 7-12); Claim 10 (Col. 6, Lines 13-14; Col. 6, Lines 21-22 and 24-27); FIGs. 4, 5, 7, and 13.<br><br>**<u>'189 Patent"</u>**<br>Abstract (Lines 5-10); Col. 2, Lines 12-14; Col. 2, Lines 17-21; FIGs. 1 and 2.<br><br>**<u>'765 Patent</u>**<br>Col. 2, Lines 11-20; Col. 3, Line 66-Col. 4, Line 3; FIGs. 1 and 2. |

[1] The word "planar" appears in claim 10, but not in claim 1. The phrases are otherwise identical and there is no material distinction between these phrases in claims 1 and 10 for purposes of this case.

| U.S. Patent No. 6,607,762 Claims 1 and 10 | Keurig's Proposed Construction | Keurig's Support | Kraft's Proposed Construction | Kraft's Support |
|---|---|---|---|---|
| | | | | **Extrinsic Evidence:**<br>U.S. Patent No. 6,810,788--Col. 2, Lines 28-31; Col. 3, Lines 55-65; Claim 1 (Col. 9, Lines 10-12; Col. 9, Lines 27-30); FIGs. 2 and 4.<br><br>U.S. Patent No. 6,645,537--Col. 4, Lines 29-32; Col. 4, Lines 41-43; Claim 1 (Col. 6, Lines 17-20; Col. 6, Lines 27-30); FIGs. 4, 12, and 18.<br><br>U.S. Patent No. 6,606,938--Col. 2, Lines 34-39; Col. 3, Lines 20-22; FIG. 5.<br><br>U.S. Patent No. 6,589,577--Abstract(Lines 6-9, 13, and 20-22); Col. 3, Lines 39-41; Col. 3, Lines 51-53; FIG. 6.<br><br>U.S. Patent No. 5,826,492--Claim 1 (Col. 12, Line 65-Col. 13, Line 2).<br><br>Chamber: "an enclosed or compartmented space for some special purpose." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 372 (2002). |

| U.S. Patent No. 6,607,762 Claims 1 and 10 | Keurig's Proposed Construction | Keurig's Support | Kraft's Proposed Construction | Kraft's Support |
|---|---|---|---|---|
| and a second section overlying said second chamber | No formal construction needed.<br><br>If construction is deemed necessary, it should be construed to mean "a portion of the lid positioned over the second chamber such that it can be pierced to allow outflow of the beverage from the container." | **Intrinsic Evidence:**<br>'762 Patent, Abstract; col. 1, ll. 15-26; col. 1, ll. 27-33; col. 1, ll. 39-55; col. 1, ll. 51-55; col. 1, ll. 60-62; col. 2, ll. 5-13; col. 2, ll. 14-19; col. 2, ll. 20-24; col. 2, ll. 30-56; Figures 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13; col. 2, ll. 61-65; col. 2, l. 66 – col. 3, l. 4; col. 3, ll. 5-8; col. 3, ll. 20-25; col. 3, ll. 26-27; col. 3, ll. 28-38; col. 3, ll. 39-56; col. 4, ll. 23-26; col. 4, ll. 31-33; col. 4, ll. 36-44; col. 4, ll. 45-49; col. 4, ll. 50-59; col. 4, l. 61 – col. 6, l. 29. | "A region of the lid directly covering the compartment from which a beverage exits the container (*i.e.*, second chamber) such that only the permeable material and the lid cover the second chamber at said region." | **Intrinsic Evidence:**<br>**<u>'762 Patent</u>**<br>Col. 2, Lines 5-6; Col. 3, Lines 20-25; Col. 4, Lines 34-35; Claim 1 (Col. 5, Lines 1-3); Claim 6; Claim 10 (Col. 6, Lines 16-18); FIGs. 3 and 10.<br><br>**<u>'762 Patent File History</u>**<br>Amendment dated March 26, 2003 at Page 5.<br>Office Action dated September 23, 2002 at Page 2.<br><br>**<u>'189 Patent</u>**<br>Figs. 1 and 2. |
| piercable | Keurig submits that this single adjective should not be construed in isolation, but rather as part of the phrases "piercable to accommodate an inflow of liquid" and "piercable to accommodate an outflow of beverage" identified below. | See below. | "Capable of being pierced." | **Intrinsic Evidence:**<br>**<u>'762 Patent</u>**<br>Col. 1, Lines 15-59; Col. 2, Lines 5-24; Col. 3, Lines 29-39; Col. 4, Lines 31-33; Col. 4, Lines 47-49; Claim 1 (Col. 5, Lines 1-12) ; Claim 7; Claim 10 (Col. 6, Lines 15-29).<br><br>**<u>'762 Patent File History</u>**<br>Provisional Application No. 60/183,569 at Page 4. |

| U.S. Patent No. 6,607,762 Claims 1 and 10 | Keurig's Proposed Construction | Keurig's Support | Kraft's Proposed Construction | Kraft's Support |
|---|---|---|---|---|
| | | | | **<u>'189 Patent</u>**<br>Col. 2, Line 66-Col. 3, Line 2; Col. 3, Lines 53-54.<br><br>**Extrinsic Evidence:**<br>Pierce: "to run into or through as a pointed instrument or weapon does." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1712 (2002).<br><br>-able: "capable of, fit for, or worthy of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 4 (2002).<br><br>Pierceable: "capable of being pierced." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1712 (2002). |
| the first section of said lid being piercable to accommodate an inflow of liquid into said first chamber for infusion with the beverage | "piercable to accommodate an inflow of liquid" means "designed to be pierced to form an inlet that allows an inflow of liquid without leakage" | **Intrinsic Evidence:**<br>'762 Patent, Abstract; col. 1, ll. 15-26; col. 1, ll. 27-33; col. 1, ll. 39-55; col. 1, ll. 51-55; col. 1, ll. 60-62; col. 2, ll. 5-13; col. 2, ll. 14-19; col. 2, ll. 20-24; col. 2, ll. 30-56; Figures 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13; col. 2, ll. 61-65; col. 2, l. 66 – col. 3, l. 4; col. 3, ll. 5-8; col. | "piercable to accommodate an inflow of liquid" means "capable of being pierced to permit a flow of liquid into." | **Intrinsic Evidence:**<br>**<u>'762 Patent</u>**<br>Col. 1, Lines 15-59; Col. 2, Lines 5-24; Col. 3, Lines 29-39; Col. 4, Lines 31-33; Col. 4, Lines 47-49; Claim 1 (Col. 5, Lines 1-12) ; Claim 7; Claim 10 (Col. 6, Lines 15-29). |

| U.S. Patent No. 6,607,762 Claims 1 and 10 | Keurig's Proposed Construction | Keurig's Support | Kraft's Proposed Construction | Kraft's Support |
|---|---|---|---|---|
| medium to produce a beverage | | 3, ll. 20-25; col. 3, ll. 26-27; col. 3, ll. 28-38; col. 3, ll. 39-56; col. 4, ll. 23-26; col. 4, ll. 31-33; col. 4, ll. 36-44; col. 4, ll. 45-49; col. 4, ll. 50-59; col. 4, l. 61 – col. 6, l. 29.<br><br>**From the Prosecution History:**<br>Office Action dated September 24, 2002, at 1-2; U.S. Patent No. 5,840,189 (referenced at '762 Patent, col. 1, l. 16) and U.S. Patent No. 5,300,308.<br><br>Amendment, dated March 20, 2003 at 2-5.<br><br>Notice of Allowability, dated June 3, 2003 at 1.<br><br>**Extrinsic Evidence:**<br>European Patent No. EP 1 440 913.<br><br>European Patent Application No. 04250384.7, EPO Communication, December 2, 2004 at 1-2.<br><br>European Patent Application No. 04250384.7, Response to EPO Communication Issued on | | **'762 Patent File History**<br>Provisional Application No. 60/183,569 at Page 4.<br><br>**'189 Patent**<br>Col. 2, Line 66-Col. 3, Line 2; Col. 3, Lines 53-54.<br><br>**Extrinsic Evidence:**<br>Pierce: "to run into or through as a pointed instrument or weapon does." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1712 (2002).<br><br>-able: "capable of, fit for, or worthy of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 4 (2002).<br><br>Pierceable: "capable of being pierced." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1712 (2002). |

| U.S. Patent No. 6,607,762 Claims 1 and 10 | Keurig's Proposed Construction | Keurig's Support | Kraft's Proposed Construction | Kraft's Support |
| --- | --- | --- | --- | --- |
| | | December 2, 2004, dated June 9, 2005 at 1-3.<br><br>European Patent Application No. 0 272 922.<br><br>European Patent Application No. 0 451 980.<br><br>Accommodate: "to fit, adapt or make suitable" Webster's New Universal Unabridged Dictionary (2d ed. 1983).<br><br>Accommodate: "to adapt to or fit in with" Oxford Dictionary of Current English (4th ed. 2006). | | |
| and the second section of said lid being piercable to accommodate an outflow of the beverage from said second chamber to the exterior of said cartridge | "piercable to accommodate an outflow of the beverage" means "designed to be pierced to form an outlet that allows an outflow of beverage without leakage." | Same as above. | "piercable to accommodate an outflow of the beverage" means "capable of being pierced to permit a beverage to flow out." | **Intrinsic Evidence:**<br>**<u>'762 Patent</u>**<br>Col. 1, Lines 15-59; Col. 2, Lines 5-24; Col. 3, Lines 29-39; Col. 4, Lines 31-33; Col. 4, Lines 47-49; Claim 1 (Col. 5, Lines 1-12) ; Claim 7; Claim 10 (Col. 6, Lines 15-29).<br><br>**<u>'762 Patent File History</u>**<br>Provisional Application No. 60/183,569 at Page 4. |

| U.S. Patent No. 6,607,762 Claims 1 and 10 | Keurig's Proposed Construction | Keurig's Support | Kraft's Proposed Construction | Kraft's Support |
|---|---|---|---|---|
| | | | | **<u>'189 Patent</u>**<br>Col. 2, Line 66-Col. 3, Line 2; Col. 3, Lines 53-54.<br><br>**Extrinsic Evidence:**<br>Pierce: "to run into or through as a pointed instrument or weapon does." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1712 (2002).<br>-able: "capable of, fit for, or worthy of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 4 (2002).<br><br>Pierceable: "capable of being pierced." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1712 (2002). |

POTTER ANDERSON & CORROON LLP

/s/ David E. Moore
Richard L. Horwitz (No. 2246)
David E. Moore (No. 3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899
Telephone: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700

*Attorneys for Defendants Kraft Foods Global, Inc., Tassimo Corp., and Kraft Foods, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
100 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
jshaw@ycst.com
kkeller@ycst.com

Michael A. Albert
Michael N. Rader
Laura E. Topper
Gerald B. Hrycyszyn
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Ave.
Boston, MA 02210
Telephone: (617) 646-8000

*Attorneys for Plaintiff Keurig, Incorporated*

Dated: October 9, 2007

**CERTIFICATE OF SERVICE**

I, John W. Shaw, Esquire, hereby certify that on October 9, 2007, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Richard L. Horwitz, Esquire
*rhorwitz@potteranderson.com*
David E. Moore, Esquire
*dmoore@potteranderson.com*
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801

Additionally, I hereby certify that on October 9, 2007, copies of the foregoing document were served by hand delivery and email on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

**BY E-MAIL**

David Schlitz, Esquire
*david.schlitz@bakerbotts.com*
Baker Botts L.L.P
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ John W. Shaw*
John W. Shaw (NO. 3362)
*jshaw@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302)-571-6600

*Attorneys for Plaintiff Keurig, Incorporated*