IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEURIG, INCORPORATED,

Plaintiff,

v.

KRAFT FOODS GLOBAL, INC.,
TASSIMO CORPORATION, and
KRAFT FOODS INC.,

Defendants.

Civil Action No. 07-017 GMS

## KEURIG, INCORPORATED'S
## NOTICE OF RULE 45 SUBPOENAS

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, on September 14, 2007, Plaintiff, Keurig, Incorporated served a Subpoena for documents and/or objects on: (1) Seattles Best Coffee LLC; (2) Starbucks Corporation; and (3) Tazo Tea.  On September 20, 2007, Keurig, Incorporated served a Subpoena for documents and/or objects on: (1) Braun, Inc.  Copies of each Subpoena are attached.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: February 1, 2008

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899
(302) 571-6554
kkeller@ycst.com

Of Counsel:

Michael A. Albert
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com


                    *Attorneys for Plaintiff, Keurig, Incorporated*

| AO88 (Rev. 12/06) Subpoena in a Civil Case |
|---|

**Issued by the**

UNITED STATES DISTRICT COURT

**WESTERN DISTRICT OF WASHINGTON**

| KEURIG, INCORPORATED, | | |
|---|---|---|
| Plaintiff, | | |
| v. | | **SUBPOENA IN A CIVIL CASE** |
| KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, and KRAFT FOODS INC., | | |
| Defendants. | | |
| | | Case No: 07-017 GMS District of Delaware |

| TO: | SEATTLES BEST COFFEE LLC, c/o Corporation Service Company, 6500 Harbour Heights Pkwy, Suite 400  Mukilteo, WA 98275 |
|---|---|

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, by the date, and time specified below (list documents or objects):   See Schedule A attached hereto

| PLACE Premiere Realtime Reporting, 2112 Sixth Avenue, Suite 200, Seattle, WA 98121 (FOR YOUR CONVENIENCE YOU MAY INSTEAD DELIVER DOCUMENTS VIA OVERNIGHT COURIER AT OUR EXPENSE) | DATE AND TIME 9/27/07 5:00PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR | DATE 9/14/07 |
|---|---|
| ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER Gerald B. Hrycyszyn Wolf, Greenfield & Sacks, P.C. 600 Atlantic Avenue Boston, Massachusetts 02210-2206 617.646.8000 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) as amended on December 1, 2006 on next page)

AO88  (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or

material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(1)(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(1)(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(1)(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>    DEFENDANTS. | Civil Action No. 07-017 GMS<br><br>**JURY TRIAL DEMANDED** |

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

1.    When referring to a person, "IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

2.    When referring to DOCUMENTS, "IDENTIFY" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

3.    "CONCERNING" means referring to, describing, evidencing, or constituting.

4.    "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

5.    "KEURIG" means Keurig, Incorporated.

6.    The term "DEFENDANTS'" shall mean Kraft Foods Global, Inc., Tassimo Corp., and Kraft Foods Inc., and any parent corporations or organizations, predecessor corporations or organizations, successor corporations or organizations, divisions, subsidiaries, affiliated or related companies or organizations, including, but not limited to, its officers, directors, employees, and agents.

7.    The terms "SEATTLES BEST," "YOU," "YOURS," and related terms shall mean Seattle's Best Coffee, LLC.

8.    "The '762 PATENT" means United States Patent No. 6,607,762.

9.    "PRIOR ART" includes, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102, 103.

10.    If YOU object to producing a DOCUMENT because of an asserted privilege or protection, the DOCUMENT must still be described in sufficient detail for KEURIG to assess the applicability of the asserted privilege or protection. Accordingly, YOU must supply a list of the DOCUMENTS for which an asserted privilege or protection is claimed, indicating:

     a. The identify of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

     b. The identit(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

     c. The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

     d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

     e. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

11.    The DOCUMENTS and things requested herein are to be produced at the offices of Premiere Realtime Reporting, 2112 Sixth Avenue, Suite 200, Seattle, WA 98121, Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, Massachusetts 02210, or at such other location upon which counsel may agree.

12.    "T-DISC" means any beverage filter cartridges sold or offered to be sold under the registered trademarks TASSIMO or T-DISC.

13.    "DEFENDANTS' PRODUCTS" means any beverage filter cartridges sold or offered to be sold under the registered trademarks TASSIMO or T-DISC, any beverage dispensers that utilize such beverage filter cartridges, and any other products sold or offered to be sold for use with such beverage dispensers, regardless of

whether the product is designed, manufactured, sold or offered to be sold by DEFENDANTS or by a third party.

## REQUESTS

1.    All DOCUMENTS and things CONCERNING the DEFENDANTS' PRODUCTS, including but not limited to the design, marketing, efficacy, or function of the DEFENDANTS' PRODUCTS, as well as alternative designs and alternative products considered by YOU for possible use as beverage filter cartridges.

2.    All correspondence CONCERNING the DEFENDANTS' PRODUCTS, both internal and external to YOU.

3.    All DOCUMENTS and things CONCERNING the conception, design, development or reduction to practice of DEFENDANTS' PRODUCTS, including, without limitation, sketches, drafts, models, prototypes, drawings, memoranda and test results.

4.    All papers, publications, writings, and presentations CONCERNING the DEFENDANTS' PRODUCTS, whether or not prepared by YOU or any of YOUR employees, agents or consultants.

5.    All DOCUMENTS and things describing or characterizing the design, features, performance characteristics, or other attributes of DEFENDANTS' PRODUCTS.

6.    All DOCUMENTS and things CONCERNING the marketing or advertising of the DEFENDANTS' PRODUCTS.

7.    All DOCUMENTS CONCERNING spokespeople and/or consultants for YOU with respect to DEFENDANTS' PRODUCTS.

8.    All memoranda, reports, studies, prospectuses, correspondence, sales or profit projections, and presentations CONCERNING any business, financial, or marketing planning or budgeting for DEFENDANTS' PRODUCTS.

9.    DOCUMENTS sufficient to show the monthly unit and dollar gross sales of each of DEFENDANTS' PRODUCTS since YOUR first sales thereof, as well as the net sales of each of DEFENDANTS' PRODUCTS, and corresponding costs.

10.    All DOCUMENTS CONCERNING sales, revenues, costs and profits and/or profit projections for DEFENDANTS' PRODUCTS.

11.    All DOCUMENTS IDENTIFYING entities that compete with DEFENDANTS in any market for beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

12.    All DOCUMENTS CONCERNING products or procedures that compete with any of DEFENDANTS' PRODUCTS.

13.    Price lists for DEFENDANTS' PRODUCTS.

14.    All agreements, licenses, and other contracts between you and any one or more of the DEFENDANTS.

15.    All agreements, licenses, and other contracts to which any one or more of DEFENDANTS is or was a party CONCERNING any patent related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

16.    All agreements, licenses, and other contracts to which any one or more of DEFENDANTS is or was a party CONCERNING any rights in any of DEFENDANTS' PRODUCTS.

17.    DOCUMENTS sufficient to show the identities and locations of all manufacturers, wholesalers or other sources of DEFENDANTS' PRODUCTS.

18.    DOCUMENTS sufficient to show the identities and locations of all persons or entities to whom YOU sell, have sold or have offered for sale, any DEFENDANTS' PRODUCTS since January 10, 2007.

19.    All DOCUMENTS CONCERNING the design, use and efficacy of products described in any patents and pending patent applications related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges in which any one or more of DEFENDANTS has an interest, including without limitation an ownership interest or license.

20.    All DOCUMENTS and things CONCERNING KEURIG, its products, or the '762 PATENT.

21.    All DOCUMENTS and things CONCERNING any evaluation of DEFENDANTS' PRODUCTS, including, without limitation, any comparisons of the DEFENDANTS' PRODUCTS with any of KEURIG'S products, the '762 PATENT, or any other KEURIG products and patents, any consideration, investigation, test,

or analysis CONCERNING whether any DEFENDANTS' PRODUCTS is within the scope of any claim of the '762 PATENT or any other KEURIG patent and any steps taken by DEFENDANTS to design around, or otherwise attempt to avoid infringement of, the '762 PATENT.

22.    All data and projections, whether internal to DEFENDANTS or from an outside source, CONCERNING revenues, growth, market share, competition or trends CONCERNING beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges, from 2003 to the present.

23.    All communications (including drafts thereof) between YOU and any one or more of the DEFENDANTS.

24.    All DOCUMENTS and things CONCERNING YOUR intra-company communications, or any communications between YOU and any other person or entity, CONCERNING this action, KEURIG, or the '762 PATENT.

25.    Any Board of Directors minutes CONCERNING KEURIG and/or the '762 PATENT.

26.    All DOCUMENTS or things CONCERNING training programs YOU provide for use of DEFENDANTS' PRODUCTS.

27.    All business plans, marketing plans, analyses, studies statements to shareholders and press releases CONCERNING DEFENDANTS' PRODUCTS.

28.    All DOCUMENTS CONCERNING royalty rates for licensing of intellectual property related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

29.    All DOCUMENTS CONCERNING DEFENDANTS' market share for DEFENDANTS' PRODUCTS.

30.    All customer lists for the DEFENDANTS' PRODUCTS.

31.    All DOCUMENTS and things CONCERNING this litigation.

| AO88 (Rev. 12/06) Subpoena in a Civil Case |
|---|

<table>
<tr><td colspan="2" align="center"><strong>Issued by the</strong><br>UNITED STATES DISTRICT COURT</td></tr>
<tr><td colspan="2" align="center"><strong>WESTERN DISTRICT OF WASHINGTON</strong></td></tr>
</table>

| KEURIG, INCORPORATED,<br><br>       Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, and KRAFT FOODS INC.,<br><br>       Defendants. | | **SUBPOENA IN A CIVIL CASE**<br><br><br>Case No: 07-017 GMS<br>District of Delaware |
|---|---|---|

TO:    **STARBUCKS CORPORATION**
      c/o Corporation Service Company, 6500 Harbour Heights PKWY, Suite 400  Mukilteo, WA 98275

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, by the date, and time specified below (list documents or objects):  **See Schedule A attached hereto**

| PLACE<br>Premiere Realtime Reporting, 2112 Sixth Avenue, Suite 200, Seattle, WA 98121<br>(FOR YOUR CONVENIENCE YOU MAY INSTEAD DELIVER DOCUMENTS VIA OVERNIGHT COURIER AT OUR EXPENSE) | DATE AND TIME<br>9/27/07<br>5:00 PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR | DATE<br>9/14/07 |
|---|---|

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
Gerald B. Hrycyszyn
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) as amended on December 1, 2006 on next page)

AO88  (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
    (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or

material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED, | |
| Plaintiff, | |
| v. | Civil Action No. 07-017 GMS |
| KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, and KRAFT FOODS INC., | **JURY TRIAL DEMANDED** |
| DEFENDANTS. | |

### SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

1.      When referring to a person, "IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

2.      When referring to DOCUMENTS, "IDENTIFY" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

3.      "CONCERNING" means referring to, describing, evidencing, or constituting.

4.      "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

5.      "KEURIG" means Keurig, Incorporated.

6.      The term "DEFENDANTS'" shall mean Kraft Foods Global, Inc., Tassimo Corp., and Kraft Foods Inc., and any parent corporations or organizations, predecessor corporations or organizations, successor corporations or organizations, divisions, subsidiaries, affiliated or related companies or organizations, including, but not limited to, its officers, directors, employees, and agents.

7.      The terms "STARBUCKS," "YOU," "YOURS," and related terms shall mean Starbucks Corporation.

8.      "The '762 PATENT" means United States Patent No. 6,607,762.

9.      "PRIOR ART" includes, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102, 103.

10.     If YOU object to producing a DOCUMENT because of an asserted privilege or protection, the DOCUMENT must still be described in sufficient detail for KEURIG to assess the applicability of the asserted privilege or protection.  Accordingly, YOU must supply a list of the DOCUMENTS for which an asserted privilege or protection is claimed, indicating:

> a.   The identify of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);
>
> b.   The identit(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;
>
> c.   The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;
>
> d.   The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and
>
> e.   The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

11.     The DOCUMENTS and things requested herein are to be produced at the offices of Premiere Realtime Reporting, 2112 Sixth Avenue, Suite 200, Seattle, WA 98121, Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, Massachusetts 02210, or at such other location upon which counsel may agree.

12.     "T-DISC" means any beverage filter cartridges sold or offered to be sold under the registered trademarks TASSIMO or T-DISC.

13.     "DEFENDANTS' PRODUCTS" means any beverage filter cartridges sold or offered to be sold under the registered trademarks TASSIMO or T-DISC, any beverage dispensers that utilize such beverage filter cartridges, and any other products sold or offered to be sold for use with such beverage dispensers, regardless of

whether the product is designed, manufactured, sold or offered to be sold by DEFENDANTS or by a third party.

## REQUESTS

1.      All DOCUMENTS and things CONCERNING the DEFENDANTS' PRODUCTS, including but not limited to the design, marketing, efficacy, or function of the DEFENDANTS' PRODUCTS, as well as alternative designs and alternative products considered by YOU for possible use as beverage filter cartridges.

2.      All correspondence CONCERNING the DEFENDANTS' PRODUCTS, both internal and external to YOU.

3.      All DOCUMENTS and things CONCERNING the conception, design, development or reduction to practice of DEFENDANTS' PRODUCTS, including, without limitation, sketches, drafts, models, prototypes, drawings, memoranda and test results.

4.      All papers, publications, writings, and presentations CONCERNING the DEFENDANTS' PRODUCTS, whether or not prepared by YOU or any of YOUR employees, agents or consultants.

5.      All DOCUMENTS and things describing or characterizing the design, features, performance characteristics, or other attributes of DEFENDANTS' PRODUCTS.

6.      All DOCUMENTS and things CONCERNING the marketing or advertising of the DEFENDANTS' PRODUCTS.

7.      All DOCUMENTS CONCERNING spokespeople and/or consultants for YOU with respect to DEFENDANTS' PRODUCTS.

8.      All memoranda, reports, studies, prospectuses, correspondence, sales or profit projections, and presentations CONCERNING any business, financial, or marketing planning or budgeting for DEFENDANTS' PRODUCTS.

9.      DOCUMENTS sufficient to show the monthly unit and dollar gross sales of each of DEFENDANTS' PRODUCTS since YOUR first sales thereof, as well as the net sales of each of DEFENDANTS' PRODUCTS, and corresponding costs.

10.     All DOCUMENTS CONCERNING sales, revenues, costs and profits and/or profit projections for DEFENDANTS' PRODUCTS.

11.     All DOCUMENTS IDENTIFYING entities that compete with DEFENDANTS in any market for beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

12.     All DOCUMENTS CONCERNING products or procedures that compete with any of DEFENDANTS' PRODUCTS.

13.     Price lists for DEFENDANTS' PRODUCTS.

14.     All agreements, licenses, and other contracts between you and any one or more of the DEFENDANTS.

15.     All agreements, licenses, and other contracts to which any one or more of DEFENDANTS is or was a party CONCERNING any patent related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

16.     All agreements, licenses, and other contracts to which any one or more of DEFENDANTS is or was a party CONCERNING any rights in any of DEFENDANTS' PRODUCTS.

17.     DOCUMENTS sufficient to show the identities and locations of all manufacturers, wholesalers or other sources of DEFENDANTS' PRODUCTS.

18.     DOCUMENTS sufficient to show the identities and locations of all persons or entities to whom YOU sell, have sold or have offered for sale, any DEFENDANTS' PRODUCTS since January 10, 2007.

19.     All DOCUMENTS CONCERNING the design, use and efficacy of products described in any patents and pending patent applications related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges in which any one or more of DEFENDANTS has an interest, including without limitation an ownership interest or license.

20.     All DOCUMENTS and things CONCERNING KEURIG, its products, or the '762 PATENT.

21.     All DOCUMENTS and things CONCERNING any evaluation of DEFENDANTS' PRODUCTS, including, without limitation, any comparisons of the DEFENDANTS' PRODUCTS with any of KEURIG'S products, the '762 PATENT, or any other KEURIG products and patents, any consideration, investigation, test,

or analysis CONCERNING whether any DEFENDANTS' PRODUCTS is within the scope of any claim of the '762 PATENT or any other KEURIG patent and any steps taken by DEFENDANTS to design around, or otherwise attempt to avoid infringement of, the '762 PATENT.

22.     All data and projections, whether internal to DEFENDANTS or from an outside source, CONCERNING revenues, growth, market share, competition or trends CONCERNING beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges, from 2003 to the present.

23.     All communications (including drafts thereof) between YOU and any one or more of the DEFENDANTS.

24.     All DOCUMENTS and things CONCERNING YOUR intra-company communications, or any communications between YOU and any other person or entity, CONCERNING this action, KEURIG, or the '762 PATENT.

25.     Any Board of Directors minutes CONCERNING KEURIG  and/or the '762 PATENT.

26.     All DOCUMENTS or things CONCERNING training programs YOU provide for use of DEFENDANTS' PRODUCTS.

27.     All business plans, marketing plans, analyses, studies statements to shareholders and press releases CONCERNING DEFENDANTS' PRODUCTS.

28.     All DOCUMENTS CONCERNING royalty rates for licensing of intellectual property related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

29.     All DOCUMENTS CONCERNING DEFENDANTS' market share for DEFENDANTS' PRODUCTS.

30.     All customer lists for the DEFENDANTS' PRODUCTS.

31.     All DOCUMENTS and things CONCERNING this litigation.

| AO88  (Rev. 12/06) Subpoena in a Civil Case | |
|---|---|
| **Issued by the** | |
| UNITED STATES DISTRICT COURT | |
| **DISTRICT OF OREGON** | |

| KEURIG, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC., TASSIMO<br>CORPORATION, and KRAFT FOODS INC.,<br><br>Defendants. | | **SUBPOENA IN A CIVIL CASE**<br><br>Case No: 07-017 GMS<br>District of Delaware |
|---|---|---|

| TO: | TAZO TEA c/o Corporation Service Company, 285 Liberty Street, NE  Salem, OR 97301 |
|---|---|

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, by the date, and time specified below (list documents or objects):  See Schedule A attached hereto

| PLACE<br>Beovitch, Walter & Friend, 1001 SW 5th Ave., Suite 1200, Portland, OR 97204<br>(FOR YOUR CONVENIENCE YOU MAY INSTEAD DELIVER DOCUMENTS VIA<br>OVERNIGHT COURIER AT OUR EXPENSE) | DATE AND TIME<br>9/27/07<br>5:00 PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR | DATE<br>9/14/07 |
|---|---|
| ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER<br>Gerald B. Hrycyszyn<br>Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210-2206<br>617.646.8000 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) as amended on December 1, 2006 on next page)

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(1)(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(1)(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(1)(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEURIG, INCORPORATED,

      Plaintiff,

v.

KRAFT FOODS GLOBAL, INC.,
TASSIMO CORPORATION, and
KRAFT FOODS INC.,

      DEFENDANTS.

Civil Action No. 07-017 GMS

**JURY TRIAL DEMANDED**

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

1.    When referring to a person, "IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

2.    When referring to DOCUMENTS, "IDENTIFY" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

3.    "CONCERNING" means referring to, describing, evidencing, or constituting.

4.    "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

5.    "KEURIG" means Keurig, Incorporated.

6.    The term "DEFENDANTS'" shall mean Kraft Foods Global, Inc., Tassimo Corp., and Kraft Foods Inc., and any parent corporations or organizations, predecessor corporations or organizations, successor corporations or organizations, divisions, subsidiaries, affiliated or related companies or organizations, including, but not limited to, its officers, directors, employees, and agents.

7.    The terms "TAZO TEA," "YOU," "YOURS," and related terms shall mean Tazo Tea.

8.    "The '762 PATENT" means United States Patent No. 6,607,762.

9.    "PRIOR ART" includes, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102, 103.

10.    If YOU object to producing a DOCUMENT because of an asserted privilege or protection, the DOCUMENT must still be described in sufficient detail for KEURIG to assess the applicability of the asserted privilege or protection. Accordingly, YOU must supply a list of the DOCUMENTS for which an asserted privilege or protection is claimed, indicating:

    a.  The identify of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

    b.  The identit(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

    c.  The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

    d.  The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

    e.  The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

11.    The DOCUMENTS and things requested herein are to be produced at the offices of Beovitch, Walter & Friend, 1001 SW 5th Ave., Suite 1200, Portland, OR 97204, Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, Massachusetts 02210, or at such other location upon which counsel may agree.

12.    "T-DISC" means any beverage filter cartridges sold or offered to be sold under the registered trademarks TASSIMO or T-DISC.

13.    "DEFENDANTS' PRODUCTS" means any beverage filter cartridges sold or offered to be sold under the registered trademarks TASSIMO or T-DISC, any beverage dispensers that utilize such beverage filter cartridges, and any other products sold or offered to be sold for use with such beverage dispensers, regardless of

whether the product is designed, manufactured, sold or offered to be sold by DEFENDANTS or by a third party.

## REQUESTS

1.    All DOCUMENTS and things CONCERNING the DEFENDANTS' PRODUCTS, including but not limited to the design, marketing, efficacy, or function of the DEFENDANTS' PRODUCTS, as well as alternative designs and alternative products considered by YOU for possible use as beverage filter cartridges.

2.    All correspondence CONCERNING the DEFENDANTS' PRODUCTS, both internal and external to YOU.

3.    All DOCUMENTS and things CONCERNING the conception, design, development or reduction to practice of DEFENDANTS' PRODUCTS, including, without limitation, sketches, drafts, models, prototypes, drawings, memoranda and test results.

4.    All papers, publications, writings, and presentations CONCERNING the DEFENDANTS' PRODUCTS, whether or not prepared by YOU or any of YOUR employees, agents or consultants.

5.    All DOCUMENTS and things describing or characterizing the design, features, performance characteristics, or other attributes of DEFENDANTS' PRODUCTS.

6.    All DOCUMENTS and things CONCERNING the marketing or advertising of the DEFENDANTS' PRODUCTS.

7.    All DOCUMENTS CONCERNING spokespeople and/or consultants for YOU with respect to DEFENDANTS' PRODUCTS.

8.    All memoranda, reports, studies, prospectuses, correspondence, sales or profit projections, and presentations CONCERNING any business, financial, or marketing planning or budgeting for DEFENDANTS' PRODUCTS.

9.    DOCUMENTS sufficient to show the monthly unit and dollar gross sales of each of DEFENDANTS' PRODUCTS since YOUR first sales thereof, as well as the net sales of each of DEFENDANTS' PRODUCTS, and corresponding costs.

10.     All DOCUMENTS CONCERNING sales, revenues, costs and profits and/or profit projections for DEFENDANTS' PRODUCTS.

11.     All DOCUMENTS IDENTIFYING entities that compete with DEFENDANTS in any market for beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

12.     All DOCUMENTS CONCERNING products or procedures that compete with any of DEFENDANTS' PRODUCTS.

13.     Price lists for DEFENDANTS' PRODUCTS.

14.     All agreements, licenses, and other contracts between you and any one or more of the DEFENDANTS.

15.     All agreements, licenses, and other contracts to which any one or more of DEFENDANTS is or was a party CONCERNING any patent related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

16.     All agreements, licenses, and other contracts to which any one or more of DEFENDANTS is or was a party CONCERNING any rights in any of DEFENDANTS' PRODUCTS.

17.     DOCUMENTS sufficient to show the identities and locations of all manufacturers, wholesalers or other sources of DEFENDANTS' PRODUCTS.

18.     DOCUMENTS sufficient to show the identities and locations of all persons or entities to whom YOU sell, have sold or have offered for sale, any DEFENDANTS' PRODUCTS since January 10, 2007.

19.     All DOCUMENTS CONCERNING the design, use and efficacy of products described in any patents and pending patent applications related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges in which any one or more of DEFENDANTS has an interest, including without limitation an ownership interest or license.

20.     All DOCUMENTS and things CONCERNING KEURIG, its products, or the '762 PATENT.

21.     All DOCUMENTS and things CONCERNING any evaluation of DEFENDANTS' PRODUCTS, including, without limitation, any comparisons of the DEFENDANTS' PRODUCTS with any of KEURIG'S products, the '762 PATENT, or any other KEURIG products and patents, any consideration, investigation, test,

or analysis CONCERNING whether any DEFENDANTS' PRODUCTS is within the scope of any claim of the '762 PATENT or any other KEURIG patent and any steps taken by DEFENDANTS to design around, or otherwise attempt to avoid infringement of, the '762 PATENT.

22.    All data and projections, whether internal to DEFENDANTS or from an outside source, CONCERNING revenues, growth, market share, competition or trends CONCERNING beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges, from 2003 to the present.

23.    All communications (including drafts thereof) between YOU and any one or more of the DEFENDANTS.

24.    All DOCUMENTS and things CONCERNING YOUR intra-company communications, or any communications between YOU and any other person or entity, CONCERNING this action, KEURIG, or the '762 PATENT.

25.    Any Board of Directors minutes CONCERNING KEURIG  and/or the '762 PATENT.

26.    All DOCUMENTS or things CONCERNING training programs YOU provide for use of DEFENDANTS' PRODUCTS.

27.    All business plans, marketing plans, analyses, studies statements to shareholders and press releases CONCERNING DEFENDANTS' PRODUCTS.

28.    All DOCUMENTS CONCERNING royalty rates for licensing of intellectual property related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

29.    All DOCUMENTS CONCERNING DEFENDANTS' market share for DEFENDANTS' PRODUCTS.

30.    All customer lists for the DEFENDANTS' PRODUCTS.

31.    All DOCUMENTS and things CONCERNING this litigation.

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>         Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC., TASSIMO<br>CORPORATION, and KRAFT FOODS INC.,<br><br>         Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>Case No: 07-017 GMS<br>District of Delaware |

TO:     BRAUN INC. , c/o Corporation Trust Company
Corporation Trust Center 1209 Orange Street,  Wilmington, DE 19801

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, by the date, and time specified below (list documents or objects):  **See Schedule A attached hereto**

| PLACE<br>Wolf, Greenfield & Sacks, P.C., c/o Gerald B. Hrycyszyn, 600 Atlantic Avenue, Boston,<br>Massachusetts 02210-2206 | DATE AND TIME<br>10/02/07<br>5:00 PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR | DATE<br>9/20/07 |
|---|---|
| ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER<br>Gerald B. Hrycyszyn<br>Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210-2206<br>617.646.8000 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) as amended on December 1, 2006 on next page)

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE                                         SIGNATURE OF SERVER

                                                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or

material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (1)(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (1)(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (1)(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEURIG, INCORPORATED,

      Plaintiff,

v.

KRAFT FOODS GLOBAL, INC.,
TASSIMO CORPORATION, and
KRAFT FOODS INC.,

      DEFENDANTS.

Civil Action No. 07-017 GMS

**JURY TRIAL DEMANDED**

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

1.    When referring to a person, "IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

2.    When referring to DOCUMENTS, "IDENTIFY" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

3.    "CONCERNING" means referring to, describing, evidencing, or constituting.

4.    "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

5.    "KEURIG" means Keurig, Incorporated.

6.    The term "DEFENDANTS'" shall mean Kraft Foods Global, Inc., Tassimo Corp., and Kraft Foods Inc., and any parent corporations or organizations, predecessor corporations or organizations, successor corporations or organizations, divisions, subsidiaries, affiliated or related companies or organizations, including, but not limited to, its officers, directors, employees, and agents.

7.    The terms "BRAUN," "YOU," "YOURS," and related terms shall mean Braun Inc.

8.    "The '762 PATENT" means United States Patent No. 6,607,762.

9.    "PRIOR ART" includes, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102, 103.

10.    If YOU object to producing a DOCUMENT because of an asserted privilege or protection, the DOCUMENT must still be described in sufficient detail for KEURIG to assess the applicability of the asserted privilege or protection.  Accordingly, YOU must supply a list of the DOCUMENTS for which an asserted privilege or protection is claimed, indicating:

   a.    The identify of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);

   b.    The identit(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;

   c.    The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

   d.    The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

   e.    The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

11.    The DOCUMENTS and things requested herein are to be produced at the offices of Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, Massachusetts 02210, or at such other location upon which counsel may agree.

12.    "T-DISC" means any beverage filter cartridges sold or offered to be sold under the registered trademarks TASSIMO or T-DISC.

13.    "DEFENDANTS' PRODUCTS" means any beverage filter cartridges sold or offered to be sold under the registered trademarks TASSIMO or T-DISC, any beverage dispensers that utilize such beverage filter cartridges, and any other products sold or offered to be sold for use with such beverage dispensers, regardless of

whether the product is designed, manufactured, sold or offered to be sold by DEFENDANTS or by a third party.

## REQUESTS

1.      All DOCUMENTS and things CONCERNING the DEFENDANTS' PRODUCTS, including but not limited to the design, marketing, efficacy, or function of the DEFENDANTS' PRODUCTS, as well as alternative designs and alternative products considered by YOU for possible use as beverage filter cartridges.

2.      All correspondence CONCERNING the DEFENDANTS' PRODUCTS, both internal and external to YOU.

3.      All DOCUMENTS and things CONCERNING the conception, design, development or reduction to practice of DEFENDANTS' PRODUCTS, including, without limitation, sketches, drafts, models, prototypes, drawings, memoranda and test results.

4.      All papers, publications, writings, and presentations CONCERNING the DEFENDANTS' PRODUCTS, whether or not prepared by YOU or any of YOUR employees, agents or consultants.

5.      All DOCUMENTS and things describing or characterizing the design, features, performance characteristics, or other attributes of DEFENDANTS' PRODUCTS.

6.      All DOCUMENTS and things CONCERNING the marketing or advertising of the DEFENDANTS' PRODUCTS.

7.      All DOCUMENTS CONCERNING spokespeople and/or consultants for YOU with respect to DEFENDANTS' PRODUCTS.

8.      All memoranda, reports, studies, prospectuses, correspondence, sales or profit projections, and presentations CONCERNING any business, financial, or marketing planning or budgeting for DEFENDANTS' PRODUCTS.

9.      DOCUMENTS sufficient to show the monthly unit and dollar gross sales of each of DEFENDANTS' PRODUCTS since YOUR first sales thereof, as well as the net sales of each of DEFENDANTS' PRODUCTS, and corresponding costs.

10. All DOCUMENTS CONCERNING sales, revenues, costs and profits and/or profit projections for DEFENDANTS' PRODUCTS.

11. All DOCUMENTS IDENTIFYING entities that compete with DEFENDANTS in any market for beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

12. All DOCUMENTS CONCERNING products or procedures that compete with any of DEFENDANTS' PRODUCTS.

13. Price lists for DEFENDANTS' PRODUCTS.

14. All agreements, licenses, and other contracts between you and any one or more of the DEFENDANTS.

15. All agreements, licenses, and other contracts to which any one or more of DEFENDANTS is or was a party CONCERNING any patent related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

16. All agreements, licenses, and other contracts to which any one or more of DEFENDANTS is or was a party CONCERNING any rights in any of DEFENDANTS' PRODUCTS.

17. DOCUMENTS sufficient to show the identities and locations of all manufacturers, wholesalers or other sources of DEFENDANTS' PRODUCTS.

18. DOCUMENTS sufficient to show the identities and locations of all persons or entities to whom YOU sell, have sold or have offered for sale, any DEFENDANTS' PRODUCTS since January 10, 2007.

19. All DOCUMENTS CONCERNING the design, use and efficacy of products described in any patents and pending patent applications related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges in which any one or more of DEFENDANTS has an interest, including without limitation an ownership interest or license.

20. All DOCUMENTS and things CONCERNING KEURIG, its products, or the '762 PATENT.

21. All DOCUMENTS and things CONCERNING any evaluation of DEFENDANTS' PRODUCTS, including, without limitation, any comparisons of the DEFENDANTS' PRODUCTS with any of KEURIG'S products, the '762 PATENT, or any other KEURIG products and patents, any consideration, investigation, test,

or analysis CONCERNING whether any DEFENDANTS' PRODUCTS is within the scope of any claim of the '762 PATENT or any other KEURIG patent and any steps taken by DEFENDANTS to design around, or otherwise attempt to avoid infringement of, the '762 PATENT.

22.    All data and projections, whether internal to DEFENDANTS or from an outside source, CONCERNING revenues, growth, market share, competition or trends CONCERNING beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges, from 2003 to the present.

23.    All communications (including drafts thereof) between YOU and any one or more of the DEFENDANTS.

24.    All DOCUMENTS and things CONCERNING YOUR intra-company communications, or any communications between YOU and any other person or entity, CONCERNING this action, KEURIG, or the '762 PATENT.

25.    Any Board of Directors minutes CONCERNING KEURIG and/or the '762 PATENT.

26.    All DOCUMENTS or things CONCERNING training programs YOU provide for use of DEFENDANTS' PRODUCTS.

27.    All business plans, marketing plans, analyses, studies statements to shareholders and press releases CONCERNING DEFENDANTS' PRODUCTS.

28.    All DOCUMENTS CONCERNING royalty rates for licensing of intellectual property related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

29.    All DOCUMENTS CONCERNING DEFENDANTS' market share for DEFENDANTS' PRODUCTS.

30.    All customer lists for the DEFENDANTS' PRODUCTS.

31.    All DOCUMENTS and things CONCERNING this litigation.