IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>Defendants. | Civil Action No. 07-017 GMS |

**KEURIG, INCORPORATED'S
NOTICE OF RULE 45 SUBPOENA**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, on January 31, 2008, Plaintiff, Keurig, Incorporated served a Subpoena for documents and/or objects on: BSH Home Appliances Corporation. A copy of the Subpoena is attached.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
(302) 571-6554
kkeller@ycst.com

Dated: February 4, 2008

Of Counsel:

Michael A. Albert
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com

*Attorneys for Plaintiff, Keurig, Incorporated*

| AO88 (Rev. 12/07) Subpoena in a Civil Case |
|---|
| **Issued by the** |
| **UNITED STATES DISTRICT COURT** |
| **DISTRICT OF DELAWARE** |

| KEURIG, INCORPORATED,<br><br>      Plaintiff,<br>v.<br><br>KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, and KRAFT FOODS INC.,<br><br>      Defendants. | | **SUBPOENA IN A CIVIL CASE**<br><br>Case No: 07-017 GMS<br>District of Delaware |
|---|---|---|

| TO: | BSH Home Appliances Corporation c/o Corporation Service Company<br>2711 Centerville Road, Suite 400 Wilmington, DE 19808 |
|---|---|

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, by the date, and time specified below (list documents or objects): See Schedule A attached hereto

| PLACE Young Conaway Stargatt & Taylor, LLP ; 1000 West Street, 17th Floor-P.O. Box 391 Wilmington, DE 19899-0391<br>(FOR YOUR CONVENIENCE YOU MAY INSTEAD DELIVER DOCUMENTS VIA OVERNIGHT COURIER AT OUR EXPENSE TO WOLF, GREENFIELD & SACKS, P.C.) | DATE AND TIME<br>2/22/08<br>5:00 PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR *[signature]* | DATE 1/30/08 |
|---|---|

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
Michael Rader, BBO# 646990
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) as amended on December 1, 2007 on next page)

AO88 (Rev. 12/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 1/31/08 | 2711 CENTERVILLE RD WILM DE 19808 |

SERVED: BSH Home Appliances Corporation

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MARY DRUMMOND | By HAND AT 3:18 PM |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| BEN LOUGHEED | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   1/31/08
DATE

Ben Lougheed
SIGNATURE OF SERVER

230 N MARKET ST
ADDRESS OF SERVER

WILM DE 19801

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>DEFENDANTS. | Civil Action No. 07-017 GMS<br><br>**JURY TRIAL DEMANDED** |

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

1. When referring to a person, "IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

2. When referring to DOCUMENTS, "IDENTIFY" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

3. "CONCERNING" means referring to, describing, evidencing, or constituting.

4. "DOCUMENT" has the broadest meaning accorded that term by Fed. R. Civ. P. 34(a) and includes, but is not limited to, all of the items defined in Fed. R. Evid. 1001, all non-identical copies, and all preliminary and final drafts of any such item.

5. "KEURIG" means Keurig, Incorporated.

6. The term "DEFENDANTS'" shall mean Kraft Foods Global, Inc., Tassimo Corp., and Kraft Foods Inc., and any parent corporations or organizations, predecessor corporations or organizations, successor corporations or organizations, divisions, subsidiaries, affiliated or related companies or organizations, including, but not limited to, its officers, directors, employees, and agents.

7. The terms "BOSCH," "YOU," "YOURS," and related terms shall mean BSH Home Appliances Corp.

8. "The '762 PATENT" means United States Patent No. 6,607,762.

9. "PRIOR ART" includes, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102, 103.

10. If YOU object to producing a DOCUMENT because of an asserted privilege or protection, the DOCUMENT must still be described in sufficient detail for KEURIG to assess the applicability of the asserted privilege or protection. Accordingly, YOU must supply a list of the DOCUMENTS for which an asserted privilege or protection is claimed, indicating:

   a. The identify of each DOCUMENT'S author(s), writer(s), sender(s), or initiator(s);
   b. The identit(ies) of each DOCUMENT'S recipient(s), addressee(s), or party(ies) for whom it was intended;
   c. The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;
   d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and
   e. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

11. The DOCUMENTS and things requested herein are to be produced at **Young Conaway Stargatt & Taylor, LLP 1000 West Street, 17th Floor-P.O. Box 391 Wilmington, DE 19899-0391**. For your convenience, YOU may instead deliver documents via FedEx or other overnight courier to Wolf, Greenfield & Sacks, PC, 600 Atlantic Ave., Boston, MA 02210 at our expense.

12. "T-DISC" means any beverage filter cartridges sold or offered to be sold under the registered trademarks TASSIMO or T-DISC.

13. "DEFENDANTS' PRODUCTS" means any beverage filter cartridges sold or offered to be sold under the registered trademarks TASSIMO or T-DISC, any beverage dispensers that utilize such beverage filter

cartridges, and any other products sold or offered to be sold for use with such beverage dispensers, regardless of whether the product is designed, manufactured, sold or offered to be sold by DEFENDANTS or by a third party.

## REQUESTS

1.  All DOCUMENTS and things CONCERNING the DEFENDANTS' PRODUCTS, including but not limited to the design, marketing, efficacy, or function of the DEFENDANTS' PRODUCTS, as well as alternative designs and alternative products considered by YOU for possible use as beverage filter cartridges.

2.  All correspondence CONCERNING the DEFENDANTS' PRODUCTS, both internal and external to YOU.

3.  All DOCUMENTS and things CONCERNING the conception, design, development or reduction to practice of DEFENDANTS' PRODUCTS, including, without limitation, sketches, drafts, models, prototypes, drawings, memoranda and test results.

4.  All papers, publications, writings, and presentations CONCERNING the DEFENDANTS' PRODUCTS, whether or not prepared by YOU or any of YOUR employees, agents or consultants.

5.  All DOCUMENTS and things describing or characterizing the design, features, performance characteristics, or other attributes of DEFENDANTS' PRODUCTS.

6.  All DOCUMENTS and things CONCERNING the marketing or advertising of the DEFENDANTS' PRODUCTS.

7.  All DOCUMENTS CONCERNING spokespeople and/or consultants for YOU with respect to DEFENDANTS' PRODUCTS.

8.  All memoranda, reports, studies, prospectuses, correspondence, sales or profit projections, and presentations CONCERNING any business, financial, or marketing planning or budgeting for DEFENDANTS' PRODUCTS.

9.  DOCUMENTS sufficient to show the monthly unit and dollar gross sales of each of DEFENDANTS' PRODUCTS since YOUR first sales thereof, as well as the net sales of each of DEFENDANTS' PRODUCTS, and corresponding costs.

10. All DOCUMENTS CONCERNING sales, revenues, costs and profits and/or profit projections for DEFENDANTS' PRODUCTS.

11. All DOCUMENTS IDENTIFYING entities that compete with DEFENDANTS in any market for beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

12. All DOCUMENTS CONCERNING products or procedures that compete with any of DEFENDANTS' PRODUCTS.

13. Price lists for DEFENDANTS' PRODUCTS.

14. All agreements, licenses, and other contracts between you and any one or more of the DEFENDANTS.

15. All agreements, licenses, and other contracts to which any one or more of DEFENDANTS is or was a party CONCERNING any patent related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

16. All agreements, licenses, and other contracts to which any one or more of DEFENDANTS is or was a party CONCERNING any rights in any of DEFENDANTS' PRODUCTS.

17. DOCUMENTS sufficient to show the identities and locations of all manufacturers, wholesalers or other sources of DEFENDANTS' PRODUCTS.

18. DOCUMENTS sufficient to show the identities and locations of all persons or entities to whom YOU sell, have sold or have offered for sale, any DEFENDANTS' PRODUCTS since January 10, 2007.

19. All DOCUMENTS CONCERNING the design, use and efficacy of products described in any patents and pending patent applications related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges in which any one or more of DEFENDANTS has an interest, including without limitation an ownership interest or license.

20. All DOCUMENTS and things CONCERNING KEURIG, its products, or the '762 PATENT.

21. All DOCUMENTS and things CONCERNING any evaluation of DEFENDANTS' PRODUCTS, including, without limitation, any comparisons of the DEFENDANTS' PRODUCTS with any of KEURIG'S products, the '762 PATENT, or any other KEURIG products and patents, any consideration, investigation, test,

or analysis CONCERNING whether any DEFENDANTS' PRODUCTS is within the scope of any claim of the '762 PATENT or any other KEURIG patent and any steps taken by DEFENDANTS to design around, or otherwise attempt to avoid infringement of, the '762 PATENT.

22. All data and projections, whether internal to DEFENDANTS or from an outside source, CONCERNING revenues, growth, market share, competition or trends CONCERNING beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges, from 2003 to the present.

23. All communications (including drafts thereof) between YOU and any one or more of the DEFENDANTS.

24. All DOCUMENTS and things CONCERNING YOUR intra-company communications, or any communications between YOU and any other person or entity, CONCERNING this action, KEURIG, or the '762 PATENT.

25. Any Board of Directors minutes CONCERNING KEURIG and/or the '762 PATENT.

26. All DOCUMENTS or things CONCERNING training programs YOU provide for use of DEFENDANTS' PRODUCTS.

27. All business plans, marketing plans, analyses, studies statements to shareholders and press releases CONCERNING DEFENDANTS' PRODUCTS.

28. All DOCUMENTS CONCERNING royalty rates for licensing of intellectual property related to beverage filter cartridges or beverage dispensers that utilize beverage filter cartridges.

29. All DOCUMENTS CONCERNING DEFENDANTS' market share for DEFENDANTS' PRODUCTS.

30. All customer lists for the DEFENDANTS' PRODUCTS.

31. All DOCUMENTS and things CONCERNING this litigation.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on February 4, 2008, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard L. Horwitz, Esquire
>*rhorwitz@potteranderson.com*
>David E. Moore, Esquire
>*dmoore@potteranderson.com*
>Potter Anderson & Corroon LLP
>Hercules Plaza
>1313 North Market Street, 6th Floor
>Wilmington, Delaware 19801

Additionally, I hereby certify that on February 4, 2008, copies of the foregoing document were served by hand delivery and email on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

### BY E-MAIL

>David Schlitz, Esquire
>*david.schlitz@bakerbotts.com*
>Baker Botts L.L.P
>The Warner
>1299 Pennsylvania Ave., NW
>Washington, D.C. 20004-2400.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Karen E. Keller
>John W. Shaw (No. 3362)
>*jshaw@ycst.com*
>Karen E. Keller (No. 4489)
>*kkeller@ycst.com*
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>(302)-571-6600
>*Attorneys for Plaintiff Keurig, Incorporated*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on February 4, 2008, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> *rhorwitz@potteranderson.com*
> David E. Moore, Esquire
> *dmoore@potteranderson.com*
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> Wilmington, Delaware 19801

Additionally, I hereby certify that on February 4, 2008, copies of the foregoing document were served by hand delivery and email on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

### BY E-MAIL

> David Schlitz, Esquire
> *david.schlitz@bakerbotts.com*
> Baker Botts L.L.P
> The Warner
> 1299 Pennsylvania Ave., NW
> Washington, D.C. 20004-2400.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302)-571-6600
*Attorneys for Plaintiff Keurig, Incorporated*