## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEURIG, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-17 (GMS) |
| | ) | |
| KRAFT FOODS GLOBAL, INC., | ) | |
| TASSIMO CORPORATION, and | ) | **JURY TRIAL DEMANDED** |
| KRAFT FOODS INC., | ) | |
| | ) | |
| Defendants | ) | |

### NOTICE OF SUBPOENA *DUCES TECUM AND AD TESTIFICANDUM*

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, a subpoena *duces tecum and ad testificandum* will be served on Maurice E. Gauthier,

Esquire. A true and correct copy of the subpoena is attached hereto.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel. 202-639-7700

Dated: February 5, 2008
846484 / 31118

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    Tel: 302-984-6169
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo Corporation,*
*and Kraft Foods Inc.*

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____ District of Massachusetts

KEURIG, INCORPORATED

V.

KRAFT FOODS GLOBAL, INC.,
TASSIMO CORPORATION, and
KRAFT FOODS INC.,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-cv-00017-GMS

Pending before the United States District Court
for the District of Delaware

TO: Maurice E. Gauthier, Esq.
225 Franklin Street, Suite 2300
Boston, MA 02110

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.  The deposition will be recorded by stenographic, audio, and/or videographic means.

| PLACE OF DEPOSITION    Baker Botts LLP<br>30 Rockefeller Plaza; New York, NY 10112-4498 | DATE AND TIME<br>3/10/2008 10:00 am |
|---|---|

☑. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE    Baker Botts LLP<br>The Warner; 1299 Pennsylvania Ave., NW; Washington, D.C. 20004-2400 | DATE AND TIME<br>3/3/2008 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendants | DATE<br>5 Feb. 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William S. Foster, Jr.
Baker Botts LLP; The Warner; 1299 Pennsylvania Ave., N.W.; Washington, D.C. 20004-2400  (202) 639-7700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

A.    The terms "You" and "Your" shall refer to you, Maurice E. Gauthier, Esq. of Gauthier & Connors, LLP.

B.    The terms "Keurig," and "Plaintiff," shall mean Plaintiff, Keurig Corporation, any parent corporations or organizations, predecessor corporations or organizations, successor corporations or organizations, divisions, subsidiaries, affiliated or related companies or organizations, Including, but not limited to, its officers, directors, employees, and agents.

C.    The term "the Kraft Defendants" shall mean Defendants Kraft Foods Global, Inc., Tassimo Corporation, and Kraft Foods, Inc.

D.    The term "Communication" shall mean, without limitation, the transmission of a word, statement, fact, thing, idea, Document (as defined below), instruction, demand or question, Including but not limited to meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences or seminars.

E.    The term "Document" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure and shall include, but not be limited to, every writing or record of any type that is in Your possession, custody, or control and that is kept by electronic, photographic, mechanical, or other means. For purposes of these requests for Documents, any Document that contains a note, comment, addition, deletion, modification, or otherwise comprises a non-identical copy of another Document shall be treated as a separate Document subject to identification.

F.    The term "Person" or "Persons" shall mean any natural Person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and their officials, directions, officers, employees, representatives, and agents.

G.    "Concerning" shall mean, without limitation, referring to, alluding to, responding to, relating to, connected with, in connection with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, containing, pertaining to, evidencing, supporting or refuting.

H.    The term "Patent-in-Suit" shall mean United States Patent No. 6,607,762, entitled "Disposable Single Serve Beverage Cartridge."

I.    The term "Beverage Filter Cartridge" shall mean any cartridge, capsule, pod, or any other container in which soluble beverage medium is stored.

J.    The term "Patent Family" shall mean and include collectively and individually any patent application, file histories, or resulting patent(s) from any country or sovereign that claims priority to the Patent-in-Suit, that claims subject matter, in whole or in part, from the same source as the Patent-in-Suit, or that claims subject matter, in whole or in part, common to the Patent-in-Suit, Including, but not limited to, all parent, continuation, continuation-in-part, divisional, reexamination, and resissue applications, file histories, and patents.

K.    The term "Prior Art," shall mean, without limitation, the subject-matter described in 35 U.S.C. §§ 102, 103.

L.    The term "Named Inventors" shall mean Nicholas G. Lazaris and Roderick H. Beaulieu.

M.    "Any" and "All" shall mean "any and all," which includes "each and every."

N.     All electronically stored information ("ESI") must be produced in TIFF format with OCR text in accordance with Rule 33(b)(ii) of the Federal Rules of Civil Procedure, which requires that "a responding party must produce [ESI] . . . in a form or forms that are reasonably usable."

O.     If You withhold any requested Documents by reason of a claim of privilege or attorney work product, or objects to any part of this request for production, You shall furnish a list identifying each such Document for which the claim of privilege is made or to which the objection relates, together with the following information:

     i.    the identity of the Document, Including the exact name and title of the Document, the number of pages, attachments, or appendices to the Document, and all serial or identification numbers appearing on the Document;

     ii.    a general description of the Document;

     iii.    the name of the writer, sender, or initiator of the Document;

     iv.    the name of all recipients of the Document (Including the addressees and any indicated or blind copies);

     v.    the date of the Document;

     vi.    the number of the Request for Production to which the Document relates;

     vii.    the reason(s) for each objection or claim of privilege; and

     viii.    the identity of each Person having knowledge of the actual basis, if any, on which the privilege or other ground for objection is based.

P.     The use of the singular form of any word includes the plural and vice versa.

Q.     The connectives "and" and "or" shall be construed as broadly as possible so as to bring within the scope of the definitions and Document requests all matters which by any other construction would fall outside their scope.

R.     "Including" shall be construed to mean "without any limitation."

S.    The past tense shall include the present tense and the present tense shall include the past so as to make the request inclusive rather than exclusive.

T.    Pursuant to a Protective Order entered by the United States District Court for the District of Delaware on August 1, 2008, any confidential Documents You produce to the Kraft Defendants in response to this subpoena *duces tecum* may be designated "Confidential" or "Confidential - Attorneys' Eyes Only." The Protective Order is attached as Exhibit 1.

### REQUESTS

1.    All Documents and things Concerning the Named Inventors' and/or all Documents and things Concerning the conception of the alleged invention claimed in each claim of the Patent-in-Suit, Including, but not limited to, Documents that evidence date of conception and what was conceived as of that date.

2.    All Documents and things Concerning the reduction to practice of the alleged invention, both actual and/or constructive reduction to practice, claimed in each claim of the Patent-in-Suit, Including, but not limited to, Documents that evidence the date of reduction to practice and what was reduced to practice on that date.

3.    All Documents Concerning any development work performed from the conception until the reduction to practice of the alleged invention, both actual and/or constructive reduction to practice, claimed in each claim of the Patent-in-Suit, Including, but not limited to, Documents and things that evidence the development work such as samples of models, prototypes, or mock-ups of any products that embody the alleged invention recited in each claim of the Patent-in-Suit.

4.    All Documents that show the earliest date that each alleged invention disclosed or claimed in the Patent-in-Suit was ready for patenting.

5.    Any Documents that describe the inventions disclosed in U.S. Provisional Patent Application No 60/183,569 filed on February 18, 2000, Including but not limited to any drawings or written descriptions of each of the alleged inventions.  This request includes, but is not limited to any invention disclosure statements submitted to You by Keurig, Documents submitted to You from any other law firm, and any other Persons' research and development Concerning the alleged inventions claimed in the Patent-in-Suit.

6.    Any Documents Concerning Persons who participated in the research, design, or development of the alleged inventions claimed in the Patent-in-Suit.

7.    All Documents that describe the inventions claimed in U.S. Patent Application No. 09/782,665, filed February 13, 2001, Including, but not limited to, any drawings or written descriptions of each of the alleged inventions.  This request includes but is not limited to any invention disclosure statements submitted to You by Keurig and any Documents submitted to You from any other law firm.

8.    All Documents other than Documents responsive to requests 1-7 above, that describe the inventions claimed in the Patent-in-Suit.

9.    Documents Concerning the specific contribution made by each contributor to each alleged invention described or claimed in the Patent-in-Suit, whether or not such contributor(s) is a Named Inventor.

10.    All Documents and things constituting Communications between You and Keurig or the Named Inventors Concerning the alleged inventions claimed in the Patent-in-Suit and/or Concerning the Patent-in-Suit.

11.    All Documents and things Concerning Prior Art to the alleged inventions in the Patent-in-Suit and/or Concerning the Patent-in-Suit.

12. All Documents and things constituting Communications between the Named Inventors and any Person other than the Keurig Concerning the alleged inventions in the Patent-in-Suit and/or Concerning the Patent-in-Suit.

13. All Documents and things constituting Communications between Keurig and any Person other than the Named Inventors Concerning the alleged inventions in the Patent-in-Suit and/or Concerning the Patent-in-Suit.

14. All Documents Concerning the disclosure, prior to February 13, 2001, of the alleged invention claimed in each claim of the Patent-in-Suit to a Person other than Keurig or its legal counsel.

15. All Documents and things Concerning the sale or offer for sale, prior to February 13, 2001, of any apparatus that practices the invention claimed in one or more claims of the Patent-in-Suit.

16. All Documents and things Concerning public use or demonstration, whether experimental or otherwise, of any of the alleged inventions claimed in the Patent-in-Suit, by the Named Inventors, Keurig or any other Person, prior to February 13, 2001.

17. All Documents published prior to February 13, 2001, which describe any of the alleged inventions claimed in the Patent-in-Suit.

18. All Documents and things Concerning any patentability, Prior Art, or state of the art search, study, or analysis relating to the subject matter of the Patent-in-Suit and Patent Family, Including but not limited to any reports of any search, study or analysis, other Documents identifying any Prior Art uncovered in any search, study or analysis, and any Prior Art identified.

19.    All Documents or things created prior to February 13, 2001 or dated prior to February 13, 2001, Concerning the subject matter of any claim during the pendency of U.S. Patent Application No. 09/782,665, which were in Your possession during the pendency of the prosecution of U.S. Patent Application No. 09/782,665, but which were not submitted to the United States Patent and Trademark Office.

20.    All Documents and things Concerning Kenco Singles™ brewing machines and/or Kenco Singles™ Beverage Filter Cartridges.

21.    All Documents and things reviewed or relied on by Keurig in deciding what subject matter to claim in U.S. Patent Application No. 09/782,665.

22.    All Documents identifying Persons within Keurig involved in the preparation and prosecution of U.S. Patent Application No. 09/782,665.

23.    All Documents identifying Persons, other than Persons within Keurig, involved in the preparation and prosecution of U.S. Patent Application No. 09/782,665.

24.    All Documents Concerning Keurig's decisions to file U.S. Provisional Patent Application No 60/183,569 and U.S. Application 09/782,665.

25.    All Documents and things Concerning the preparation and prosecution of U.S. Patent Application No. 09/782,665.

26.    All Documents Concerning the prosecution of any patent applications in any foreign country claiming priority to the Patent-in-Suit or disclosing or claiming subject matter, in whole or in part, corresponding to that claimed in the Patent-in-Suit, Including any Documents filed or submitted by You, Keurig or any other Person, any office actions, and any Documents identifying Prior Art.

27.    All Documents Concerning any opposition to any patent applications in any foreign country claiming priority to the Patent-in-Suit or disclosing or claiming subject matter, in whole or in part, corresponding to that claimed in the Patent-in-Suit, Including any Documents filed or submitted by You, Keurig or any other Person, any office actions, and any Documents identifying Prior Art.

28.    All Documents and things Concerning any secondary considerations of non-obviousness of the Patent-in-Suit, Including, without limitation, commercial success, long felt need, or industry recognition.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEURIG, INCORPORATED,

        Plaintiff,

v.

KRAFT FOODS GLOBAL, INC.,
TASSIMO CORPORATION, and
KRAFT FOODS INC.,

        Defendants.

Civil Action No. 07-017-GMS

## STIPULATED PROTECTIVE ORDER

    The parties anticipate that discovery in this case will involve the disclosure of confidential or highly confidential information, including trade secrets and other confidential research, development, product, marketing, financial or commercial information, and therefore agree to the following Protective Order under Rule 26 of the Federal Rules of Civil Procedure.

    1.    Designation of Confidential Material.

        (a)    General. Any documents, materials, tangible things, items, testimony or other information filed with the Court, or produced or provided by any party in this litigation or third party in connection with this litigation ("Producing Party" or "Designating Party") to a party in this litigation ("Receiving Party"), may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only." All such information and material derived from it constitutes "Designated Material" under this Protective Order.

        (b)    Confidential Designation. A Designating Party may designate as "Confidential" any document, material, item, deposition testimony, or information that is filed

with the Court or produced in discovery in this action and is or contains confidential technical, research, development, private, financial, or commercial information of the Designating Party.

      (c)    Confidential - Attorneys' Eyes Only Designation.  A Designating Party may designate as "Confidential - Attorneys' Eyes Only" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and is or contains highly confidential research, development, product, marketing, financial, commercial, or proprietary information , the disclosure of which, to persons other than those described in Paragraph 4 below, the Designating Party in good faith believes could be likely to harm the Designating Party's competitive position.

      (d)    Designation Procedure.  A party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items or information, or portions thereof, at the time such information is disclosed, or when the party seeking protection becomes aware of the nature of the information disclosed and sought to be protected.  Designation shall be made by marking or stamping the documents, materials, items or information "Confidential" or "Confidential - Attorneys' Eyes Only" on all pages (or, if applicable, paragraphs).  In the case of information stored on electronic media, the items produced shall be marked or stamped on the media if technically and economically feasible.  In the case of information produced for inspection, but not yet provided to the inspecting party, such information shall presumptively be deemed "Confidential - Attorneys' Eyes Only," regardless of whether so identified, until copies thereof are produced to the inspecting party.  The designation of "Confidential" or "Confidential - Attorneys' Eyes Only" shall be understood to encompass not only the material expressly designated, but also any information developed therefrom, and all copies, recordings, abstracts, excerpts, analysis, and summaries thereof, as well as testimony and oral conversations derived

DB02:6151921.1                                                          065927.1001

therefrom and related thereto. However, nothing in this Protective Order shall bar or otherwise

restrict any outside counsel or in-house counsel from discussing this Action or rendering legal

advice to his or her client with respect to this litigation and, in the course thereof, relying upon

his or her examination of Confidential materials or Confidential - Attorneys' Eyes Only Material,

provided that in rendering such advice or in other communication with his or client, such counsel

shall not make any disclosure of "Confidential" materials or "Confidential - Attorneys' Eyes

Only" material to any person not entitled to have access to it.

(e)   Designation Procedure For Deposition Testimony. With respect to

deposition testimony, the witness under deposition, or his/her counsel, or any counsel

representing any person at the deposition, shall invoke the provisions of this Protective Order in

a timely manner, giving adequate warning to all persons present that testimony about to be given

or solicited is "Confidential" or "Confidential - Attorneys' Eyes Only." The provisions of this

paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof,

at any time during the deposition. Counsel attending a deposition who inadvertently fails to

designate any portion of the deposition transcript pursuant to this Protective Order on the record

at the deposition shall have thirty (30) days following mailing of the transcript by the court

reporter in which to correct the failure. Notice of such correction shall be made in writing to the

reporter, with copies to all other counsel of record, designating the portion(s) of the transcript

that contain confidential information, and directing that such portion(s) of the transcript be

marked accordingly. Until such thirty (30) days after mailing of the transcript by the court

reporter has passed, the entire transcript shall be treated as "Confidential - Attorneys' Eyes

Only."

3

2.    <u>Use of Designated Material.</u>  Designated Material shall be used by a Receiving Party solely for purposes of this litigation, and not for another litigation, business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order.

3.    <u>Access to Material Designated "Confidential."</u>  In the absence of express written permission from the producing party or an Order of this Court, material designated "Confidential" under this Protective Order, and copies, extracts, compilations, summaries and other materials that include or reflect such Designated Material, may be given, shown, made available, or communicated in any way only to those persons authorized to receive material designated "Confidential - Attorneys' Eyes Only" as set forth below, and up to three employees of the Parties, but subject to and only after compliance with the provisions of Paragraph 7 below. Material designated "Confidential" may be submitted to the Court only if submitted under seal in accordance with Paragraph 9 below.

4.    <u>Access to Material Designated "Confidential - Attorneys' Eyes Only."</u>  In the absence of express written permission from the Producing Party or an Order of this Court, material designated "Confidential - Attorneys' Eyes Only" under this Protective Order, and copies, extracts, compilations, summaries, and other materials that include or reflect such Designated Material, may be given, shown, made available, or communicated in any way only to:

(a)    outside litigation attorneys for the parties who are attorneys of record in this case and their staffs, including outside vendors that may be necessary for litigation support;

(b)    qualified persons taking testimony involving "Confidential - Attorneys' Eyes Only" information, and necessary stenographic and clerical personnel thereof;

4

(c)    the Receiving Party's independent consultants or experts and their staffs ("Experts"), who have been retained for the purpose of this Action by the Receiving Party, but subject to and only after compliance with the provisions of Paragraph 7 below, and with disclosure only to the extent necessary to perform such work;

(d)    any mediator retained by the parties jointly or appointed by the Court, provided that such mediator has a duty of confidentiality; and

(e)    the Court and its staff.

5.    <u>Access to Designated Material</u>.  In addition, Designated Material (Confidential or Confidential -Attorneys' Eyes Only) may be shown to persons identified on the face of the material or the metadata as authors or recipients of the Designated Material during deposition or trial testimony and in the course of reviewing transcripts of such testimony with outside trial counsel, however, such authors and recipients shall not, without written approval from the Designating Party, remove copies of Designated Material from the location of their testimony or the office of the outside counsel assisting in the review of any transcript.  In addition, such authors and recipients, may not, without written approval from the Designating Party, retain copies of any Designated Material or notes disclosing the contents of such Designated Material.

6.    <u>Prohibition To Assisting Or Participating In Patent Prosecution</u> .  During the pendency of this Action and for a period of one (1) year following its full final conclusion (including appeals) as to each party, any person who receives any "Confidential" or "Confidential - Attorneys' Eyes Only" material shall not directly or indirectly assist or participate in the drafting, filing, or prosecution of any part of any patent application that claims priority to the patent-in-suit (U.S. Patent No. 6,607,762), or any parent, continuation, continuation-in-part, division, reissue, reexamination or foreign counterpart of the patent-in-suit.

065927.1001

This provision, however, does not limit or restrict Keurig's obligation to notify the United States

Patent and Trademark Office ("USPTO") of the existence of this patent litigation, prior art cited

during this Action, or any invalidity contention made by the defendants that would give rise to a

duty to disclose information to the USPTO.

      7.      <u>Clearance Procedure for Experts and Employees of the Parties</u>. Designated

Material may be provided to an independent Expert and up to three employees of the Parties

only after ten (10) business days following written notice to the Designating Party of the

proposed disclosure to the Expert or employee of a Party. With the written notice shall be

included a fully executed copy of the Acknowledgement attached hereto as Exhibit A, completed

by the Expert or employee of a Party. If the Designating Party objects, in writing, to disclosure

of Designated Material to the Expert or employee of a Party within the ten (10) day period, no

disclosure of Designated Material may be made to the Expert or employee of a Party. If the

parties cannot resolve the issue, the party objecting to the proposed disclosure may thereupon

seek an appropriate order from the Court disqualifying the Expert or protecting against the

proposed disclosure to the Expert or employee of a Party. Until the Court rules on the matter, no

disclosure of Designated Material to the Expert or employee of a Party shall be made.

      8.      <u>Treatment of Designated Material</u>. Copies of Designated Material may only be

made where reasonably necessary to prepare work product or conduct proceedings in this

litigation.

      9.      <u>Filing of Designated Material with the Court</u>. Where filed with the Court (as

pleadings or evidence), Designated Material shall be delivered sealed to the Clerk of the Court

and shall not be available to public inspection. Envelopes or containers used to seal such

documents shall bear the notation, "THIS DOCUMENT CONTAINS CONFIDENTIAL

      

INFORMATION AND IS BEING SUBMITTED UNDER SEAL PURSUANT TO A
PROTECTIVE ORDER" and shall state the party or person who designated any confidential
information that the document contains.  Where appropriate, the envelope or container shall bear
the additional notation, "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  No such sealed
envelope or container shall be provided to any individual not otherwise permitted to view the
relevant Designated Material under this Protective Order.

      10.     Errors in Designation.  A Producing Party that inadvertently fails to designate an
item pursuant to this Protective Order at the time of the production shall make a correction
promptly after becoming aware of such error.  Such correction and notice thereof shall be made
in writing accompanied by substitute copies of each item, appropriately designated.  Those
individuals who reviewed the documents or information prior to notice of the failure to designate
by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or
destroy all copies of such undesignated documents and shall honor the provisions of this
Protective Order with respect to the use and disclosure of any confidential information contained
in the undesignated documents, from and after the date of designation.

      11.     Improper Disclosure.  If information designated pursuant to this Protective Order
is disclosed to any person other than in the manner authorized by this Protective Order, the party
responsible for this disclosure must immediately bring all pertinent facts relating to such
disclosure to the attention of the Designating Party, without prejudice to other rights and
remedies of the Designating Party, and shall make every effort to prevent further improper
disclosure.

      12.     Objections to Designations.  If at any time during the pendency of this litigation
any party claims that information is not appropriately designated (the "Objecting Party"), the

7

Objecting Party may serve a captioned notice of objection on the Designating Party. Within ten(10) calendar days of receiving such notice, the Designating Party shall respond in writing. If the Designating Party and the Objecting Party cannot resolve the dispute by informal conference, the Objecting Party may move for an order from the Court for re-designation within ten (10) calendar days from service of the Designating Party's written response. The original designation shall remain effective until three (3) days after the Court's entry of an order re-designating the materials.

13.     Use of Designated Material at Trial. If a party seeks to introduce Designated Material into evidence at trial, that party shall promptly inform the Court of the confidential nature of the information and request that only the jury, Court personnel, and those persons permitted access to such information under this Protective Order be present in the courtroom during the presentation of such evidence. The designation of trial transcripts shall be handled in the same manner as deposition transcripts unless the Court sets a different procedure for trial.

14.     Inadmissibility of Designation. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential or a trade secret.

15.     Inadvertent Production. Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product and no Producing Party shall be held to have waived any rights

8

hereunder by inadvertent production. If a Producing Party discovers that materials protected byte attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the Producing Party shall promptly give written notice to counsel for the Receiving Party. The Receiving Party shall take prompt steps to ensure that all known copies of such material are returned to the Producing Party. The Receiving Party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

        16.     Final Disposition of Designated Material. Upon termination of this litigation following settlement or final judgment (including exhaustion of all appeals), the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to its counsel, within sixty (60) days. However, attorneys of record may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes. If Designated Material is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a certification identifying when and how the destruction was performed.

        17.     Survival. The terms of this Protective Order shall survive termination of this litigation.

9

DATED:  July 31, 2007


_____Karen E. Keller_____          _____Richard L. Horwitz_____
John W. Shaw (No. 3362)                    Richard L. Horwitz (No. 2246)
Karen E. Keller (No. 4489)                 Kenneth L. Dorsney (No. 3726)
YOUNG CONAWAY STARGATT &                   POTTER ANDERSON & CORROON L.L.P.
TAYLOR, LLP                                Hercules Plaza, 6th Floor
The Brandywine Building                    1313 North Market Street
1000 West Street, 17th Floor               Wilmington, DE  19801
Wilmington, DE 19801                       302-984-6000
302-571-6600                               rhorwitz@potteranderson.com
kkeller@ycst.com

Michael A. Albert                          David M. Schlitz
Michael N. Rader                           William S. Foster, Jr.
Laura Topper                               BAKER BOTTS L.L.P.
WOLF, GREENFIELD & SACKS, P.C.             1299 Pennsylvania Avenue, N.W.
600 Atlantic A venue                       Washington, D.C.  20004
Boston, MA 02210                           202-639-7700
617-646-8000


*Attorneys for Plaintiff*                  *Attorneys for Tassimo Corporation, Kraft*
*Keurig, Incorporated*                     *Foods Global, Inc. and Kraft Foods Inc.*



**SO ORDERED:**

DATED:  _____, 2007



                  _____
                     United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEURIG, INCORPORATED,

                Plaintiff,

v.

KRAFT FOODS GLOBAL, INC.,
TASSIMO CORPORATION, and
KRAFT FOODS INC.,

                Defendants.

Civil Action No. 07-017-GMS

## **ACKNOWLEDGEMENT**

I, _____, declare as follows:

1.    My present employer is _____.

2.    My business address is _____.

3.    My occupation is _____.

4.    In the past 12 months, I have consulted and/or served as an expert for the

following companies (attach additional sheets if necessary): _____

_____.

5.    I have reviewed a copy of the Protective Order in this action, and I understand and

agree to be bound by its terms and provisions.

6.    I will hold in confidence, will not disclose to anyone not qualified or cleared

under the Protective Order, and will use only for approved purposes in this litigation, any

"Confidential" or "Confidential - Attorneys' Eyes Only" information which is disclosed to me.

    065927.1001

7.      I will return all "Confidential" or "Confidential - Attorneys' Eyes Only" information which comes into my possession, and all documents or things which I prepare relating thereto, to outside litigation counsel for the party by whom I am employed or retained.

8.      I hereby submit myself to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Protective Order in this litigation.

9.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


DATED: _____


_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 5, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 5, 2008, the attached document was Electronically Mailed to the following person(s):

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com
kkeller@ycst.com

Michael A. Albert
Michael N. Rader
Laura Topper
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com
ltopper@wolfgreenfield.com

By: _/s/ David E. Moore_____
      Richard L. Horwitz
      Kenneth L. Dorsney
      Potter Anderson & Corroon LLP
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      P.O. Box 951
      Wilmington, DE 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

805682 / 31118