## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEURIG, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-17 (GMS) |
| | ) | |
| KRAFT FOODS GLOBAL, INC., | ) | **JURY TRIAL DEMANDED** |
| TASSIMO CORPORATION, and | ) | |
| KRAFT FOODS INC., | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF RULE 30(b)(6) DEPOSITION
### OF KEURIG, INCORPORATED (TOPIC NOS. 71-87)

PLEASE TAKE NOTICE that on March 14, 2008 at 9:00 a.m. at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 1313 N. Market Street, Wilmington, DE 19899, or at such other time and place as agreed by the parties, Defendants Kraft Foods Global, Inc., Tassimo Corporation, and Kraft Foods, Inc. (collectively, "Kraft Defendants"), pursuant to Fed. R. Civ. P. 26 and 30, shall take the deposition upon oral examination of Plaintiff Keurig, Incorporated. The deposition will continue from day to day until completed and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths. The deposition will be recorded by stenographic, sound and video means.

Pursuant to Fed. R. Civ. P. 30(b)(6), Keurig shall designate one or more officers, directors, managing agents or other representatives who consent to testify on its behalf, to testify to matters known or reasonably available to Keurig regarding the topics listed herein. To the extent more than one deponent is identified, Keurig shall state in advance of the deposition which portions of this notice each deponent is prepared to address. You are invited to attend and exercise your rights under the Federal Rules of Civil Procedure.

## Definitions and Instructions

A.    "Concerning" shall mean, without limitation, referring to, alluding to, responding to, relating to, connected with, in connection with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, containing, pertaining to, evidencing, supporting or refuting.

B.    The term "Communication" shall mean, without limitation, the transmission of a word, statement, fact, thing, idea, document (as defined below), instruction, demand or question, Including but not limited to meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences or seminars.

C.    The term "Person" or "Persons" shall mean any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and their officials, directions, officers, employees, representatives, and agents.

D.    The terms "Keurig," and "Plaintiff," shall mean Plaintiff, Keurig Corporation, any parent corporations or organizations, predecessor corporations or organizations, successor corporations or organizations, divisions, subsidiaries, affiliated or related companies or organizations, Including, but not limited to, its officers, directors, employees, and agents.

E.    The term "Patent-in-Suit" shall mean United States Patent No. 6,607,762, entitled "Disposable Single Serve Beverage Cartridge."

F.    The term "Accused Products" shall mean all products that Keurig contends infringe the Patent-in-Suit.

G.    The term "Beverage Filter Cartridge" shall mean any cartridge, capsule, pod, or any other container in which soluble beverage medium is stored.

2

H.     The term "N-cup" shall mean the Beverage Filter Cartridge described as the N-cup in Keurig's Home Unit Portion Pack Advancement agreement with Insight Product Development, LLC at KEU32668-KEU32676.

I.     The term "Prior Art," shall mean, without limitation, the subject-matter described in 35 U.S.C. §§ 102, 103.

J.     "Any" and "All" shall mean "any and all," which includes "each and every."

K.     The use of the singular form of any word includes the plural and vice versa.

L.     The connectives "and" and "or" shall be construed as broadly as possible so as to bring within the scope of the definitions and document requests all matters which by any other construction would fall outside their scope.

M.     "Including" shall be construed to mean "without any limitation."

N.     The past tense shall include the present tense and the present tense shall include the past so as to make the request inclusive rather than exclusive.

### Rule 30(b)(6) Deposition Topics

71.     All facts and circumstances Concerning the conception of the inventions claimed in the Patent-in-Suit.

72.     All facts and circumstances Concerning the reduction to practice of the inventions claimed in the Patent-in-Suit.

73.     All facts and circumstances Concerning the development or commercialization of the inventions claimed in the Patent-in-Suit.

74.     Keurig's knowledge of the permeability of the Accused Products, including, but not limited to, the filter and espresso Tassimo® discs.

75.     All facts and circumstances Concerning the testing of the permeability of Accused Products, as shown by, for example, KEU00020738-KEU00020739 and KEU00020761-KEU00020811.

76.     All facts and circumstances Concerning the development and commercialization of the N-cup.

77.    Communications between Keurig and any other Person Concerning the inventions claimed in the Patent-in-Suit.

78.    Communications between Keurig and any other Person Concerning the N-cup.

79.    All facts and circumstances Concerning Keurig's decision not to proceed with the commercialization the N-cup or any single-side pierced product.

80.    Analysis by Keurig Concerning the alleged infringement of the Accused Products by the Patent-in-Suit.

81.    All facts and circumstances Concerning Keurig's first determination that the Accused Products allegedly infringe the Patent-in-Suit.

82.    Keurig's knowledge of Prior Art to the inventions claimed in Patent-in-Suit.

83.    Communications between Keurig and any other Person Concerning Prior Art to the inventions claimed in Patent-in-Suit.

84.    Keurig's knowledge of Kenco Singles Beverage Filter Cartridges.

85.    Communications between Keurig and any other Person Concerning Kenco Singles Beverage Filter Cartridges.

86.    All facts and circumstances Concerning the discussion in the Patent-in-Suit Concerning the relative thickness of materials of components used in Beverage Filter Cartridges and the effect on piercability.

87.    All facts and circumstances Concerning the discussion in the Patent-in-Suit Concerning the relative permeability of materials used in Beverage Filter Cartridges.

POTTER ANDERSON & CORROON LLP


OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel. 202-639-7700


Dated: February 19, 2008
849347 / 31118

By:  /s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Tel: 302-984-6169
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Attorneys for Defendants
Kraft Foods Global, Inc., Tassimo Corporation,
and Kraft Foods Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 19, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 19, 2008, the attached document was Electronically Mailed to the following person(s):

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com
kkeller@ycst.com

Michael A. Albert
Michael N. Rader
Laura Topper
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com
ltopper@wolfgreenfield.com

By:  /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

805682 / 31118