# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KEURIG, INCORPORATED,

        Plaintiff,

    v.

KRAFT FOODS GLOBAL, INC.,
TASSIMO CORPORATION, and
KRAFT FOODS INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

C.A. No. 07-17 (GMS)

**JURY TRIAL DEMANDED**

## DEFENDANTS' MOTION FOR LEAVE TO FILE
## FIRST AMENDED ANSWERS AND COUNTERCLAIMS

## EXHIBITS A THROUGH F

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel. 202-639-7700

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: 302-984-6169
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

Dated: April 8, 2008
859316 / 31118

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KEURIG, INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-17 (GMS) |
| | ) |
| KRAFT FOODS GLOBAL, INC., | ) **JURY TRIAL DEMANDED** |
| TASSIMO CORPORATION, and | ) |
| KRAFT FOODS INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT KRAFT FOODS GLOBAL, INC.'S FIRST AMENDED ANSWER AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

In its Complaint filed January 10, 2007, Plaintiff Keurig, Incorporated ("Keurig") makes allegations collectively against all three defendants in this civil action. Defendant Kraft Foods Global, Inc. ("KFG"), by and through its undersigned counsel, hereby files this First Amended Answer and Counterclaims, individually and only for itself the allegations of the Plaintiff's Complaint and asserts its defenses and counterclaims as follows:

## I. ANSWER

### THE PARTIES

1.    On information and belief, admitted.

2.    Admitted.

3.    The allegations of Paragraph 3 are directed to a party other than KFG, to which no answer is required. To the extent a response may be required, KFG admits that Tassimo Corporation is a Delaware corporation with a mailing address of P.O. Box 6361, Dover, Delaware 19905 but KFG denies that Tassimo Corporation is a subsidiary of Kraft Foods Inc.

4.      The allegations of Paragraph 4 are directed to a party other than KFG, to which no answer is required.  To the extent a response may be required, KFG admits the allegations set forth in Paragraph 4 of the Complaint.

**JURISDICTION AND VENUE**

5.      Admitted.

6.      Admitted.

7.      Admitted that KFG is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.  The remaining allegation of Paragraph 7 of the Complaint requires a legal conclusion concerning which no answer is required.

8.      The allegations in Paragraph 8 of the Complaint require a legal conclusion and are directed at a party other than KFG, and therefore no answer is required.  To the extent a response may be required, KFG admits that Tassimo Corporation is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

9.      The allegations in Paragraph 9 of the Complaint require a legal conclusion and are directed at a party other than KFG, and therefore no answer is required.  To the extent a response may be required, on information and belief, KFG denies that Kraft Foods Inc. has business contacts with this judicial district, including the sale of products that are accused of infringement.

10.      KFG admits for itself that venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400.  The remaining allegations of Paragraph 10 of the Complaint are directed to parties other than KFG, to which no answer is required.  To the extent a response may be required for the remaining allegations, KFG admits that venue is proper with respect to Tassimo Corporation but KFG denies venue is proper with respect to Kraft Foods Inc.

2

## COUNT I

11.     KFG's answers to the allegations of the Complaint above are restated as though fully set forth herein.

12.     Admitted that a copy of U.S. Patent No. 6,607,762 ("the '762 Patent") is attached to the Complaint as Exhibit A.  KFG lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.     Admitted that KFG sells beverage media, including, but not limited to, coffee, in beverage filter cartridges under the registered trademark TASSIMO® and that such cartridges are sometimes referred to as T DISC® beverage filter cartridges or T DISC® cartridges, under the registered T DISC® trademark.  KFG denies that the beverage filter cartridges it sells are "commonly referred to as T DISCs."  The remaining allegations of Paragraph 13 of the Complaint are directed to parties other than KFG, to which no answer is required.  To the extent a response may be required for the remaining allegations, KFG admits that Tassimo Corporation sells beverage filter cartridges under the trademarks TASSIMO® and T DISC® but Tassimo denies that Kraft Foods Inc. sells beverage filter cartridges under the trademarks TASSIMO® and T DISC®.

14.     Denies.

15.     Denies.

16.     Denies.

17.     Denies.

18.     Denies.

### RELIEF REQUESTED

A-G.    KFG denies that Keurig is entitled to any relief, including the relief requested in paragraphs (A) through (G) of the Complaint.  Accordingly, Keurig's prayer for relief should be denied in its entirety and with prejudice, and Keurig should take nothing therefore.

## II.  DEFENSES

### First Defense

19.    KFG has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '762 Patent.

### Second Defense

20.    One or more claims of the '762 Patent are invalid because they fail to satisfy at least one of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

### Third Defense

21.    Keurig is barred from recovering damages prior to the filing of this action for failure to satisfy the marking requirement of 35 U.S.C. § 287(a).

### Fourth Defense

22.    The '762 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct (i.e., "fraud on the Patent Office").  Specifically, one of the named inventors, Mr. Nicholas Lazaris, knowingly withheld highly material information from the United States Patent and Trademark Office ("PTO") with an intent to deceive the PTO.

23.    The Kenco Singles Cartridge constitutes prior art under 35 U.S.C. §§ 102(a), (b). As a prior art reference, the Kenco Singles Cartridge was highly material to the prosecution of the '762 patent, and the application from which it issued, because the Kenco Singles Cartridge anticipates the claims of the '762 Patent, shows a more complete combination of features than

4

shown in the cited prior art, and is virtually identical in design and configuration to embodiments disclosed in the '762 Patent and the application from which it issued.

24.    According to the inventors, it was known in the prior art that the outlet for the beverage is formed by piercing the bottom of the relatively rigid plastic container, which has a higher resistance to piercing than the foil lid.  In the course of being punctured by the outlet probe, the bottom distorts inwardly and causes buckling of the sidewalls, resulting in leakage around the outlet.    Forming the outlet in the foil lid was central to Mr. Lazaris' claimed invention.

25.    Mr. Lazaris had detailed knowledge of the Kenco Singles Cartridge, including its structure and operation, prior to the invention, prior to the filing of the application for the '762 Patent, and during the prosecution thereof.  Mr. Lazaris knew that the outlet was formed in the foil lid on the bottom side of the Kenco Singles Cartridge.   More specifically, he knew the outlet was formed by piercing the foil lid.

26.    Mr. Lazaris disclosed two prior art patents to the PTO, both of which disclosed piercing the bottom of a rigid plastic container to form the outlet.  But he failed to disclose the Kenco Singles Cartridge.

27.    Mr. Lazaris withheld the Kenco Singles Cartridge from the PTO, with the intent to deceive the PTO.  Mr. Lazaris' intent to deceive the PTO can be inferred from the high degree of materiality of the Kenco Singles Cartridge and the facts and circumstances surrounding his overall conduct.

28.    Mr. Lazaris intentionally sought to obtain a patent from the PTO for subject matter that he knew to be within the public domain.

**Additional Defenses**

29.    There may be additional defenses to the cause of action alleged by Keurig that are currently unknown to KFG.  Therefore, KFG reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

**Exceptional Case**

30.    This is an exceptional case under 35 U.S.C. § 285 and, as such, KFG is entitled to recover from Keurig, KFG's attorneys' fees and costs incurred in connection with this action.

**Demand for Jury**

31.    KFG hereby demands a trial by jury as to all fact issues in this civil action.

## III.  COUNTERCLAIMS

## PARTIES

32.    Counterclaimant Kraft Global Foods, Inc., is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 1250 W. North Street, Dover, Delaware 19904.

33.    On information and belief, counterclaim defendant Keurig, Incorporated is a corporation organized and existing under the laws of the State of Delaware with a place of business at 101 Edgewater Drive, Wakefield, Massachusetts 01880.

## JURISDICTION AND VENUE

34.    The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Act, 28 U.S.C. §§ 2201 and 2202, the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

35.    Venue is proper in this Court under 28 U.S.C. § 1391.

### COUNT I - DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

36.     Based on the filing by Keurig of this civil action and KFG's defenses, an actual controversy has arisen and now exists between the parties as to whether or not KFG has infringed any valid claim of the '762 Patent.

37.     In its Complaint, Keurig contends that it is the owner of the '762 Patent.

38.     Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, KFG requests a declaration from the Court that KFG has not infringed any valid claim of the '762 Patent, either literally or under the doctrine of equivalents.

### COUNT II - DECLARATORY RELIEF REGARDING INVALIDITY

39.     Based on the filing by Keurig of this civil action and KFG's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '762 Patent.

40.     In its Complaint, Keurig contends that it is the owner of the '762 Patent.

41.     Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, KFG requests a declaration from the Court that one or more claims of the '762 Patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*, including, but not limited to, at least one of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT III - DECLARATORY RELIEF REGARDING UNENFORCEABILITY

42.     Based on the filing by Keurig of this civil action and KFG's defenses, an actual controversy has arisen and now exists between the parties as to whether the '762 Patent is unenforceable.

43.     In its Complaint, Keurig contends that it is the owner of the '762 Patent.

44.     Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, KFG requests a declaration from the Court that the '762 Patent is unenforceable as a result of

7

inequitable conduct for the reasons stated in the Fourth Defense of Defendant Kraft Foods Global Inc.'s First Amended Answer and Counterclaims to Plaintiff's Complaint for Patent Infringement, which paragraphs are incorporated herein by reference as if set forth fully herein.

## IV.  **EXCEPTIONAL CASE**

45.     This is an exceptional case under 35 U.S.C. § 285 and, as such, KFG is entitled to recover its attorneys' fees and costs, incurred in connection with this action, from Keurig.

## V.  **DEMAND FOR JURY**

46.     Pursuant to Fed. R. Civ. P. 28, KFG hereby demands a trial by jury as to all fact issues in this civil action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel.  202-639-7700


Dated:  April 8, 2008
859286 / 31118

By:  _/s/ David E. Moore_____
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 North Market Street
     P.O. Box 951
     Wilmington, DE  19899-0951
     Tel: 302-984-6169
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

8

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

KEURIG, INCORPORATED,        )
        )
    Plaintiff,        )
        )
    v.        )  C. A. No. 07-17 (GMS)
        )
KRAFT FOODS GLOBAL, INC.,        )  **JURY TRIAL DEMANDED**
TASSIMO CORPORATION, and        )
KRAFT FOODS INC.,        )
        )
    Defendants,        )

**DEFENDANT KRAFT FOODS GLOBAL, INC.'S FIRST AMENDED ANSWER AND**
**COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**
~~AND~~
~~DEMAND FOR JURY TRIAL~~

In its Complaint filed January 10, 2007, Plaintiff Keurig, Incorporated ("Keurig") makes

allegations collectively against all three defendants in this civil action. Defendant Kraft Foods

Global, Inc. ("KFG"), by and through its undersigned counsel, hereby ~~answers~~files this First

Amended Answer and Counterclaims, individually and only for itself the allegations of the

~~Keurig~~Plaintiff's Complaint and asserts its defenses and counterclaims as follows:

## I. ANSWER

### THE PARTIES

1.     On information and belief, admitted.

2.     Admitted.

3.     The allegations of Paragraph 3 are directed to a party other than KFG, to which no

answer is required. To the extent a response may be required, KFG admits that Tassimo

Corporation is a Delaware corporation with a mailing address of P.O. Box 6361, Dover,

Delaware 19905 but KFG denies that Tassimo Corporation is a subsidiary of Kraft Foods Inc.

4.      The allegations of Paragraph 4 are directed to a party other than KFG, to which no answer is required.  To the extent a response may be required, KFG admits the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Admitted.

6.      Admitted.

7.      Admitted that KFG is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.  The remaining allegation of Paragraph 7 of the Complaint requires a legal conclusion concerning which no answer is required.

8.      The allegations in Paragraph 8 of the Complaint require a legal conclusion and are directed at a party other than KFG, and therefore no answer is required.  To the extent a response may be required, KFG admits that Tassimo Corporation is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

9.      The allegations in Paragraph 9 of the Complaint require a legal conclusion and are directed at a party other than KFG, and therefore no answer is required.  To the extent a response may be required, on information and belief, KFG denies that Kraft Foods Inc. has business contacts with this judicial district, including the sale of products that are accused of infringement.

10.      KFG admits for itself that venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400.  The remaining allegations of Paragraph 10 of the Complaint are directed to parties other than KFG, to which no answer is required.  To the extent a response may be required for the remaining allegations, KFG admits that venue is proper with respect to Tassimo Corporation but KFG denies venue is proper with respect to Kraft Foods Inc.

## COUNT I

11.     KFG's answers to the allegations of the Complaint above are restated as though fully set forth herein.

12.     Admitted that a copy of U.S. Patent No. 6,607,762 ("the '762 Patent") is attached to the Complaint as Exhibit A.  KFG lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.     Admitted that KFG sells beverage media, including, but not limited to, coffee, in beverage filter cartridges under the registered trademark TASSIMO® and that such cartridges are sometimes referred to as T DISC® beverage filter cartridges or T DISC® cartridges, under the registered T DISC® trademark.  KFG denies that the beverage filter cartridges it sells are "commonly referred to as T DISCs."  The remaining allegations of Paragraph 13 of the Complaint are directed to parties other than KFG, to which no answer is required.  To the extent a response may be required for the remaining allegations, KFG admits that Tassimo Corporation sells beverage filter cartridges under the trademarks TASSIMO® and T DISC® but Tassimo denies that Kraft Foods Inc. sells beverage filter cartridges under the trademarks TASSIMO® and T DISC®.

14.     Denies.

15.     Denies.

16.     Denies.

17.     Denies.

18.     Denies.

**RELIEF REQUESTED**

A-G.    KFG denies that Keurig is entitled to any relief, including the relief requested in paragraphs (A) through (G) of the Complaint.  Accordingly, Keurig's prayer for relief should be denied in its entirety and with prejudice, and Keurig should take nothing therefore.

## II.  DEFENSES

### First Defense

19.    KFG has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '762 Patent.

### Second Defense

20.    One or more claims of the '762 Patent are invalid because they fail to satisfy at least one of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

### Third Defense

21.    Keurig is barred from recovering damages prior to the filing of this action for failure to satisfy the marking requirement of 35 U.S.C. § 287(a).

### Fourth Defense

22.    The '762 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct (i.e., "fraud on the Patent Office").  Specifically, one of the named inventors, Mr. Nicholas Lazaris, knowingly withheld highly material information from the United States Patent and Trademark Office ("PTO") with an intent to deceive the PTO.

23.    The Kenco Singles Cartridge constitutes prior art under 35 U.S.C. §§ 102(a), (b).  As a prior art reference, the Kenco Singles Cartridge was highly material to the prosecution of the '762 patent, and the application from which it issued, because the Kenco Singles Cartridge anticipates the claims of the '762 Patent, shows a more complete combination of features than

shown in the cited prior art, and is virtually identical in design and configuration to embodiments disclosed in the '762 Patent and the application from which it issued.

24.    According to the inventors, it was known in the prior art that the outlet for the beverage is formed by piercing the bottom of the relatively rigid plastic container, which has a higher resistance to piercing than the foil lid.  In the course of being punctured by the outlet probe, the bottom distorts inwardly and causes buckling of the sidewalls, resulting in leakage around the outlet.  Forming the outlet in the foil lid was central to Mr. Lazaris' claimed invention.

25.    Mr. Lazaris had detailed knowledge of the Kenco Singles Cartridge, including its structure and operation, prior to the invention, prior to the filing of the application for the '762 Patent, and during the prosecution thereof.  Mr. Lazaris knew that the outlet was formed in the foil lid on the bottom side of the Kenco Singles Cartridge.   More specifically, he knew the outlet was formed by piercing the foil lid.

26.    Mr. Lazaris disclosed two prior art patents to the PTO, both of which disclosed piercing the bottom of a rigid plastic container to form the outlet.  But he failed to disclose the Kenco Singles Cartridge.

27.    Mr. Lazaris withheld the Kenco Singles Cartridge from the PTO, with the intent to deceive the PTO. Mr. Lazaris' intent to deceive the PTO can be inferred from the high degree of materiality of the Kenco Singles Cartridge and the facts and circumstances surrounding his overall conduct.

28.    Mr. Lazaris intentionally sought to obtain a patent from the PTO for subject matter that he knew to be within the public domain.

**Additional Defenses**

29. ~~22.~~ There may be additional defenses to the cause of action alleged by Keurig that are currently unknown to KFG. Therefore, KFG reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

**Exceptional Case**

30. ~~23.~~ This is an exceptional case under 35 U.S.C. § 285 and, as such, KFG is entitled to recover from Keurig, KFG's attorneys' fees and costs incurred in connection with this action.

**Demand for Jury**

31. ~~24.~~ KFG hereby demands a trial by jury as to all fact issues in this civil action.

## III.  COUNTERCLAIMS

### PARTIES

32. ~~25.~~ Counterclaimant Kraft Global Foods, Inc., is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 1250 W. North Street, Dover, Delaware 19904.

33. ~~26.~~ On information and belief, counterclaim defendant Keurig, Incorporated is a corporation organized and existing under the laws of the State of Delaware with a place of business at 101 Edgewater Drive, Wakefield, Massachusetts 01880.

### JURISDICTION AND VENUE

34. ~~27.~~ The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Act, 28 U.S.C. §§ 2201 and 2202, the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

35. ~~28.~~ Venue is proper in this Court under 28 U.S.C. § 1391.

### COUNT I - DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

36. 29. Based on the filing by Keurig of this civil action and KFG's defenses, an actual controversy has arisen and now exists between the parties as to whether or not KFG has infringed any valid claim of the '762 Patent.

37. 30. In its Complaint, Keurig contends that it is the owner of the '762 Patent.

38. 31. Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, KFG requests a declaration from the Court that KFG has not infringed any valid claim of the '762 Patent, either literally or under the doctrine of equivalents.

### COUNT TWOII - DECLARATORY RELIEF REGARDING INVALIDITY

39. 32. Based on the filing by Keurig of this civil action and KFG's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '762 Patent.

40. 33. In its Complaint, Keurig contends that it is the owner of the '762 Patent.

41. 34. Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, KFG requests a declaration from the Court that one or more claims of the '762 Patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*, including, but not limited to, at least one of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNT III - DECLARATORY RELIEF REGARDING UNENFORCEABILITY

42. Based on the filing by Keurig of this civil action and KFG's defenses, an actual controversy has arisen and now exists between the parties as to whether the '762 Patent is unenforceable.

43. In its Complaint, Keurig contends that it is the owner of the '762 Patent.

44. Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, KFG requests a declaration from the Court that the '762 Patent is unenforceable as a result of

inequitable conduct for the reasons stated in the Fourth Defense of Defendant Kraft Foods

Global Inc.'s First Amended Answer and Counterclaims to Plaintiff's Complaint for Patent

Infringement, which paragraphs are incorporated herein by reference as if set forth fully herein.

## IV.  EXCEPTIONAL CASE

45.  35. This is an exceptional case under 35 U.S.C. § 285 and, as such, KFG is

entitled to recover its attorneys' fees and costs, incurred in connection with this action, from

Keurig.

## V.  DEMAND FOR JURY

46.  36. Pursuant to Fed. R. Civ. P. 28, KFG hereby demands a trial by jury as to all

fact issues in this civil action.

Respectfully submitted,

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel.  202-639-7700

By:  /s/ Richard L. HorwitzDavid E. Moore
_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Tel: 302-984-6169
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated:  February 2April 8, 20078

*Attorneys for DefendantDefendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

780355 9286 / 31118

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KEURIG, INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-17 (GMS) |
| | ) |
| KRAFT FOODS GLOBAL, INC., | ) **JURY TRIAL DEMANDED** |
| TASSIMO CORPORATION, and | ) |
| KRAFT FOODS INC., | ) |
| | ) |
| Defendants. | ) |

**TASSIMO CORPORATION'S FIRST AMENDED ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**
**AND DEMAND FOR JURY TRIAL**

In its Complaint filed January 10, 2007, Plaintiff Keurig, Incorporated ("Keurig") makes allegations collectively against all three defendants in this civil action. Defendant Tassimo Corporation ("Tassimo"), by and through its undersigned counsel, hereby answers individually and only for itself the allegations of the Plaintiff's Complaint and asserts its defenses and counterclaims as follows:

## I. ANSWER

### THE PARTIES

1.      On information and belief, admitted.

2.      The allegations of Paragraph 2 are directed to a party other than Tassimo, to which no answer is required. To the extent a response may be required, Tassimo admits the allegations set forth in Paragraph 2 of the Complaint.

3.      Admitted that Tassimo is a Delaware Corporation with a mailing address of P.O. Box 6361, Dover, Delaware 19905. Tassimo denies that it is a subsidiary of Kraft Foods Inc.

4.    The allegations of Paragraph 4 are directed to a party other than Tassimo, to which no answer is required. To the extent a response may be required, Tassimo admits the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.    Admitted.

6.    Admitted.

7.    The allegations in Paragraph 7 of the Complaint require a legal conclusion and are directed at a party other than Tassimo, and therefore no answer is required. To the extent a response may be required, Tassimo admits that Kraft Foods Global, Inc. is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

8.    Admitted that Tassimo is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement. The remaining allegation of Paragraph 8 of the Complaint requires a legal conclusion concerning which no answer is required.

9.    The allegations in Paragraph 9 of the Complaint require a legal conclusion and are directed at a party other than Tassimo, and therefore no answer is required. To the extent a response may be required, on information and belief, Tassimo denies that Kraft Foods Inc. has business contacts with this judicial district, including the sale of products that are accused of infringement.

10.    Tassimo admits for itself that venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400. The remaining allegations of Paragraph 10 of the Complaint are directed to parties other than Tassimo, to which no answer is required. To the extent a response may be required for the remaining allegations, on information and belief, Tassimo admits that venue is

2

proper with respect to Kraft Foods Global, Inc., but Tassimo denies venue is proper with respect to Kraft Foods Inc.

**COUNT I**

11.    Tassimo's answers to the allegations of the Complaint above are restated as though fully set forth herein.

12.    Admitted that a copy of U.S. Patent No. 6,607,762 ("the '762 Patent") is attached to the Complaint as Exhibit A.  Tassimo lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.    Admitted that Tassimo sells beverage media, including, but not limited to, coffee, in beverage filter cartridges under the registered trademark TASSIMO® and that such cartridges are sometimes referred to as T DISC® beverage filter cartridges or T DISC® cartridges, under the registered T DISC® trademark.  Tassimo denies that the beverage filter cartridges it sells are "commonly referred to as T DISCs."  The remaining allegations of Paragraph 13 of the Complaint are directed to parties other than Tassimo, to which no answer is required.  To the extent a response may be required for the remaining allegations, Tassimo admits that Kraft Foods Global, Inc. sells beverage filter cartridges under the trademarks TASSIMO® and T DISC® but Tassimo denies that Kraft Foods Inc. sells beverage filter cartridges under the trademarks TASSIMO® and T DISC®.

14.    Denies.

15.    Denies.

16.    Denies.

17.    Denies.

18.    Denies.

3

## RELIEF REQUESTED

A-G.    Tassimo denies that Keurig is entitled to any relief, including the relief requested in paragraphs (A) through (G) of the Complaint.  Accordingly, Keurig's prayer for relief should be denied in its entirety and with prejudice, and Keurig should take nothing therefore.

## II.  DEFENSES

### First Defense

19.    Tassimo has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '762 Patent.

### Second Defense

20.    One or more claims of the '762 Patent are invalid because they fail to satisfy at least one of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

### Third Defense

21.    Keurig is barred from recovering damages prior to the filing of this action for failure to satisfy the marking requirement of 35 U.S.C. § 287(a).

### Fourth Defense

22.    The '762 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct (i.e., "fraud on the Patent Office").  Specifically, one of the named inventors, Mr. Nicholas Lazaris, knowingly withheld highly material information from the United States Patent and Trademark Office ("PTO") with an intent to deceive the PTO.

23.    The Kenco Singles Cartridge constitutes prior art under 35 U.S.C. §§ 102(a), (b). As a prior art reference, the Kenco Singles Cartridge was highly material to the prosecution of the '762 patent, and the application from which it issued, because the Kenco Singles Cartridge anticipates the claims of the '762 Patent, shows a more complete combination of features than

4

shown in the cited prior art, and is virtually identical in design and configuration to embodiments disclosed in the '762 Patent and the application from which it issued.

24.    According to the inventors, it was known in the prior art that the outlet for the beverage is formed by piercing the bottom of the relatively rigid plastic container, which has a higher resistance to piercing than the foil lid.  In the course of being punctured by the outlet probe, the bottom distorts inwardly and causes buckling of the sidewalls, resulting in leakage around the outlet.  Forming the outlet in the foil lid was central to Mr. Lazaris' claimed invention.

25.    Mr. Lazaris had detailed knowledge of the Kenco Singles Cartridge, including its structure and operation, prior to the invention, prior to the filing of the application for the '762 Patent, and during the prosecution thereof.  Mr. Lazaris knew that the outlet was formed in the foil lid on the bottom side of the Kenco Singles Cartridge.   More specifically, he knew the outlet was formed by piercing the foil lid.

26.    Mr. Lazaris disclosed two prior art patents to the PTO, both of which disclosed piercing the bottom of a rigid plastic container to form the outlet.  But he failed to disclose the Kenco Singles Cartridge.

27.    Mr. Lazaris withheld the Kenco Singles Cartridge from the PTO, with the intent to deceive the PTO.  Mr. Lazaris' intent to deceive the PTO can be inferred from the high degree of materiality of the Kenco Singles Cartridge and the facts and circumstances surrounding his overall conduct.

28.    Mr. Lazaris intentionally sought to obtain a patent from the PTO for subject matter that he knew to be within the public domain.

**Additional Defenses**

29.    There may be additional defenses to the cause of action alleged by Keurig that are currently unknown to Tassimo. Therefore, Tassimo reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

**Exceptional Case**

30.    This is an exceptional case under 35 U.S.C. § 285 and, as such, Tassimo is entitled to recover from Keurig, Tassimo's attorneys' fees and costs incurred in connection with this action.

**Demand for Jury**

31.    Tassimo hereby demands a trial by jury as to all fact issues in this civil action.

## III.  COUNTERCLAIMS

### PARTIES

32.    Counterclaimant Tassimo Corporation, is a corporation organized and existing under the laws of the State of Delaware, having a mailing address of P.O. Box 6361, Dover, Delaware 19905.

33.    On information and belief, counterclaim defendant Keurig, Incorporated is a corporation organized and existing under the laws of the State of Delaware with a place of business at 101 Edgewater Drive, Wakefield, Massachusetts 01880.

### JURISDICTION AND VENUE

34.    The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Act, 28 U.S.C. §§ 2201 and 2202, the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

35.     Venue is proper in this Court under 28 U.S.C. § 1391.

## COUNT I - DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

36.     Based on the filing by Keurig of this civil action and Tassimo's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Tassimo has infringed any valid claim of the '762 Patent.

37.     In its Complaint, Keurig contends that it is the owner of the '762 Patent.

38.     Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Tassimo requests a declaration from the Court that Tassimo has not infringed any valid claim of the '762 Patent, either literally or under the doctrine of equivalents.

## COUNT II - DECLARATORY RELIEF REGARDING INVALIDITY

39.     Based on the filing by Keurig of this civil action and Tassimo's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '762 Patent.

40.     In its Complaint, Keurig contends that it is the owner of the '762 Patent.

41.     Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Tassimo requests a declaration from the Court that one or more claims of the '762 Patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*, including, but not limited to, at least one of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III - DECLARATORY RELIEF REGARDING UNENFORCEABILITY

42.     Based on the filing by Keurig of this civil action and Tassimo's defenses, an actual controversy has arisen and now exists between the parties as to whether the '762 Patent is unenforceable.

43.     In its Complaint, Keurig contends that it is the owner of the '762 Patent.

44.    Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Tassimo requests a declaration from the Court that the '762 Patent is unenforceable as a result of inequitable conduct for the reasons stated in the Fourth Defense of Tassimo Corporation's First Amended Answer and Counterclaims to Plaintiff's Complaint for Infringement and Demand for a Jury Trial, which paragraphs are incorporated herein by reference as if set forth fully herein.

## IV.  **EXCEPTIONAL CASE**

45.    This is an exceptional case under 35 U.S.C. § 285 and, as such, Tassimo is entitled to recover its attorneys' fees and costs, incurred in connection with this action, from Keurig.

## V.  **DEMAND FOR JURY**

46.    Pursuant to Fed. R. Civ. P. 28, Tassimo hereby demands a trial by jury as to all fact issues in this civil action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel.  202-639-7700


Dated:  April 8, 2008
859287 / 31118

By:  _/s/ David E. Moore_
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 North Market Street
     P.O. Box 951
     Wilmington, DE  19899-0951
     Tel:  302-984-6169
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

_Attorneys for Defendants_
_Kraft Foods Global, Inc., Tassimo_
_Corporation, and Kraft Foods Inc._

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KEURIG, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-17 (GMS) |
| | ) | |
| KRAFT FOODS GLOBAL, INC., | ) | **JURY TRIAL DEMANDED** |
| TASSIMO CORPORATION, and | ) | |
| KRAFT FOODS INC., | ) | |
| | ) | |
| Defendants, | ) | |

**TASSIMO CORPORATION'S <u>FIRST AMENDED</u> ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT
<u>AND DEMAND FOR JURY TRIAL</u>**

In its Complaint filed January 10, 2007, Plaintiff Keurig, Incorporated ("Keurig") makes allegations collectively against all three defendants in this civil action. Defendant Tassimo Corporation ("Tassimo"), by and through its undersigned counsel, hereby answers individually and only for itself the allegations of the ~~Keurig~~<u>Plaintiff</u>'s Complaint and asserts its defenses and counterclaims as follows:

## I. ANSWER

### THE PARTIES

1.      On information and belief, admitted.

2.      The allegations of Paragraph 2 are directed to a party other than Tassimo, to which no answer is required. To the extent a response may be required, Tassimo admits the allegations set forth in Paragraph 2 of the Complaint.

3.      Admitted that Tassimo is a Delaware Corporation with a mailing address of P.O. Box 6361, Dover, Delaware 19905. Tassimo denies that it is a subsidiary of Kraft Foods Inc.

4.      The allegations of Paragraph 4 are directed to a party other than Tassimo, to which no answer is required. To the extent a response may be required, Tassimo admits the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Admitted.

6.      Admitted.

7.      The allegations in Paragraph 7 of the Complaint require a legal conclusion and are directed at a party other than Tassimo, and therefore no answer is required. To the extent a response may be required, Tassimo admits that Kraft Foods Global, Inc. is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

8.      Admitted that Tassimo is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement. The remaining allegation of Paragraph 8 of the Complaint requires a legal conclusion concerning which no answer is required.

9.      The allegations in Paragraph 9 of the Complaint require a legal conclusion and are directed at a party other than Tassimo, and therefore no answer is required. To the extent a response may be required, on information and belief, Tassimo denies that Kraft Foods Inc. has business contacts with this judicial district, including the sale of products that are accused of infringement.

10.      Tassimo admits for itself that venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400. The remaining allegations of Paragraph 10 of the Complaint are directed to parties other than Tassimo, to which no answer is required. To the extent a response may be required for the remaining allegations, on information and belief, Tassimo admits that venue is

proper with respect to Kraft Foods Global, Inc., but Tassimo denies venue is proper with respect to Kraft Foods Inc.

## COUNT I

11.    Tassimo's answers to the allegations of the Complaint above are restated as though fully set forth herein.

12.    Admitted that a copy of U.S. Patent No. 6,607,762 ("the '762 Patent") is attached to the Complaint as Exhibit A. Tassimo lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.    Admitted that Tassimo sells beverage media, including, but not limited to, coffee, in beverage filter cartridges under the registered trademark TASSIMO® and that such cartridges are sometimes referred to as T DISC® beverage filter cartridges or T DISC® cartridges, under the registered T DISC® trademark. Tassimo denies that the beverage filter cartridges it sells are "commonly referred to as T DISCs." The remaining allegations of Paragraph 13 of the Complaint are directed to parties other than Tassimo, to which no answer is required. To the extent a response may be required for the remaining allegations, Tassimo admits that Kraft Foods Global, Inc. sells beverage filter cartridges under the trademarks TASSIMO® and T DISC® but Tassimo denies that Kraft Foods Inc. sells beverage filter cartridges under the trademarks TASSIMO® and T DISC®.

14.    Denies.

15.    Denies.

16.    Denies.

17.    Denies.

18.    Denies.

**RELIEF REQUESTED**

A-G.    Tassimo denies that Keurig is entitled to any relief, including the relief requested in paragraphs (A) through (G) of the Complaint.  Accordingly, Keurig's prayer for relief should be denied in its entirety and with prejudice, and Keurig should take nothing therefore.

## II.  DEFENSES

### First Defense

19.    Tassimo has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '762 Patent.

### Second Defense

20.    One or more claims of the '762 Patent are invalid because they fail to satisfy at least one of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

### Third Defense

21.    Keurig is barred from recovering damages prior to the filing of this action for failure to satisfy the marking requirement of 35 U.S.C. § 287(a).

### Fourth Defense

22.    The '762 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct (i.e., "fraud on the Patent Office").  Specifically, one of the named inventors, Mr. Nicholas Lazaris, knowingly withheld highly material information from the United States Patent and Trademark Office ("PTO") with an intent to deceive the PTO.

23.    The Kenco Singles Cartridge constitutes prior art under 35 U.S.C. §§ 102(a), (b). As a prior art reference, the Kenco Singles Cartridge was highly material to the prosecution of the '762 patent, and the application from which it issued, because the Kenco Singles Cartridge anticipates the claims of the '762 Patent, shows a more complete combination of features than

shown in the cited prior art, and is virtually identical in design and configuration to embodiments disclosed in the '762 Patent and the application from which it issued.

24.    According to the inventors, it was known in the prior art that the outlet for the beverage is formed by piercing the bottom of the relatively rigid plastic container, which has a higher resistance to piercing than the foil lid.  In the course of being punctured by the outlet probe, the bottom distorts inwardly and causes buckling of the sidewalls, resulting in leakage around the outlet.  Forming the outlet in the foil lid was central to Mr. Lazaris' claimed invention.

25.    Mr. Lazaris had detailed knowledge of the Kenco Singles Cartridge, including its structure and operation, prior to the invention, prior to the filing of the application for the '762 Patent, and during the prosecution thereof.  Mr. Lazaris knew that the outlet was formed in the foil lid on the bottom side of the Kenco Singles Cartridge.   More specifically, he knew the outlet was formed by piercing the foil lid.

26.    Mr. Lazaris disclosed two prior art patents to the PTO, both of which disclosed piercing the bottom of a rigid plastic container to form the outlet.  But he failed to disclose the Kenco Singles Cartridge.

27.    Mr. Lazaris withheld the Kenco Singles Cartridge from the PTO, with the intent to deceive the PTO.  Mr. Lazaris' intent to deceive the PTO can be inferred from the high degree of materiality of the Kenco Singles Cartridge and the facts and circumstances surrounding his overall conduct.

28.    Mr. Lazaris intentionally sought to obtain a patent from the PTO for subject matter that he knew to be within the public domain.

**Additional Defenses**

29.    ~~22.~~ There may be additional defenses to the cause of action alleged by Keurig that are currently unknown to Tassimo. Therefore, Tassimo reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

**Exceptional Case**

30.    ~~23.~~ This is an exceptional case under 35 U.S.C. § 285 and, as such, Tassimo is entitled to recover from Keurig, Tassimo's attorneys' fees and costs incurred in connection with this action.

**Demand for Jury**

31.    ~~24.~~ Tassimo hereby demands a trial by jury as to all fact issues in this civil action.

## III.  COUNTERCLAIMS

## PARTIES

32.    ~~25.~~ Counterclaimant Tassimo Corporation, is a corporation organized and existing under the laws of the State of Delaware, having a mailing address of P.O. Box 6361, Dover, Delaware 19905.

33.    ~~26.~~ On information and belief, counterclaim defendant Keurig, Incorporated is a corporation organized and existing under the laws of the State of Delaware with a place of business at 101 Edgewater Drive, Wakefield, Massachusetts 01880.

## JURISDICTION AND VENUE

34.    ~~27.~~ The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Act, 28 U.S.C. §§ 2201 and 2202, the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

35. 28. Venue is proper in this Court under 28 U.S.C. § 1391.

## COUNT I - DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

36. 29. Based on the filing by Keurig of this civil action and Tassimo's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Tassimo has infringed any valid claim of the '762 Patent.

37. 30. In its Complaint, Keurig contends that it is the owner of the '762 Patent.

38. 31. Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Tassimo requests a declaration from the Court that Tassimo has not infringed any valid claim of the '762 Patent, either literally or under the doctrine of equivalents.

## COUNT TWO II - DECLARATORY RELIEF REGARDING INVALIDITY

39. 32. Based on the filing by Keurig of this civil action and Tassimo's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '762 Patent.

40. 33. In its Complaint, Keurig contends that it is the owner of the '762 Patent.

41. 34. Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Tassimo requests a declaration from the Court that one or more claims of the '762 Patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*, including, but not limited to, at least one of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III - DECLARATORY RELIEF REGARDING UNENFORCEABILITY

42. Based on the filing by Keurig of this civil action and Tassimo's defenses, an actual controversy has arisen and now exists between the parties as to whether the '762 Patent is unenforceable.

43. In its Complaint, Keurig contends that it is the owner of the '762 Patent.

44. Pursuant to Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Tassimo requests a declaration from the Court that the '762 Patent is unenforceable as a result of inequitable conduct for the reasons stated in the Fourth Defense of Tassimo Corporation's First Amended Answer and Counterclaims to Plaintiff's Complaint for Infringement and Demand for a Jury Trial, which paragraphs are incorporated herein by reference as if set forth fully herein.

## IV.  EXCEPTIONAL CASE

45. 35. This is an exceptional case under 35 U.S.C. § 285 and, as such, Tassimo is entitled to recover its attorneys' fees and costs, incurred in connection with this action, from Keurig.

## V.  DEMAND FOR JURY

46. 36. Pursuant to Fed. R. Civ. P. 28, Tassimo hereby demands a trial by jury as to all fact issues in this civil action.

Respectfully submitted,

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel.  202-639-7700

By:  /s/ Richard L. HorwitzDavid E. Moore

    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    Tel:  302-984-6169
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Dated:  February 2April 8, 2007

*Attorneys for DefendantDefendants
Kraft Foods Global, Inc., Tassimo
Corporation, and Kraft Foods Inc.*

7803
8569287 / 31118

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KEURIG, INCORPORATED, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|     v. | )   C.A. No. 07-17 (GMS) |
| | ) |
| KRAFT FOODS GLOBAL, INC., | )   **JURY TRIAL DEMANDED** |
| TASSIMO CORPORATION, and | ) |
| KRAFT FOODS INC., | ) |
| | ) |
|        Defendants. | ) |

**KRAFT FOOD INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**
**FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

In its Complaint filed January 10, 2007, Plaintiff Keurig, Incorporated ("Keurig") makes allegations collectively against all three defendants in this civil action. Defendant Kraft Foods Inc. ("Kraft"), by and through its undersigned counsel, hereby answers individually and only for itself the allegations of the Plaintiff's Complaint and asserts its defenses as follows:

## I.  ANSWER

### THE PARTIES

1.     On information and belief, admitted.

2.     The allegations of Paragraph 2 are directed to a party other than Kraft, to which no answer is required. To the extent a response may be required, Kraft admits the allegations set forth in Paragraph 2 of the Complaint.

3.     The allegations of Paragraph 3 are directed to a party other than Kraft, to which no answer is required. To the extent a response may be required, Kraft admits that Tassimo Corporation is a Delaware corporation with a mailing address of P.O. Box 6361, Dover, Delaware 19905 but Kraft denies that Tassimo Corporation is a subsidiary of Kraft Foods Inc.

4.    Admitted.

## JURISDICTION AND VENUE

5.    Admitted.

6.    Admitted.

7.    The allegations in Paragraph 7 of the Complaint require a legal conclusion and are directed at a party other than Kraft, and therefore no answer is required.  To the extent a response may be required, Kraft admits that Kraft Foods Global, Inc. is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

8.    The allegations in Paragraph 8 of the Complaint require a legal conclusion and are directed at a party other than Kraft, and therefore no answer is required.  To the extent a response may be required, Kraft admits that Tassimo Corporation is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

9.    Denied.

10.    Kraft denies for itself that venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400.  The remaining allegations of Paragraph 10 of the Complaint are directed to parties other than Kraft, to which no answer is required.  To the extent a response may be required for the remaining allegations, on information and belief, Kraft admits that venue is proper with respect to Kraft Foods Global, Inc. and Tassimo Corporation.

## COUNT I

11.    Kraft's answers to the allegations of the Complaint above are restated as though fully set forth herein.

12.    Admitted that a copy of U.S. Patent No. 6,607,762 ("the '762 Patent") is attached to the Complaint as Exhibit A.  Kraft lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.    Kraft denies that it sells beverage filter cartridges under the trademark TASSIMO® or beverage filter cartridges "commonly referred to as T DISCs."  The remaining allegations of Paragraph 13 of the Complaint are directed to parties other than Kraft, to which no answer is required.  To the extent a response may be required for the remaining allegations, Kraft admits that Kraft Foods Global, Inc. and Tassimo Corporation sell beverage media, including, but not limited to, coffee, in beverage filter cartridges under the registered trademarks TASSIMO® and T-DISC®.

14.    Denies.

15.    Denies.

16.    Denies.

17.    Denies.

18.    Denies.

## RELIEF REQUESTED

A-G.    Kraft denies that Keurig is entitled to any relief, including the relief requested in paragraphs (A) through (G) of the Complaint.  Accordingly, Keurig's prayer for relief should be denied in its entirety and with prejudice, and Keurig should take nothing therefore.

3

## II.  DEFENSES

### First Defense

19.     The Court lacks personal jurisdiction over Kraft in this civil action.

### Second Defense

20.     Venue is not proper under 28 U.S.C. §§ 1391, 1400 with regard to Kraft in this judicial district.

### Third Defense

21.     Kraft has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '762 Patent.

### Fourth Defense

22.     One or more claims of the '762 Patent are invalid because they fail to satisfy at least one of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

### Fifth Defense

23.     Keurig is barred from recovering damages prior to the filing of this action for failure to satisfy the marking requirement of 35 U.S.C. § 287(a).

### Sixth Defense

24.     The '762 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct (i.e., "fraud on the Patent Office").  Specifically, one of the named inventors, Mr. Nicholas Lazaris, knowingly withheld highly material information from the United States Patent and Trademark Office ("PTO") with an intent to deceive the PTO.

25.     The Kenco Singles Cartridge constitutes prior art under 35 U.S.C. §§ 102(a), (b). As a prior art reference, the Kenco Singles Cartridge was highly material to the prosecution of the '762 patent, and the application from which it issued, because the Kenco Singles Cartridge

anticipates the claims of the '762 Patent, shows a more complete combination of features than shown in the cited prior art, and is virtually identical in design and configuration to embodiments disclosed in the '762 Patent and the application from which it issued.

26.    According to the inventors, it was known in the prior art that the outlet for the beverage is formed by piercing the bottom of the relatively rigid plastic container, which has a higher resistance to piercing than the foil lid.  In the course of being punctured by the outlet probe, the bottom distorts inwardly and causes buckling of the sidewalls, resulting in leakage around the outlet.  Forming the outlet in the foil lid was central to Mr. Lazaris' claimed invention.

27.    Mr. Lazaris had detailed knowledge of the Kenco Singles Cartridge, including its structure and operation, prior to the invention, prior to the filing of the application for the '762 Patent, and during the prosecution thereof.  Mr. Lazaris knew that the outlet was formed in the foil lid on the bottom side of the Kenco Singles Cartridge.  More specifically, he knew the outlet was formed by piercing the foil lid.

28.    Mr. Lazaris disclosed two prior art patents to the PTO, both of which disclosed piercing the bottom of a rigid plastic container to form the outlet.  But he failed to disclose the Kenco Singles Cartridge.

29.    Mr. Lazaris withheld the Kenco Singles Cartridge from the PTO, with the intent to deceive the PTO.  Mr. Lazaris' intent to deceive the PTO can be inferred from the high degree of materiality of the Kenco Singles Cartridge and the facts and circumstances surrounding his overall conduct.

30.    Mr. Lazaris intentionally sought to obtain a patent from the PTO for subject matter that he knew to be within the public domain.

### Additional Defenses

31.     There may be additional defenses to the cause of action alleged by Keurig that are currently unknown to Kraft.  Therefore, Kraft reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

### Exceptional Case

32.     This is an exceptional case under 35 U.S.C. § 285 and, as such, Kraft is entitled to recover from Keurig, Kraft's attorneys' fees and costs incurred in connection with this action.

### Demand for Jury

33.     Kraft hereby demands a trial by jury as to all fact issues in this civil action.


Respectfully submitted,

POTTER ANDERSON & CORROON LLP


OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel. 202-639-7700


Dated:  April 8, 2008
859288 / 31118

By:  /s/ David E. Moore
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 North Market Street
     P.O. Box 951
     Wilmington, DE  19899-0951
     Tel:  302-984-6169
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

6

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KEURIG, INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 07-17 (GMS) |
| | ) |
| KRAFT FOODS GLOBAL, INC., | ) **JURY TRIAL DEMANDED** |
| TASSIMO CORPORATION, and | ) |
| KRAFT FOODS INC., | ) |
| | ) |
| Defendants. | ) |

**KRAFT FOOD INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**
**FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

In its Complaint filed January 10, 2007, Plaintiff Keurig, Incorporated ("Keurig") makes

allegations collectively against all three defendants in this civil action. Defendant Kraft Foods

Inc. ("Kraft"), by and through its undersigned counsel, hereby answers individually and only for

itself the allegations of the ~~Keurig~~Plaintiff's Complaint and asserts its defenses as follows:

**I. ANSWER**

**THE PARTIES**

1.      On information and belief, admitted.

2.      The allegations of Paragraph 2 are directed to a party other than Kraft, to which

no answer is required. To the extent a response may be required, Kraft admits the allegations set

forth in Paragraph 2 of the Complaint.

3.      The allegations of Paragraph 3 are directed to a party other than Kraft, to which

no answer is required. To the extent a response may be required, Kraft admits that Tassimo

Corporation is a Delaware corporation with a mailing address of P.O. Box 6361, Dover,

Delaware 19905 but Kraft denies that Tassimo Corporation is a subsidiary of Kraft Foods Inc.

4.    Admitted.

## JURISDICTION AND VENUE

5.    Admitted.

6.    Admitted.

7.    The allegations in Paragraph 7 of the Complaint require a legal conclusion and are directed at a party other than Kraft, and therefore no answer is required. To the extent a response may be required, Kraft admits that Kraft Foods Global, Inc. is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

8.    The allegations in Paragraph 8 of the Complaint require a legal conclusion and are directed at a party other than Kraft, and therefore no answer is required. To the extent a response may be required, Kraft admits that Tassimo Corporation is incorporated in Delaware and has business contacts with this judicial district, including the sale of products that are accused of infringement.

9.    Denied.

10.    Kraft denies for itself that venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1400. The remaining allegations of Paragraph 10 of the Complaint are directed to parties other than Kraft, to which no answer is required. To the extent a response may be required for the remaining allegations, on information and belief, Kraft admits that venue is proper with respect to Kraft Foods Global, Inc. and Tassimo Corporation.

## COUNT I

11.    Kraft's answers to the allegations of the Complaint above are restated as though fully set forth herein.

12.    Admitted that a copy of U.S. Patent No. 6,607,762 ("the '762 Patent") is attached to the Complaint as Exhibit A. Kraft lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and therefore denies them.

13.    Kraft denies that it sells beverage filter cartridges under the trademark TASSIMO® or beverage filter cartridges "commonly referred to as T DISCs." The remaining allegations of Paragraph 13 of the Complaint are directed to parties other than Kraft, to which no answer is required. To the extent a response may be required for the remaining allegations, Kraft admits that Kraft Foods Global, Inc. and Tassimo Corporation sell beverage media, including, but not limited to, coffee, in beverage filter cartridges under the registered trademarks TASSIMO® and T-DISC®.

14.    Denies.

15.    Denies.

16.    Denies.

17.    Denies.

18.    Denies.

## RELIEF REQUESTED

A-G.    Kraft denies that Keurig is entitled to any relief, including the relief requested in paragraphs (A) through (G) of the Complaint. Accordingly, Keurig's prayer for relief should be denied in its entirety and with prejudice, and Keurig should take nothing therefore.

## II.  DEFENSES

### First Defense

19.    The Court lacks personal jurisdiction over Kraft in this civil action.

### Second Defense

20.    Venue is not proper under 28 U.S.C. §§ 1391, 1400 with regard to Kraft in this judicial district.

### Third Defense

21.    Kraft has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '762 Patent.

### Fourth Defense

22.    One or more claims of the '762 Patent are invalid because they fail to satisfy at least one of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

### Fifth Defense

23.    Keurig is barred from recovering damages prior to the filing of this action for failure to satisfy the marking requirement of 35 U.S.C. § 287(a).

### Sixth Defense

24.    The '762 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct (i.e., "fraud on the Patent Office").  Specifically, one of the named inventors, Mr. Nicholas Lazaris, knowingly withheld highly material information from the United States Patent and Trademark Office ("PTO") with an intent to deceive the PTO.

25.    The Kenco Singles Cartridge constitutes prior art under 35 U.S.C. §§ 102(a), (b). As a prior art reference, the Kenco Singles Cartridge was highly material to the prosecution of the '762 patent, and the application from which it issued, because the Kenco Singles Cartridge

anticipates the claims of the '762 Patent, shows a more complete combination of features than shown in the cited prior art, and is virtually identical in design and configuration to embodiments disclosed in the '762 Patent and the application from which it issued.

26.    According to the inventors, it was known in the prior art that the outlet for the beverage is formed by piercing the bottom of the relatively rigid plastic container, which has a higher resistance to piercing than the foil lid.  In the course of being punctured by the outlet probe, the bottom distorts inwardly and causes buckling of the sidewalls, resulting in leakage around the outlet.  Forming the outlet in the foil lid was central to Mr. Lazaris' claimed invention.

27.    Mr. Lazaris had detailed knowledge of the Kenco Singles Cartridge, including its structure and operation, prior to the invention, prior to the filing of the application for the '762 Patent, and during the prosecution thereof.  Mr. Lazaris knew that the outlet was formed in the foil lid on the bottom side of the Kenco Singles Cartridge.   More specifically, he knew the outlet was formed by piercing the foil lid.

28.    Mr. Lazaris disclosed two prior art patents to the PTO, both of which disclosed piercing the bottom of a rigid plastic container to form the outlet.  But he failed to disclose the Kenco Singles Cartridge.

29.    Mr. Lazaris withheld the Kenco Singles Cartridge from the PTO, with the intent to deceive the PTO. Mr. Lazaris' intent to deceive the PTO can be inferred from the high degree of materiality of the Kenco Singles Cartridge and the facts and circumstances surrounding his overall conduct.

30.    Mr. Lazaris intentionally sought to obtain a patent from the PTO for subject matter that he knew to be within the public domain.

**Additional Defenses**

31. ~~24.~~ There may be additional defenses to the cause of action alleged by Keurig that are currently unknown to Kraft. Therefore, Kraft reserves the right to amend its Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

### Exceptional Case

32. ~~25.~~ This is an exceptional case under 35 U.S.C. § 285 and, as such, Kraft is entitled to recover from Keurig, Kraft's attorneys' fees and costs incurred in connection with this action.

### Demand for Jury

33. ~~26.~~ Kraft hereby demands a trial by jury as to all fact issues in this civil action.

Respectfully submitted,

~~Respectfully submitted,~~

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel. 202-639-7700

By:    /s/ ~~Richard L .Horwitz~~David E. Moore
       _____
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Hercules Plaza, 6th Floor
       1313 North Market Street
       P.O. Box 951
       Wilmington, DE 19899-0951
       Tel: 302-984-6169

Dated: ~~February 2~~April 8, 200~~7~~

rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for ~~Defendant~~Defendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

~~780~~3
8~~54~~9288 / 31118