# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEURIG, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-17 (GMS) |
| | ) | |
| KRAFT FOODS GLOBAL, INC., | ) | **JURY TRIAL DEMANDED** |
| TASSIMO CORPORATION, and | ) | |
| KRAFT FOODS INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO KEURIG'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWERS AND COUNTERCLAIMS

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: 302-984-6169
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel. 202-639-7700

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

Dated: April 29, 2008
Public Version Dated: May 6, 2008
863035 / 31118

## TABLE OF CONTENTS

I.    ARGUMENT................................................................................................................1

    A.    The Depositions Were Necessary to Plead with Particularity..................................1

    B.    Kraft Diligently Pursued Deposition Testimony Related to
        Inequitable Conduct................................................................................................2

    C.    Keurig is not Prejudiced by the Amended Pleadings..............................................4

    D.    Kraft has Stated a Colorable Claim of Inequitable Conduct....................................5

II.   CONCLUSION ...........................................................................................................7

## TABLE OF AUTHORITIES

CASES

**Page(s)**

*Adams v. Gould,*
   739 F.2d 858 (3d Cir. 1984)..........................................................................................4

*Cent. Admixture Pharm. Servs., Inc. v. Adv. Cardiac Solutions,*
   482 F.3d 1347 (Fed. Cir. 2007)...............................................................................1, 2, 5

*Digital Control, Inc. v. Charles Mach. Works,*
   437 F.3d 1309 (Fed. Cir. 2006)....................................................................................6

*EMC Corp. v. Storage Tech. Corp.,*
   921 F. Supp. 1261 (D. Del. 1996)................................................................................2

*Impax Labs., Inc. v. Aventis Pharms. Inc.,*
   468 F.3d 1366 (Fed. Cir. 2006)....................................................................................6

*In re Burlington Coat Factory Secs. Litig.,*
   114 F.3d 1410 (3d Cir. 1997)....................................................................................5, 6

*Mylan Pharms., Inc. v. Kremers Urban Dev.,*
   C.A. No. 02-1628-GMS, 2003 WL 22711586 (D. Del. Nov. 14, 2003) ...................5

*Ross v. Houston Indep. Sch. Dist.,*
   699 F.2d 218 (5th Cir. 1983) .......................................................................................4

*Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington,*
   646 F. Supp. 118 (D. Del. 1986)..................................................................................6

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,*
   742 F.2d 786 (3d Cir. 1984), *cert. denied*, 469 U.S. 1211 (1985)............................2

*Winer Family Trust v. Queen,*
   503 F.3d 319 (3d Cir. 2007).........................................................................................6

STATUTES, RULES & REGULATIONS

Fed. R. Civ. P. 9(b) .......................................................................................................1

Fed. R. Civ. P. 12(b)(6)..................................................................................................5

Fed. R. Civ. P. 15...........................................................................................................1

Fed. R. Civ. P. 15(a) .................................................................................................................7

Fed. R. Civ. P. 56(c) .................................................................................................................5

Defendants Kraft Foods Global Inc., Tassimo Corporation, and Kraft Foods Inc. (collectively, the "Kraft Defendants"), hereby present their Reply to Keurig's Opposition to Defendants' Motion for Leave to File First Amended Answers and Counterclaims.

Contrary to Keurig's assertions, the Kraft Defendants did not discover Mr. Larzaris's inequitable conduct until it deposed him and could not have alleged inequitable conduct with particularity until they deposed Mr. Lazaris and Mr. Gauthier. This is apparent from the Kraft Defendants' motion for leave to amend, in which all of the particulars alleged are from Mr. Lazaris's and Mr. Gauthier's depositions, not from documents. Furthermore, Kraft acted diligently in pursuing discovery related to inequitable conduct in view of Keurig's delays in responding to Kraft's document requests. Finally, Keurig has failed to demonstrate that it would be prejudiced by the amended pleadings as it was aware that the Kraft Defendants' are asserting the Kenco Singles Cartridge as invalidating prior art, and Keurig has already conducted extensive discovery on that prior art. Thus, pursuant to Fed. R. Civ. P. 15, the Kraft Defendants respectfully submit that their Motion for Leave to File First Amended Answers and Counterclaims should be granted.

## I.    ARGUMENT

### A.    The Depositions Were Necessary to Plead with Particularity

The Kraft Defendants are aware of the seriousness of inequitable conduct charges, and that is why they waited until there was sufficient evidence of record, including testimony of the prosecuting attorney, before making such a charge. Keurig essentially argues that the Kraft Defendants should have precipitantly pled inequitable conduct.

Pleadings asserting unenforceability due to inequitable conduct must satisfy the particularity requirements of Fed. R. Civ. P. 9(b). *Cent. Admixture Pharm. Servs., Inc. v. Adv. Cardiac Solutions*, 482 F.3d 1347, 1356 (Fed. Cir. 2007). The purpose of the particularity

requirement is to place the opposition on notice of the misconduct alleged. *Id.* at 1357; *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), *cert. denied*, 469 U.S. 1211 (1985). As a result, a pleading of inequitable conduct must disclose the name of the relevant prior art and the acts that constitute a fraud upon the Patent Office. *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996); *see also Cent. Admixture*, 482 F.3d at 1357 (Fed. Cir. 2007).

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████ Also, there was no indication that Mr. Lazaris had authored or was aware of the information contained in the PowerPoint presentation cited as Ex. 3. ████████████████

████████████████████████████████████████████████████████

████████████████████████████ It was not until Mr. Lazaris' deposition that the Kraft Defendants learned that Mr. Lazaris studied the structure of the Kenco Singles Cartridge prior to the alleged invention of the '762 Patent and possessed critical information that would have been extremely important to the patent examiner. Finally, it was not until they deposed Mr. Gauthier that the Kraft Defendants learned that he could not offer an explanation as to why the Kenco Singles Cartridge was not disclosed to the patent examiner.

**B.    Kraft Diligently Pursued Deposition Testimony Related to Inequitable Conduct**

As early as June 2007, the Kraft Defendants asked Keurig to identify prior art of which it was aware. Keurig declined to identify such prior art, instead stating that there was no responsive information that was not privileged or otherwise immune from discovery.[1] Keurig's

---

[1]    Mr. Lazaris' deposition testimony makes it clear that he learned of the Kenco Singles Cartridge from his own investigation of competing products prior to his invention of the '762 Patent, and not through any discussion with attorneys. Mr. Lazaris also executed a Jurat, subject

Resp. to Defs.' First Set of Interrogs. (attached hereto as Exhibit K) 7. In addition, Keurig did

not produce any documents in this case until January 8, 2008 (Steenburg Letter of January 8,

2008, attached hereto as Exhibit L), more than seven months after the Kraft Defendants served

their First Set of Document Requests (Notice of Service attached hereto as Exhibit M).

Thereafter, the Kraft Defendants' counsel needed time to study the documents.

On January 3, 2008, the Kraft Defendants initiated the deposition scheduling by

informing Keurig by email that three weeks in February 2008 had been blocked off for

depositions of Kraft employees in the United Kingdom, even though Keurig had not yet

identified any persons whom it wished to depose. Schlitz Email of January 3, 2008 (Exhibit N).

On January 18, 2008, Keurig requested that the Kraft Defendants' make a number of Kraft

employees available for deposition as both fact witnesses and as 30(b)(6) designees the week of

February 18, 2008. Rader Email of January 18, 2008 (Exhibit O). In the spirit of cooperation,

the Kraft Defendants accommodated this request and scheduled depositions from February 20 to

February 26, 2008, for which the Kraft Defendants had to prepare.

Even after subpoenaing Mr. Gauthier for a March 10, 2008, deposition, Keurig requested

that his deposition be delayed to nearly the end of fact discovery because Mr. Gauthier was

having surgery. Thus, both Keurig's delay in producing documents and the Kraft Defendants'

efforts to accommodate Keurig in discovery resulted in scheduling difficulties that caused the

depositions of Mr. Lazaris and Mr. Gauthier to be pushed back towards the end of fact discovery.

The correspondence between the parties show that the Kraft Defendants were diligent throughout

this period to ensure the completion of fact depositions by the end of fact discovery. Moreover,

---

to penalty of perjury, that Keurig's answers to the Kraft Defendants interrogatories were correct.
Keurig's Resp. to Defs.' First Set of Interrogs. (Ex. K) 17. At the very least, Keurig should have
updated its interrogatory responses after the Kraft Defendants identified the Kenco Singles
Cartridge as prior art in their Joint Invalidity Contentions served on August 31, 2007.

3

the Kraft Defendants filed their motion soon after they learned of the information they needed to plead with particularity. *See Adams v. Gould*, 739 F.2d 858, 869 (3d Cir. 1984) (at the summary judgment stage, amending a pleading is not unusual and would not be considered "undue delay"). Thus, the facts clearly demonstrate that the Kraft Defendants filed their motion for leave to amend their pleadings as soon as it was practicable to do so.

### C.    Keurig is not Prejudiced by the Amended Pleadings

Nothing put forward by Keurig shows that it would be unfairly prejudiced by allowing the Kraft Defendants to amend their pleadings to add the inequitable conduct defense and counterclaim. "In the context of a [Rule] 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered" if the amendment was timely. *Ross v. Houston Indep. Sch. Dist.*, 699 F.2d 218, 228-29 (5th Cir. 1983); *see also Adams v. Gould Inc.* 739 F.2d 858 (3d Cir. 1984). Trial in this case is not scheduled until October 2008, and Keurig has sufficient time and opportunity to present evidence and facts in response to the Kraft Defendants' amended pleadings.

Keurig asserts that it might need to return to Europe to depose Kraft engineers regarding the differences between the Kenco Singles Cartridges and the prior art. There is no reason that Keurig would need to depose Kraft's engineers in this regard. If Keurig wants to argue that Mr. Lazaris did not disclose the Kenco Singles to the patent examiner because he thought it was cumulative, or not as good as the two pierces of prior art considered by the examiner, neither of which included a foil lid that is piercable to form an outlet, he can so testify at trial. Likewise with regard to the prosecuting attorney. Furthermore, Keurig has been on notice of the Kraft Defendants' assertion that the Kenco Singles Cartridge is invalidating anticipatory prior art since their invalidity contentions were served on August 31, 2007. Keurig has already taken

depositions from both John MacMahon and Andrew Bentley, each over multiple days, regarding the technical aspects and specifications for the Kenco Singles Cartridge. Thus, it is difficult to imagine what additional discovery Keurig could possibly need. But even if additional discovery is needed, that is not a legitimate basis for denying the motion for leave to amend. *See Mylan Pharms., Inc. v. Kremers Urban Dev.,* C.A. No. 02-1628-GMS, 2003 WL 22711586, at *3 (D. Del. Nov. 14, 2003) (there is little prejudice in reopening discovery for a short period of time to obtain limited information on the claims).

Keurig's assertion about the added expense and time of responding to allegations of inequitable conduct are both inapposite and unfounded. Keurig would have had to incur the very additional expenses and time of which it complains if the Kraft Defendants had been able to plead inequitable conduct with particularity prior to Mr. Gauthier's deposition. But, as noted above, the delay in the deposition schedule was a direct result of Keurig's delay in producing responsive documents. In addition, Keurig refused to identify prior art of which the inventors were aware in response to the Kraft Defendants' June 2007 Joint Interrogatory No. 7. Accordingly, had Keurig identified the known prior art and produced documents when requested, it would not face these additional expenses now. Keurig cannot claim to be unfairly prejudiced by delays attributable to its own actions.

### D.    Kraft has Stated a Colorable Claim of Inequitable Conduct

The Third Circuit's[2] standard for assessing futility is the same standard of legal sufficiency as applies to Rule 12(b)(6), not Rule 56(c).[3] *See In re Burlington Coat Factory Secs.*

---

[2] Third Circuit law governs the motion to amend and Federal Circuit law governs whether the inequitable conduct claim is pled with sufficient particularity. *See, e.g., Cent. Admixture,* 482 F.3d at 1357 (Recognizing that leave to amend is a procedural matter not unique to patent law, and applying 11th Circuit law in reviewing a denial of a motion to amend to include facts to support an inequitable conduct defense and counterclaim.).

*Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997). "Futility," therefore, means that the amended counterclaim would fail to state a claim upon which relief could be granted, taking all pleaded allegations as true and viewing them in a light most favorable to the pleading party. *Id.*; *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007); *see also Satellite Fin. Planning Corp. v. First Nat'l Bank of Wilmington*, 646 F. Supp. 118, 120 (D. Del. 1986). Applying this standard, the Kraft Defendants' amendment is not futile.

Two elements are required to state a claim of inequitable conduct: (1) materiality and (2) intent. *See Impax Labs., Inc. v. Aventis Pharms. Inc.*, 468 F.3d 1366, 1375 (Fed. Cir. 2006). The materiality standard is not subjective, *i.e.*, based on what Mr. Lazaris or Mr. Gauthier believed to be material, but rather, is objective, *i.e.*, defined by what *a reasonable examiner* would have considered important in deciding whether to allow a patent application. *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1316 (Fed. Cir. 2006). The Kraft Defendants have alleged three reasons why a reasonable examiner would find the Kenco Singles Cartridge highly material: Singles Cartridge (1) is anticipatory, (2) shows a more complete combination of features than shown in the cited prior art, and (3) is virtually identical in design and configuration to the embodiments described in the '762 patent. Defs.' Mot. 2.

Further, with respect to intent, the Federal Circuit cases establish a sliding scale: "The more material the omission or misrepresentation, the less intent that must be shown to elicit a finding of inequitable conduct." *Impax Labs.*, 468 F.3d at 1375. Here, because the Kenco Singles Cartridge is highly material, a lesser showing of intent is required. The amended pleadings set forth are sufficiently particular to put Keurig on notice of the acts that the Kraft Defendants allege constitute an intent to deceive the PTO. Therefore, the Kraft Defendants'

---

[3] See Keurig's Opp'n 9-11 ("[T]he proposed inequitable conduct theory . . . could [*sic*] not be proven[;]" "[i]nability to remember an event does not create a genuine issue of fact[.]" )

amended counterclaims sufficiently state a claim upon which relief could be granted, and accordingly, are not futile.

## II.    CONCLUSION

For the reasons set forth in the previous Motion and this reply, and in accordance with the liberal standards of Fed. R. Civ. P. 15(a), the Kraft Defendants respectfully request that the Court grant the Defendants' Motion for Leave to File their First Amended Answers and Counterclaims.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel.  202-639-7700


Dated:  April 29, 2008
Public Version Dated: May 6, 2008
863035 / 31118

By:  _/s/ David E. Moore_____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    Tel:  302-984-6169
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

7

# EXHIBIT K

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT L



**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

Charles T. Steenburg
csteenburg@wolfgreenfield.com
direct dial 617.646.8265

January 8, 2008

<u>**VIA FEDEX**</u>

David Schlitz
William S. Foster, Jr.
Baker Botts L.L.P.
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400

  Re: Keurig v. Kraft, et al.
    Civil Action No. 07-017 GMS
    <u>Our File No.: K0502.60000US00</u>

Dear David and Bill:

  In response to Kraft's Document Request Nos. 1-123, enclosed please find three DVDs containing images and load files corresponding to documents labeled KEU00000001 to KEU00031812.

      Very truly yours,

      WOLF, GREENFIELD & SACKS, P.C.

      Charles T. Steenburg

CTS/cay
Enclosures

# EXHIBIT M

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEURIG, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-17 (GMS) |
| | ) | |
| KRAFT FOODS GLOBAL, INC., | ) | **JURY TRIAL DEMANDED** |
| TASSIMO CORPORATION, and | ) | |
| KRAFT FOODS INC., | ) | |
| | ) | |
| Defendants | ) | |

### NOTICE OF SERVICE

The undersigned, counsel for defendants Kraft Foods Global, Inc., Tassimo

Corporation, and Kraft Foods Inc.'s ("Defendants"), hereby certifies that copies of the

following documents were caused to be served on June 5, 2007, upon the following

attorneys of record at the following addresses as indicated:

DEFENDANTS KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION,
AND KRAFT FOODS INC.'S FIRST SET OF JOINT INTERROGATORIES

DEFENDANTS KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION,
AND KRAFT FOODS INC.'S FIRST SET OF JOINT REQUESTS FOR
PRODUCTION OF DOCUMENTS

### VIA HAND DELIVERY

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391

**VIA ELECTRONIC MAIL**

Michael A. Albert
Michael N. Rader
Laura Topper
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com
ltopper@wolfgreenfield.com

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel. 202-639-7700

Dated:  June 5, 2007
799735 / 31118

By:  _/s/ Kenneth L. Dorsney_
    Richard L. Horwitz (#2246)
    Kenneth L. Dorsney (#3726)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    Tel:  302-984-6169
    rhorwitz@potteranderson.com
    kdorsney@potteranderson.com

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo Corporation,*
*and Kraft Foods Inc.*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on June 5, 2007, the attached document was hand delivered on the following person and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

I hereby certify that on June 5, 2007, I have Electronically Mailed the documents to the following:

Michael A. Albert
Michael N. Rader
Laura Topper
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com
ltopper@wolfgreenfield.com

By:  /s/ Kenneth L. Dorsney
　　　Richard L. Horwitz
　　　Kenneth L. Dorsney
　　　Potter Anderson & Corroon LLP
　　　Hercules Plaza, 6th Floor
　　　1313 N. Market Street
　　　P.O. Box 951
　　　Wilmington, DE 19899-0951
　　　(302) 984-6000
　　　rhorwitz@potteranderson.com
　　　kdorsney@potteranderson.com

775701 / 31118

# EXHIBIT N

## Foster, William

| | |
|---|---|
| **From:** | Schlitz, David |
| **Sent:** | Thursday, January 03, 2008 12:32 PM |
| **To:** | 'Michael Albert'; Foster, William |
| **Cc:** | Steenburg, Charles; 'Horwitz, Richard L.' |
| **Subject:** | RE: Keurig v. Kraft |

Michael:

We await Keurig's production during the first week in January.  Your e-mail indicates that Keurig's production will be on a rolling basis.  It was my understanding that most of Keurig's documents would be served in the first week of January, but that a few documents would be produced later in January due to third party confidentiality issues.  However, your e-mail seems to indicate that production of more documents will be delayed due to Keurig being in the process of moving.  I would appreciate your providing me with a more detailed explanation of when we can expect what.

At present I am available to be in England from February 1 through February 23.

I do not know who you want to depose and therefore have not been able to check on their availability.  Accordingly it would be useful for you to tell me as soon as possible who you want to depose on which proposed dates so that I can check on their availability and put the depositions on their colanders.  .

Considering that we have not yet received any of Keurig's documents we will probably not be in a position to depose  Keurig ( 30)(b)(6)) and/or some of its employees in January.  Thus, we will need to coordinate the scheduling of depositions in February so that both sides have sufficient opportunity to conduct needed depositions.  .

In your e-mail you state that that you will endeavor to provide us with the requested information to the extent that it is reasonably possible.  You further state that certain financial information prior to sometime in 2001 may not be available.   Is it technically possible to retrieve this financial information, but Keurig believes it would be unreasonably burdensome to do so?  Please explain.
We await your responses with regard to the remaining document requests and interrogatories we discussed during our conference call but which are not specifically addressed in your e-mail.

I will review and comment on the proposed stipulation regarding expert witnesses separately.

Regards,

David
-----Original Message-----
**From:** Michael Albert [mailto:Michael.Albert@WolfGreenfield.com]
**Sent:** Friday, December 21, 2007 4:09 PM
**To:** Schlitz, David; Foster, William
**Cc:** Steenburg, Charles
**Subject:** Keurig v. Kraft

David,

To confirm our discussions during the telephone conference on Thursday, Kraft will begin producing electronic documents (including sales information) next week and have most of the

production done by early January, with the rest completed by the end of the month.

As I explained, we anticipate being in position to start producing documents the first week of January. Like yours, our production will be rolling. We have our own third-party confidentiality issues to resolve, and our client is in the process of moving.

As we agreed, the mutual delays in the production of documents make it necessary to push back the deadlines for expert reports and rebuttal expert reports by one month, i.e. until March 3 for opening reports and April 3 for rebuttal reports.

You indicated that Kraft will not bring the U.K. witnesses here for deposition, but will cooperate to ensure that only one trans-Atlantic trip is necessary. Please identify potential blocks of time as soon as possible.

We discussed Keurig's objections to certain of the interrogatories and document requests that Kraft recently propounded. As I noted, some of the requests were very broad and our responses were designed to avoid unnecessary expense and disruption or the production of irrelevant matter. Nevertheless, we agreed to a resolution of many of these issues, and we are consulting Keurig regarding certain remaining discovery issues that you raised and should be able to get back to you by the first week of January. One recurring issue that we discussed was whether Keurig could produce documents back to 2000 rather than 2003. While we will endeavor to do so to the extent reasonably possible, please note that Keurig apparently switched to a new storage system sometime in 2001, so our preliminary understanding is that certain financial materials prior to that date may not be available.

We will supplement our responses to Kraft's Interrogatory No. 18 shortly. For Interrogatory No. 24, we will identify specific documents pursuant to Rule 33(d). We will also supplement our responses to the consumer survey/study-related interrogatories to the extent that any responsive information comes to light (although as far as I am currently aware, our responses to those interrogatories are complete and correct as written).

Finally, we agreed that drafts, communications, and other matters exchanged between parties and their expert witnesses that do not form the basis for an expert report will not be discoverable. We have agreed to send you a proposed stipulation soon that would formalize this agreement.

Best wishes for the holidays,
Michael

**Michael A. Albert**
malbert@wolfgreenfield.com
direct dial 617.646.8240
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax

*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

4/23/2008

# EXHIBIT O

## Foster, William

| | |
|---|---|
| **From:** | Michael Rader [Michael.Rader@WolfGreenfield.com] |
| **Sent:** | Friday, January 18, 2008 3:25 PM |
| **To:** | Schlitz, David |
| **Cc:** | Albert, Michael; Steenburg, Charles; Foster, William |
| **Subject:** | Keurig v. Kraft |

Dear David,

I understand that you are available to do depositions in England during the first three weeks of February. We are obviously still reviewing Kraft's rolling document production, but can state that we plan to depose Mr. Lloyd, Mr. Halliday and Mr. Bentley. We would like to take these depositions during the week of February 18. We will let you know whether there are additional UK witnesses as our document review progresses, but wanted to let you know about these three so that you could check on their schedules. We also plan to give you some 30b6 topic lists next week, since some of those topics may be addressed by UK-based witnesses.

Also, can you tell me whether the following '234 patent inventors are current Kraft-group employees: Christine King, Alistair MacMahon, Robert Tansley, Alec Newman.

You should have received a second round of document production from us today. Another round is going out this evening, and more documents should follow early next week. We anticipate completing all, or virtually all, of our document production by the end of this month. Can you provide a similar update?

With regard to Keurig's accounting data, I have more details on the system switch that occurred; it is probably easier for me to explain that by phone next week.

Last, I don't think we've heard back from you on our proposed stip re: expert discovery. Please let us have your thoughts on that.

Best regards,

**Michael N. Rader**
mrader@wolfgreenfield.com
direct dial 617.646.8370
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.646.8646 fax

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 6, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 6, 2008, the attached document was Electronically Mailed to the following person(s):

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
jshaw@ycst.com
kkeller@ycst.com

Michael A. Albert
Michael N. Rader
Laura Topper
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com
ltopper@wolfgreenfield.com

By: /s/ David E. Moore
    Richard L. Horwitz
    David E. Moore
    Potter Anderson & Corroon LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

805682 / 31118