IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>      Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>      Defendants. | Civil Action No. 07-017-GMS |

**KEURIG's MOTION *IN LIMINE* NO. 4 – MOTION TO PRECLUDE KRAFT FROM CALLING WITNESSES IDENTIFIED AFTER THE CLOSE OF DISCOVERY**

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Adam W. Poff (No. 3990)
*apoff@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Michael A. Albert
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

*Attorneys for Plaintiff Keurig, Incorporated*

Dated: August 4, 2008

Kraft should be prohibited from calling witnesses not identified before the close of discovery. In July 2008, <u>three months after</u> discovery closed, Kraft served "Amended Initial Disclosures" identifying, for the first time, three new Kraft employees that it wishes to call at trial. Their testimony would relate to production records for Kenco Singles cartridges, which Kraft argues invalidate the patent-in-suit for prior "public use" under 35 U.S.C. § 102(b).[1] Yet Kraft already identified a witness on this subject during discovery, and Keurig's counsel traveled to England to depose him. It is too late, and too prejudicial to Keurig, for Kraft to add witnesses now – particularly its own employees, whom it has no justification for failing to timely identify.

## I.      BACKGROUND

Kraft produced a 3,181-page set of production records to Keurig on March 18, 2008, just before the April 1 close of discovery. Kraft then identified its UK employee Michael Tamblin as the person who would testify about those records, and agreed to make him available for deposition in England on April 2 (a day after the close of discovery).

As discussed in Keurig's Motion *in Limine* No. 3, Mr. Tamblin turned out to be unfamiliar with the relevant recordkeeping procedures and thus unable to lay the foundation for the production records to be admissible. Nevertheless, Kraft took no further action until July 2008, three months after discovery closed (and shortly before the first major pretrial deadline), when it suddenly served its "Second Amended Initial Disclosures" and "Third Amended Initial Disclosures," identifying three new witnesses – all Kraft employees located in England – who supposedly have "information regarding the production records of Kenco Singles™ Cartridges." (Exs. 1, 2 – identifying new witnesses Mike Gage-Smith, Martin Brown and Roy Adams).

---

[1] Keurig disputes whether Kenco Singles cartridges are prior art to Keurig's '762 patent. Moreover, even if they were prior art, the Singles cartridges would not anticipate the '762 patent as Kraft itself has admitted. <u>See</u> Keurig's Motion *in Limine* No. 1 at 1 n.1 <u>and</u> D.I. 91 at 2-5.

Upon receiving the amended disclosures, Keurig reminded Kraft that it was in the final phases of preparing its voluminous pre-trial papers and requested confirmation that Kraft would not attempt to offer the newly-disclosed witnesses at trial. (Exhibit 3). Kraft did not agree and instead proposed to make the witnesses available for deposition. Kraft offered no explanation or justification, however, for the lateness of its amended disclosures. (Exhibit 4).

Having waited until the eleventh hour of discovery to produce the production records, and having already required Keurig's counsel to depose its designated witness on those records (Mr. Tamblin) after the close of discovery (in England), it is too late now for Kraft to start over, let alone to proffer three additional witnesses on a subject that has long been closed. Kraft has not shown good cause for having delayed until three months after the close of discovery, particularly as the new witnesses are all Kraft employees within Kraft's own control.

By the time Kraft served its belated disclosures, Keurig was actively preparing for trial, now looming near on the horizon. Pursuant to the Scheduling Order (D.I. 34), Keurig was required to serve (and has served) Kraft with voluminous draft materials for the Final Pretrial Order (trial exhibit list, deposition designations, proposed jury instructions, statements of disputed and undisputed facts, and a host of other documents) on July 25, 2008. Next, Keurig has a series of deadlines for briefing on motions *in limine*, the final pre-trial package that is coming due to the Court, and a host of other trial preparation activities (not to mention commitments in other cases). Kraft's offer to make the belatedly-identified witnesses available for a series of depositions would only add to, rather than ameliorate, the unfair prejudice to Keurig from Kraft's late disclosure.

## II.    ARGUMENT

The belatedly identified witnesses should be excluded.  Fed. R. Civ. P. 37(c)(1) provides for the automatic exclusion of any witness not identified when required under Rule 26(a).  Sears, Roebuck & Co. v. Goldstone & Sudalter, 128 F.3d 10, 18 n.7 (1st Cir. 1997) (affirming district court's decision to strike affidavit from witness whose identity had not been disclosed in the party's initial disclosures "at the outset of the litigation"); see also 6 Moore's Federal Practice § 26.22[4][a][ii] ("The potential penalty for failure to provide identifying information in the initial disclosure is exclusion of the witness, no matter how innocuous his or her evidence might be.").

Rule 37(c) applies unless the failure to disclose was substantially justified or harmless, neither of which is true here.  See Nicholas v. Penn. State Univ., 227 F.3d 133, 148 (3d Cir. 2000) (affirming exclusion and noting four factors to consider: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation").

Kraft has articulated no justification for waiting until three months after the close of discovery – and after the deposition (in a distant location) of the original witness it chose to designate on this issue – to identify more witnesses about the production records.  See Praxair, Inc. v. ATMI, Inc., 445 F. Supp. 2d 460, 469 n.11 (D. Del. 2006) ("ATMI had almost a year of discovery to … respond to Praxair's discovery requests. To have allowed ATMI to add [the belated material] at the close of discovery…would have turned the trial process on its head by rewarding the party who ignores the court's rulings and orders, and disadvantaging the party who has complied with such.").

- 3 -

Kraft's offer of more depositions would not obviate the prejudice to Keurig given the lateness of the disclosure. E.g., Finch v. Hercules, C.A. No. 92-251, 1995 WL 785100, at *16-17 (D. Del. Dec. 22, 1995) (excluding late-identified witnesses: "[T]he Court is unwilling to disrupt defendant's trial preparation with having to notice five deponents and coordinate schedules. It would be unfair to penalize defendant and in effect reward plaintiff's noncompliance.").

Moreover, even with late depositions, Keurig would still be denied the ability take follow-up discovery in light of the new witnesses' testimony since the discovery period has closed. Even Kraft proposes no remedy for this prejudice. See Callaway Golf Co. v. Acushnet Co., 523 F. Supp. 2d 388, 401 (D. Del. 2007) (declining to consider declaration produced "after the close of fact and expert discovery" from witness who "was not listed in defendant's initial disclosures or interrogatory responses as a potential witness in this case"); Lyman v. St. Jude Med. S.C., Inc., C.A. 05-122, 2008 WL 2224352, at *7-8 (E.D. Wis. May 27, 2008) (granting motion to preclude defendant from calling four witnesses not named in initial disclosures: "None of these witnesses were deposed during discovery in this case."); Johnson v. Saks Fifth Ave. TX, LP, C.A. No. 05-1237, 2007 WL 781946, at *15 (S.D. Tex. Mar. 9, 2007) (failure to disclose witness in initial disclosures was not harmless, as the opposing party had not been afforded "the opportunity to depose [the witness] before the end of the discovery period"); Depew v. ShopKo Stores, Inc., C.A. 03-0539, 2006 WL 47357, at *3 (D. Idaho Jan. 6, 2006) (excluding testimony of witnesses identified in updated initial disclosure two months before trial: "Because the disclosure came after the close of discovery, it would be harmful for that reason."). Keurig already traveled to England to depose Kraft's original designee on the production records, Mr. Tamblin. Allowing Kraft to designate three more witnesses on the same issue at this late stage of the case would prejudice Keurig without substantial justification.

## III.   CONCLUSION

For the above reasons, Kraft should be precluded from calling witnesses that it did not identify before the close of discovery.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Adam W. Poff (No. 3990)
*apoff@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Michael A. Albert
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

*Attorneys for Plaintiff Keurig, Incorporated*

Dated: August 4, 2008

065927.1001

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on August 4, 2008, a true and correct

copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF

which will send notification that such filing is available for viewing and downloading to the

following counsel of record:

> Richard L. Horwitz, Esquire [*rhorwitz@potteranderson.com*]
> David E. Moore, Esquire [*dmoore@potteranderson.com*]
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> Wilmington, Delaware 19801

Additionally, I hereby certify that on August 4, 2008, copies of the foregoing

document were served by hand delivery and email on the above-listed counsel of record and on the

following non-registered participants in the manner indicated below:

### BY E-MAIL

> David Schlitz, Esquire [*david.schlitz@bakerbotts.com*]
> Baker Botts L.L.P
> The Warner
> 1299 Pennsylvania Ave., NW
> Washington, D.C. 20004-2400

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Adam W. Poff*
John W. Shaw (No 3362) [*jshaw@ycst.com*]
Adam W. Poff (No. 3990) [*apoff@ycst.com*]
Karen E. Keller (No. 4489) [*kkeller@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302)-571-6600

*Attorneys for Plaintiff Keurig, Incorporated*

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KEURIG, INCORPORATED,                )<br>                                                      )<br>            Plaintiff,                         )<br>                                                      )<br>    v.                                             )<br>                                                      )<br> KRAFT FOODS GLOBAL, INC.,        )<br> TASSIMO CORPORATION, and        )<br> KRAFT FOODS INC.,                       )<br>                                                      )<br>            Defendants.                     ) | C.A. No. 07-17 (GMS)<br><br>**JURY TRIAL DEMANDED** |

**KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, AND KRAFT FOODS
INC.'S SECOND AMENDED INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(e), Defendants Kraft Foods Global, Inc., Tassimo

Corporation, and Kraft Foods Inc. (collectively, "the Kraft Defendants"), by and through its

undersigned counsel, hereby amends its initial disclosures.

The following disclosures are made without waiver of any objections to the

disclosure of material or information, including, without limitation, any objections to the

disclosure of material or information which is protected from disclosure by the attorney-client

privilege or the attorney work product doctrine, or any other applicable privilege, any objections

based on lack of relevance, any objections based on the fact that the documents or information

requested are confidential, that the proposed discovery would be unreasonably cumulative or

duplicative or more easily obtainable from some other source more convenient, less burdensome

or less expensive, or that the burden or expense of the proposed discovery outweighs its likely

benefit. In addition, these disclosures are based on information reasonably available to the Kraft

Defendants at this time. The Kraft Defendants reserve the right to further supplement or amend

its disclosures when and as appropriate in light of further investigation and discovery.

(A)    **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;**

1.    Adam Lloyd is Director of Technology, Brew Systems, Global Technology and Quality for Kraft Foods Global, Inc. Mr. Lloyd is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433. Mr. Lloyd has information regarding the development of the TASSIMO® T-DISC beverage filter cartridge.

2.    Andrew Halliday is Senior Associate Principal Engineer, Global Coffee Technology for Kraft Foods Global, Inc. Mr. Halliday is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433. Mr. Halliday has information regarding prior art and technical information regarding TASSIMO® T-DISC beverage filter cartridges.

3.    Andrew Bentley is Senior Program Leader, Machine Development, Technology Innovation for Kraft Foods Global, Inc. Mr. Bentley is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433. Mr. Bentley has information regarding the prior art and technical information regarding the field of beverage filter cartridges.

4.    James Ferguson is Technical Services Manager, Technical Service Centre for Kraft Foods Global, Inc. Mr. Ferguson is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433. Mr. Ferguson has information regarding beverage filter cartridge systems in public use to the priority date of the Patent-in-Suit.

5.    William Craig is a retired Kraft employee. Mr. Craig's address is 1033 Deer Trail, Bourbonnais, IL 60914. Mr. Craig has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

6.      Victor Passarelli, former Building Operations Manager, Rye Brook, Altria Corporate Services. Mr. Passarelli is based at Altria Group, Inc., 120 Park Avenue, New York, NY, 10017, (917) 663-4000. Mr. Passarelli has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

7.      Helen Glus, Administrative Assistant to Louis C. Camilleri, CEO of Altria, Group, Inc. Ms. Glus is based at Altria Group, Inc., 120 Park Avenue, New York, NY, 10017, (917) 663-4000. Ms. Glus has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

8.      Sylvester Stallone, film actor. Mr. Stallone can be reached through his counsel Ralph Brescia at Bloom Hergott Diemer Rosenthal LaViolette & Feldman, LLP, 150 South Rodeo Drive , Third Floor, Beverly Hills, CA 90212, (310) 859-6800. Mr. Stallone has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

9.      Alistair J. MacMahon, Associate Technology Principal for Kraft Foods Global, Inc. Mr. MacMahon is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433. Mr. MacMahon has technical information regarding Kenco Singles™ beverage filter cartridges and the field of beverage filter cartridges.

10.     Geraldine A. Greto is a Kraft Foods employee based at 555 S. Broadway, Tarrytown, NY 10591, (914) 425-2500. Ms. Greto has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

11.    Steven Anderson is a former engineer for Phillip Morris Corporate Services.  Mr. Anderson's address is 205 Jensen Avenue, Mamaroneck, NY 10543.  Mr. Anderson has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

12.    Joel Shipley is a contractor with Culbertson Company who performed work at Kraft Food's former offices in Rye Brook, NY.  Mr. Shipley is based at Culbertson Company's offices at 182 Brady Ave, Hawthorne, NY 10532, (914) 345-5959.  Mr. Shipley has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

13.    Jim Vacaro is a contractor with Carrier Corporation who performed work at Kraft Food's former offices in Rye Brook, NY.  Mr. Vacaro is based at Carrier Corpoartion's offices at Orchard Ridge Corporate Park, Brewster, NY 10509, (845) 276-2950. Mr. Vacaro has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

14.    Frank Nieli is an independent contractor at Kraft Food's offices located at 555 S. Broadway, Tarrytown, NY 10591, (914) 425-2500.  Mr Nieli has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

15.    David Yuile is a former employee of Pepsi Cola International.  Mr. Yuile is with AAPT, Level 23, 680 St. George Street, NSW, 2000 AUSTRALIA, (+61) 2-9009-9009.  Mr. Yuile has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

4

16.    Mike Gage-Smith, Work Services Manager for Kraft Foods Global, Inc. Mr. Gage-Smith is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433.  Mr. Gage-Smith has information regarding the production records of Kenco Singles™ Cartridges.

**(B)    a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

(a)    Technical documents and electronically stored information ("ESI") relating to TASSIMO® T-DISC beverage filter cartridges.  These documents are located at the offices of Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, United Kingdom, on servers managed by Electronic Data Systems Corporation in the United Kingdom, and at the offices of Baker Botts L.L.P., 1299 Pennsylvania Ave., NW; Washington, DC 20004.

(b)    Documents and ESI related to the sales or manufacture of TASSIMO® T-DISC beverage filter cartridges in the United States.  These documents are located at the offices of Kraft Global Foods, Inc., 555 S. Broadway, Tarrytown, New York 10591, on servers managed by Electronic Data Systems Corporation in the United States, and at the offices of Baker Botts L.L.P., 1299 Pennsylvania Ave., NW; Washington, D.C. 20004.

(c)    Prior art.  These documents and things are located at the offices of Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, United Kingdom, at the offices of Kraft Global Foods, Inc., 555 S. Broadway, Tarrytown, New York 10591, and at the offices of Baker Botts L.L.P., 1299 Pennsylvania Ave., NW; Washington, D.C. 20004.

(d)    The Patent-in-Suit and the file history of the Patent-in-Suit.  These documents are located at the offices of Baker Botts L.L.P., 1299 Pennsylvania Ave., NW; Washington, D.C. 20004.

5

**(C)**     a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

Not applicable to Defendants.

**(D)**     for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

The Kraft Defendants are not aware of any such agreements.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel. 202-639-7700

Dated: June 30, 2008
872212 / 31118

By:   */s/ David E. Moore*
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Hercules Plaza, 6th Floor
        1313 North Market Street
        P.O. Box 951
        Wilmington, DE  19899-0951
        Tel:  302-984-6169
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

6

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 30, 2008, a true and correct copy of the

within document was caused to be served on the attorney of record at the following addresses as

indicated:

## VIA HAND DELIVERY & ELECTRONIC MAIL

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com
kkeller@ycst.com

## VIA ELECTRONIC MAIL

Michael A. Albert
Michael N. Rader
Laura Topper
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com
ltopper@wolfgreenfield.com

*/s/ David E. Moore*
David E. Moore

799719 / 31118

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

KEURIG, INCORPORATED,                    )
                                         )
        Plaintiff,                     )
                                         )
        v.                             )    C.A. No. 07-17 (GMS)
                                         )
KRAFT FOODS GLOBAL, INC.,                )    **JURY TRIAL DEMANDED**
TASSIMO CORPORATION, and                 )
KRAFT FOODS INC.,                        )
                                         )
        Defendants.                    )

**KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, AND
KRAFT FOODS INC.'S THIRD AMENDED INITIAL DISCLOSURES**

        Pursuant to Fed. R. Civ. P. 26(e), Defendants Kraft Foods Global, Inc., Tassimo

Corporation, and Kraft Foods Inc. (collectively, "the Kraft Defendants"), by and through its

undersigned counsel, hereby amends its initial disclosures.

        The following disclosures are made without waiver of any objections to the

disclosure of material or information, including, without limitation, any objections to the

disclosure of material or information which is protected from disclosure by the attorney-client

privilege or the attorney work product doctrine, or any other applicable privilege, any objections

based on lack of relevance, any objections based on the fact that the documents or information

requested are confidential, that the proposed discovery would be unreasonably cumulative or

duplicative or more easily obtainable from some other source more convenient, less burdensome

or less expensive, or that the burden or expense of the proposed discovery outweighs its likely

benefit. In addition, these disclosures are based on information reasonably available to the Kraft

Defendants at this time. The Kraft Defendants reserve the right to further supplement or amend

its disclosures when and as appropriate in light of further investigation and discovery.

(A)   **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;**

1.    Adam Lloyd is Director of Technology, Brew Systems, Global Technology and Quality for Kraft Foods Global, Inc. Mr. Lloyd is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433. Mr. Lloyd has information regarding the development of the TASSIMO® T-DISC beverage filter cartridge.

2.    Andrew Halliday is Senior Associate Principal Engineer, Global Coffee Technology for Kraft Foods Global, Inc. Mr. Halliday is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433. Mr. Halliday has information regarding the prior art and technical information regarding TASSIMO® T-DISC beverage filter cartridges.

3.    Andrew Bentley is Senior Program Leader, Machine Development, Technology Innovation for Kraft Foods Global, Inc. Mr. Bentley is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433. Mr. Bentley has information regarding the prior art and technical information regarding the field of beverage filter cartridges.

4.    James Ferguson is Technical Services Manager, Technical Service Centre for Kraft Foods Global, Inc. Mr. Ferguson is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433. Mr. Ferguson has information regarding beverage filter cartridge systems in public use to the priority date of the Patent-in-Suit.

5.    William Craig is a retired Kraft employee. Mr. Craig's address is 1033 Deer Trail, Bourbonnais, IL 60914. Mr. Craig has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

6.      Victor Passarelli, former Building Operations Manager, Rye Brook, Altria Corporate Services.  Mr. Passarelli is based at Altria Group, Inc., 120 Park Avenue, New York, NY, 10017, (917) 663-4000.  Mr. Passarelli has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

7.      Helen Glus, Administrative Assistant to Louis C. Camilleri, CEO of Altria, Group, Inc.  Ms. Glus is based at Altria Group, Inc., 120 Park Avenue, New York, NY, 10017, (917) 663-4000.  Ms. Glus has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

8.      Sylvester Stallone, film actor.  Mr. Stallone can be reached through his counsel Ralph Brescia at Bloom Hergott Diemer Rosenthal LaViolette & Feldman, LLP, 150 South Rodeo Drive , Third Floor, Beverly Hills, CA 90212, (310) 859-6800.  Mr. Stallone has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

9.      Alistair J. MacMahon, Associate Technology Principal for Kraft Foods Global, Inc.  Mr. MacMahon is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433.  Mr. MacMahon has technical information regarding Kenco Singles™ beverage filter cartridges and the field of beverage filter cartridges.

10.     Geraldine A. Greto is a Kraft Foods employee based at 555 S. Broadway, Tarrytown, NY 10591, (914) 425-2500.  Ms. Greto has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

3

11.    Steven Anderson is a former engineer for Phillip Morris Corporate Services. Mr. Anderson's address is 205 Jensen Avenue, Mamaroneck, NY 10543. Mr. Anderson has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

12.    Joel Shipley is a contractor with Culbertson Company who performed work at Kraft Food's former offices in Rye Brook, NY. Mr. Shipley is based at Culbertson Company's offices at 182 Brady Ave, Hawthorne, NY 10532, (914) 345-5959. Mr. Shipley has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

13.    Jim Vacaro is a contractor with Carrier Corporation who performed work at Kraft Food's former offices in Rye Brook, NY. Mr. Vacaro is based at Carrier Corpoartion's offices at Orchard Ridge Corporate Park, Brewster, NY 10509, (845) 276-2950. Mr. Vacaro has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

14.    Frank Nieli is an independent contractor at Kraft Food's offices located at 555 S. Broadway, Tarrytown, NY 10591, (914) 425-2500. Mr Nieli has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

15.    David Yuile is a former employee of Pepsi Cola International. Mr. Yuile is with AAPT, Level 23, 680 St. George Street, NSW, 2000 AUSTRALIA, (+61) 2-9009-9009. Mr. Yuile has information regarding a beverage filter cartridge system in public use prior to the priority date of the Patent-in-Suit.

4

16.    Mike Gage-Smith, Work Services Manager for Kraft Foods Global, Inc. Mr. Gage-Smith is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433.  Mr. Gage-Smith has information regarding the production records of Kenco Singles™ Cartridges.

17.    Martin Brown, Maxpax Engineer for Kraft Foods Global, Inc.  Mr. Brown is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433.  Mr. Brown has information regarding the production records of Kenco Singles™ Cartridges.

18.    Roy Adams , Maxpax Engineer for Kraft Foods Global, Inc.  Mr. Adams is based at Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, (+44) 1295-264433.  Mr. Adams has information regarding the production records of Kenco Singles™ Cartridges.

**(B)    A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

(a)    Technical documents and electronically stored information ("ESI") relating to TASSIMO® T-DISC beverage filter cartridges.  These documents are located at the offices of Kraft Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, United Kingdom, on servers managed by Electronic Data Systems Corporation in the United Kingdom, and at the offices of Baker Botts L.L.P., 1299 Pennsylvania Ave., NW; Washington, DC 20004.

(b)    Documents and ESI related to the sales or manufacture of TASSIMO® T-DISC beverage filter cartridges in the United States.  These documents are located at the offices of Kraft Global Foods, Inc., 555 S. Broadway, Tarrytown, New York 10591, on servers

managed by Electronic Data Systems Corporation in the United States, and at the offices of

Baker Botts L.L.P., 1299 Pennsylvania Ave., NW; Washington, D.C. 20004.

        (c)     Prior art.  These documents and things are located at the offices of Kraft

Foods UK, Ltd., Ruscote Ave., Banbury, OX16 2QU, United Kingdom, at the offices of Kraft

Global Foods, Inc., 555 S. Broadway, Tarrytown, New York 10591, and at the offices of Baker

Botts L.L.P., 1299 Pennsylvania Ave., NW; Washington, D.C. 20004.

        (d)     The Patent-in-Suit and the file history of the Patent-in-Suit.  These

documents are located at the offices of Baker Botts L.L.P., 1299 Pennsylvania Ave., NW;

Washington, D.C. 20004.

**(C)**      **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and**

          Not applicable to Defendants.

**(D)**      **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

          The Kraft Defendants are not aware of any such agreements.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel.  202-639-7700

Dated:  July 17, 2008
874773 / 31118

By: _/s/ David E. Moore_____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    Tel:  302-984-6169
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 17, 2008, a true and correct copy of the

within document was caused to be served on the attorney of record at the following addresses as

indicated:

**VIA HAND DELIVERY & ELECTRONIC MAIL**

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com
kkeller@ycst.com

**VIA ELECTRONIC MAIL**

Michael A. Albert
Michael N. Rader
Laura Topper
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com
ltopper@wolfgreenfield.com

*/s/ David E. Moore*
David E. Moore

799719 / 31118

# EXHIBIT 3

**From:**          Rader, Michael
**Sent:**          Tuesday, July 22, 2008 7:29 PM
**To:**            'william.foster@bakerbotts.com'
**Cc:**            Steenburg, Charles; 'Keller, Karen'
**Subject:**       Keurig v. Kraft

Dear Bill,

I'm writing to register Keurig's objection to Kraft's untimely attempt to inject new witnesses into this case through its Second Amended Initial Disclosures and Third Amended Initial Disclosures, served on Keurig on June 30 and July 17, respectively.  As you know, discovery in this case closed on April 1, 2008.  Moreover, we are now in the final phases of preparing our voluminous draft pre-trial papers for service on July 25.

Trial testimony from these previously-undisclosed witnesses would unfairly prejudice Keurig.  Kindly confirm in response to this e-mail that Kraft will not attempt to have these witnesses testify at trial, or Keurig will seek appropriate relief from the Court.

Best regards,

Michael Rader

WOLF, GREENFIELD & SACKS, P.C.

# EXHIBIT 4

# BAKER BOTTS LLP

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL  +1 202.639.7700
FAX  +1 202.639.7890
www.bakerbotts.com

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
**WASHINGTON**

July 28, 2008

William S. Foster, Jr.
TEL  +1 202.639.1321
FAX  +1 202.639.1185
william.foster@bakerbotts.com

### *VIA EMAIL AND FIRST CLASS MAIL*

Michael N. Rader, Esquire
**WOLF, GREENFIELD & SACKS, P.C.**
600 Atlantic Avenue
Boston, Massachusetts  02210

      Re:    *Keurig, Incorporated v. Kraft Foods Global, Inc., et al.*
             USDC, District of Delaware
             Civil Action No. 07-cv-00017-GMS

Dear Mike:

      We are writing in response to your e-mail of July 22, 2008, regarding the identification of new witnesses in our amended Rule 26(a)disclosures.

      The Kraft Defendants intend to solicit trial testimony from Messrs. Gage-Smith, Brown, and Adams regarding the production records for Kenco Singles™ cartridges that have been produced in this case.  Accordingly, prior to trial, we are willing to make these witnesses available for deposition at a time and location that is convenient for you.  We hope to resolve this matter without the involvement of the Court, but we will seek to arrange a discovery conference with the Court if you maintain your objection to these witnesses.

      We ask that you contact us no later than August 1, 2008, regarding any potential depositions of the newly identified witnesses.  Please do not hesitate to contact us if you have any questions regarding this matter.

              Best regards,

              William S. Foster, Jr.

WSF:

## **RULE 7.1.1 CERTIFICATION**

I hereby certify that counsel for Plaintiff has complied with Rule 7.1.1 of the Local Rules

of Civil Practice and Procedure of the United States District Court for the District of Delaware.


/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)