IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, and KRAFT FOODS INC.,<br><br>　　　　Defendants. | Civil Action No. 07-017-GMS<br><br>**REDACTED –**<br>**PUBLIC VERSION** |

**KEURIG'S MOTION *IN LIMINE* NO. 1 – MOTION TO PRECLUDE KRAFT FROM OFFERING EVIDENCE OF ITS TESTING OF SINGLES CARTRIDGES BECAUSE KRAFT WITHHELD KEY INFORMATION ABOUT THAT TESTING**

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Adam W. Poff (No. 3990)
*apoff@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Michael A. Albert
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

*Attorneys for Plaintiff Keurig, Incorporated*

Dated: August 4, 2008

Kraft should be precluded from offering evidence of its testing of Kenco Singles cartridges (which Kraft alleges constitute prior art[1]) because Kraft withheld discovery into that testing based on an assertion of work product.  Keurig (and likewise the trier of fact) cannot fairly evaluate Kraft's experimental setup and results. Kraft's selective waiver impermissibly uses its claim of privilege as both a sword and a shield. The appropriate remedy is exclusion of any evidence and testimony about the Kraft testing.

I.  **BACKGROUND**

In January 2008, Kraft disclosed that its UK employee Lee Rowan had performed testing of Kenco Singles cartridges to determine if they met the '762 patent claim limitations. Kraft agreed to make Mr. Rowan available for deposition in England. 

---

[1] Keurig disputes whether Kenco Singles cartridges are prior art to Keurig's '762 patent. Moreover, even if they were prior art, the Singles cartridges would not anticipate the '762 patent. Indeed, Kraft's Director of Technology for Global Coffee conceded that Singles cartridges are not piercable through the foil lid to accommodate an inflow as required by claim 1 of the patent. Kraft itself took the same position before the European Patent Office. See D.I. 91 at 2-5.

- 2 -



DB02:7054184.1    065927.1001

- 3 -

Subsequently, in mid-March 2008, Mr. Bentley conducted an additional round of testing



## II. ARGUMENT

### A. Andrew Bentley's Tests Should Be Excluded.

Cf. Belmont Textile Mach. Co. v. Superba, S.A., 48 F. Supp. 2d 521, 523 (W.D.N.C. 1999) ("How can Belmont – or the trier of fact for that matter – analyze Superba's reliance upon the advice of counsel without reference to the circumstances surrounding the issuance of the advice...?").

- 4 -

Under these circumstances, the appropriate remedy is exclusion of all evidence about Mr. Bentley's testing. Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1196 (9th Cir. 2001) ("[W]here the party claiming privilege during discovery wants to testify at the time of trial, the court may ban that party from testifying on the matters claimed to be privileged."); Mobil Oil Corp. v. Amoco Chem. Corp., 779 F. Supp. 1429, 1485 n.43 (D. Del. 1999) (granting motion *in limine* to exclude evidence of an opinion of counsel in a patent case due to a partial waiver by the defendant: "The Court finds that Amoco's failure to clearly waive the privilege before the close of discovery prevented Mobil from taking any appropriate discovery regarding the opinions or from ascertaining that all of the documents relating to the opinions had been produced.").[2] Kraft cannot have it both ways – ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

B. **Mr. Rowan's Tests Using Mr. Bentley's Apparatus Are Likewise Tainted by Kraft's Selective Disclosure and Should Be Excluded.**

It would likewise be unfairly prejudicial for Kraft to present testimony about Mr. Rowan's tests, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[2] ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Columbia, 259 F.3d at 1196 (affirming exclusion of proffered testimony despite opposing party's offer to "make himself available for deposition on [the relevant] issue.").

- 5 -





See Mobil, 779 F. Supp. at 1485 n.43 (reliance on evidence is improper where assertion of privilege bars the opposing party from inspecting any underlying documents related to that evidence).

### III. CONCLUSION

For the above reasons, Keurig requests that Kraft be precluded from introducing any evidence of the testing performed by its engineers on Kenco Singles cartridges.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ 
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Adam W. Poff (No. 3990)
*apoff@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Michael A. Albert
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

*Attorneys for Plaintiff Keurig, Incorporated*

Dated: August 4, 2008

**CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire, hereby certify that on August 11, 2008, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire [*rhorwitz@potteranderson.com*]
> David E. Moore, Esquire [*dmoore@potteranderson.com*]
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> Wilmington, Delaware 19801

Additionally, I hereby certify that on August 11, 2008, copies of the foregoing document were served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

**BY E-MAIL**

> David Schlitz, Esquire [*david.schlitz@bakerbotts.com*]
> Baker Botts L.L.P
> The Warner
> 1299 Pennsylvania Ave., NW
> Washington, D.C. 20004-2400

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen E. Keller*
John W. Shaw (No 3362) [*jshaw@ycst.com*]
Adam W. Poff (No. 3990) [*apoff@ycst.com*]
Karen E. Keller (No. 4489) [*kkeller@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302)-571-6600

*Attorneys for Plaintiff Keurig, Incorporated*

# EXHIBITS 1-6

## REDACTED IN THEIR ENTIRETY

## **RULE 7.1.1 CERTIFICATION**

I hereby certify that counsel for Plaintiff has complied with Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)