## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEURIG, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-17 (GMS) |
| | ) | |
| KRAFT FOODS GLOBAL, INC., | ) | **JURY TRIAL DEMANDED** |
| TASSIMO CORPORATION, and | ) | |
| KRAFT FOODS INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' OPPOSITION TO KEURIG'S MOTION *IN LIMINE* NO. 4</u>

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel.  202-639-7700


Dated:  August 15, 2008
Public Version Dated:  August 22, 2008
878745 / 31118

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Tel:  302-984-6169
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

Defendants Kraft Foods Global, Inc., Tassimo Corporation, and Kraft Foods Inc. (collectively "Kraft"), by counsel, hereby file this opposition to Keurig's Motion *in Limine* No. 4.    Plaintiff Keurig, Incorporated ("Keurig") seeks to exclude three employees of Kraft's Banbury, England facility – Mike Gage-Smith, Martin Brown, and Roy Adams – from testifying at trial regarding facts surrounding the production records showing which prior art Kenco Singles Cartridges ("Singles Cartridges") were in public use in this country from 1996 to 2000, a matter of significant importance to this case.  After the close of discovery, Keurig challenged the authenticity of the production records and the testimony of the custodian of the records, Michael Tamblin.  After that issue first arose in this case, Kraft sought the additional witnesses, not to introduce a new issue or defense in the case, but rather to provide support for an existing defense that had been extensively discovered.

Keurig ultimately moved *in limine* (No. 3) to exclude those production records at trial because, according to Keurig, Mr. Tamblin – the custodian of the records – gave insufficient testimony to authenticate the records.  And now Keurig seeks to exclude additional witnesses that can also authenticate and testify about the information contained in the production records in greater detail.  Keurig can't have its cake and eat it too.  As a matter of fundamental fairness, Keurig's Motion should be denied, and those witnesses should be permitted to testify.

BACKGROUND

Keurig seeks to exclude Gage-Smith, Brown, and Adams on the ground that their identities were not disclosed timely.  But Keurig does not tell the whole story.  On February 26, 2008, Kraft's singles engineer, John MacMahon, was deposed

Shortly thereafter, Kraft's counsel discovered that

MacMahon's recollection was not entirely correct.



Accordingly, production data prior to 2000 did exist, and subsequently Kraft produced records generated to Keurig on March 18, 2008.

Depositions for Mr. Hubert Weber, the former VP and General Manager-Tassimo Global, and a 30(b)(6) designee, as well as a follow-up deposition of Mr. Andrew Bentley regarding testing of Singles Cartridges, were already scheduled to occur in England at the beginning of April. Thus, Kraft quickly identified Michael Tamblin as the current custodian of the production records and then made him immediately available to testify about those records at the same time as the previously planned depositions.

After Keurig challenged the authenticity of the production records and Tamblin's testimony regarding those records, Kraft discovered that Mike Gage-Smith was primarily responsible for entering Singles data from 1996 to 2000, and, thus, could testify in greater detail about the production records. Shortly thereafter, on June 30, 2008 -- almost four months before trial -- Kraft amended its initial disclosures to include Mr. Gage-Smith as a potential witness. Upon further investigation, Kraft discovered two additional persons, Martin Brown and Roy Adams, who also worked with the system during the relevant time period and could testify in detail about the production records. Since the trial date was still more than three months away, Kraft immediately amended its disclosures to include Brown and Adams as potential witnesses and offered Keurig an opportunity to depose all

2

three witnesses at a time and location convenient to Keurig's counsel. Keurig rejected that request and instead sought to exclude the witnesses from testifying altogether.

### ARGUMENT

The testimony of Gage-Smith, Brown, and Adams should be permitted, because Kraft disclosed them to Keurig as soon as they were discovered, and Keurig knew their identity, their contact information, and the scope of their relevant knowledge well before trial. Keurig has declined Kraft's invitation to depose them – even within the U.S. at a time and place convenient to Keurig – because it is afraid of what the witnesses might say. It is clear that Keurig is simply trying to exclude evidence that hurts its case. Kraft should not be penalized as Keurig can only suffer prejudice due to its own inaction. The jury should hear testimony of Gage-Smith, Brown, and Adams in addition to the testimony of the other fact witnesses in this case.

The Federal Rules of Civil Procedure permit witnesses to testify even if they have been identified after the close of discovery.[1] *See* Fed. R. Civ. P. 37(c); *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3rd Cir. 1995). Rule 37 expressly prohibits discovery sanctions if substantial justification exists for the failure to timely disclose a witness <u>or</u> if the failure to disclose is harmless. Fed. R. Civ. P. 37 (emphasis added). Keurig's motion can be denied on

---

[1] In fact, in some cases it may be an abuse of discretion if a court's "exclusion of testimony results in fundamental unfairness in the trial of the case." *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995) (citing *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994)). Kraft has produced a significant amount of documentary evidence that proves the invalidity of Keurig's '762 patent. In another contemporaneous motion (No. 3), Keurig seeks the exclusion of evidence because, in Keurig's view, Kraft's witness was unable to lay an appropriate foundation for the admission of the documents. But now that Kraft has disclosed these three additional witnesses who can testify in greater detail about the production records, Keurig seeks to preclude them from testifying. If the Court is inclined to consider granting Motion *in limine* No. 3 in the absence of the testimony that is the subject of this motion, fundamental fairness requires that Gage-Smith, Brown, and Adams be permitted to testify.

either ground. Substantial justification exists, and the failure to disclose prior to the close of discovery is harmless.

In ruling on whether a previously unidentified witness may be called at trial, the Court should consider the prejudice to the opposing party, the ability of a party to cure any prejudice, the likelihood of disruption to the trial, and the bad faith or willfulness in failing to comply with discovery obligations. *See Meyers v. Pennypack Woods Home Owner's Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977); *Newman*, 60 F.3d at 156. All of those factors weigh heavily in favor of allowing the testimony here. There is no evidence of bad faith or willfulness on the part of Kraft, and there is little, if any, prejudice to Keurig.[2] Discovery had been ongoing for less than a year, and Kraft discovered the new witnesses as part of its Rule 26(e) obligation to supplement its disclosures – and only after Keurig challenged the authenticity of the decade-old production records. Pursuant to Rule 26, Kraft disclosed the witnesses to Keurig as soon as was practicable – and more than three months before trial. In this Circuit, when a party knows the names of previously undisclosed witnesses and the scope of their intended testimony well before trial, the nondisclosure of the witnesses during discovery is harmless. *Newman*, 60 F.3d at 156.

And to the extent Keurig claims prejudice, that can be cured. Kraft has offered on multiple occasions to afford Keurig an opportunity to depose all three witnesses at a time and place convenient to Keurig. If the Court concludes that the witnesses are able to testify at trial, Keurig would still have nearly two months to take their deposition. Moreover, allowing the testimony of these witnesses would comport with the purpose of the Federal Rules of Civil

---

[2] Keurig's citation to *Callaway v. Acushnet* is inapposite as the court did not consider a declaration accompanying a motion for summary judgment not only because of the late disclosure of the witness but also due to the witness' prior inconsistent declaration before the PTO. *See* 523 F.Supp. 2d 388, 401 (D. Del. 2007). Moreover, unlike the other cases cited by Keurig, Kraft has clearly identified both the witnesses and the subject matter of their testimony well before trial.

Procedure.[3]  Of course, if Keurig is willing to stipulate to the accuracy and admissibility of the

production records, testimony from these witnesses will be unnecessary and Kraft will not call

them at trial.

## CONCLUSION

For the foregoing reasons, Keurig's Motion to exclude Mike Gage-Smith, Martin Brown,

and Roy Adams should denied.

POTTER ANDERSON & CORROON LLP

OF COUNSEL

David M. Schlitz
William S. Foster, Jr.
C. John Brown
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
Tel.  202-639-7700

By:  _/s/ David E. Moore_
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Tel: 302-984-6169
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated:  August 15, 2008
Public Version Dated:  August 22, 2008
878745 / 31118

*Attorneys for Defendants*
*Kraft Foods Global, Inc., Tassimo*
*Corporation, and Kraft Foods Inc.*

---

[3] *See Biltrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359, 362 (D. Mass. 2001) ("The obvious purpose of the disclosure requirement of Rule 26(a)(1)(A) . . . is to give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation, either for purposes of . . . being interviewed or for being deposed or for doing background investigation."); Fed. R. Civ. P. 26(a)(1)(A) Advisory Committee's Note (1993) (purpose of the Rule is to "assist other parties in deciding which depositions will actually be needed"; "counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties"). Kraft did that here.  Keurig knew the identity of the witnesses more than three months before trial.  Keurig has the opportunity to investigate them and to depose them to determine the extent of their knowledge regarding facts at issue in this case.  Keurig should avail itself of that opportunity, and the testimony should be admissible at trial.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 22, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on August 22, 2008, the attached document was Electronically

Mailed to the following person(s):

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE  19899-0391
jshaw@ycst.com
kkeller@ycst.com

Michael A. Albert
Michael N. Rader
Laura Topper
Gerald B. Hrycyszyn
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210
malbert@wolfgreenfield.com
mrader@wolfgreenfield.com
ltopper@wolfgreenfield.com
ghrycyszyn@wolfgreenfield.com

By:  */s/ David E. Moore*
     Richard L. Horwitz
     David E. Moore
     Potter Anderson & Corroon LLP
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     P.O. Box 951
     Wilmington, DE  19899-0951
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

805682 / 31118

# Exhibit 1

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY