IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>       Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>       Defendants. | Civil Action No. 07-017-GMS<br><br>**REDACTED – PUBLIC VERSION** |

## REPLY IN SUPPORT OF KEURIG'S MOTION *IN LIMINE* NO. 1

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Michael A. Albert
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

*Attorneys for Plaintiff Keurig, Incorporated*

Dated: August 25, 2008

██████████ This is a classic case of a party trying to use work product as both a sword (to prove a defense) and a shield (to limit Keurig's ability to challenge it). Kraft argues that it allowed Keurig to take <u>some</u> discovery from Mr. Bentley. But that only reinforces the impermissible selectivity of Kraft's disclosure. Excluding <u>all</u> the tainted evidence (i.e., testing on Mr. Bentley's apparatus by both Mr. Bentley and Mr. Rowan) is the only just remedy.[1]

██████████ Kraft now contends that it "never stated that Andrew Bentley would not testify at trial." (Opp. at 4). ██████████ Mr. Bentley may take the stand, but he should not be allowed to testify about his Singles apparatus or testing.

II. **Kraft's Tactics Deny Keurig the Most Pertinent Cross-Examination Material and <u>Exemplify the Impermissible Use of Work Product as Both a Sword and a Shield.</u>**

The prohibition on selective waiver precludes Mr. Bentley from testifying about his Singles apparatus and testing – ██████████

---

[1] Kraft recently informed Keurig that it intends to perform additional testing on Mr. Bentley's apparatus in court during trial. Kraft should be prohibited from doing so for the same reasons.

Kraft cannot use work product as a sword to bolster its invalidity defense, and at the same time as a shield, denying Keurig access to the most pertinent material for challenging the proffered testimony. In United States v. Nobles, 422 U.S. 225 (1975), the Supreme Court affirmed exclusion of testimony from an investigator regarding witness statements because the defendant had refused to turn over the investigator's original report concerning his interviews. Id. at 241 (holding that the sanction "merely prevented respondent from presenting to the jury a partial view of the credibility issue by adducing the investigator's testimony and thereafter refusing to disclose the contemporaneous report that might offer further critical insights").

Kraft's argument that it "is not attempting to rely at trial on…the report itself" (Opp. at 3) is not true. ▮▮▮▮▮▮▮▮▮▮▮▮ E.g., Applera Corp. v. MJ Research Inc., 303 F. Supp. 2d 141 (D. Conn. 2004) (granting motion *in limine* to preclude testimony because accused infringer did not fully disclose opinion's substance).[3]

---

[2] ▮▮▮▮▮▮▮▮▮▮ See Granite Partners, L.P. v. Bear Stearns & Co., 184 F.R.D. 49, 55 (S.D.N.Y. 1999) ("[T]he issue of waiver rests not on whether a privileged document is introduced into evidence, but rather whether the party's use of the document is unfair and inconsistent with the privilege."). Testimony from Mr. Bentley or Mr. Rowan about their testing would place "the accuracy of [their] data and the validity of [their] analyses at issue." Id. The jury would need to decide, for example, whether the apparatus was an appropriate basis for the testing in the first place. ▮▮▮▮▮▮▮▮▮▮

[3] Kraft's argument that the "assertion of work product privilege as to one of Mr. Bentley's documents does not completely bar him from testifying at trial" (Opp. at 4) (emphasis added) begs the question of what the bar ought to be. The bar should apply to any testimony about the apparatus or testing performed thereon.

The lone case that Kraft cites, Frontier Refining, Inc. v. Gorman-Rupp Co., 136 F.3d 695 (10th Cir. 1998), supports Keurig. Frontier turned on the plaintiff's decision not to rely on the work product "in any manner" for its claims or defenses. Id. at 704. Here, by contrast, Kraft plans to rely on Mr. Bentley's work product apparatus and testing (and Mr. Rowan's use of the same apparatus) to bolster its invalidity defense. Kraft cannot do so after having denied Keurig access to the full report that Mr. Bentley wrote. Id. ("[A] litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion.").

## III. Mr. Rowan's Testimony is Inseparable From Mr. Bentley's Work.

Kraft attempts to preserve Mr. Rowan's testimony on the theory that his testing was "conducted independently" from Mr. Bentley's. (Opp. at 5). Yet Kraft concedes that: (1) Mr. Bentley built the testing apparatus alone; and (2) the apparatus is a subject of the report, all but one page of which Kraft withheld. Kraft chose to withhold the report, and precluded any follow-up discovery during the discovery period or through the present. Kraft thus made it impossible for Keurig to prepare a fair rebuttal to trial testimony about use of the Bentley apparatus (whether offered by Mr. Bentley or Mr. Rowan).[4] The only effective remedy is exclusion.

## IV. Conclusion

For the above reasons, Keurig's Motion *in Limine* No. 1 (D.I. 108) should be granted.

---

[4] For example, Keurig is handicapped in questioning either Mr. Bentley or Mr. Rowan to challenge whether the apparatus was an appropriate basis for the testing in the first place. If the jury were to conclude that attaching the apparatus to a cartridge in essence is a modification of the cartridge, then the results would be irrelevant to Kraft's anticipation case. See Telemac Cellular Corp. v. Topp Telecom, Inc., 247 F.3d 1316, 1330 (Fed. Cir. 2001) ("[T]hat a device is capable of being modified to operate in an infringing manner is not sufficient, by itself to support a finding of infringement."); Mycogen Plant Science v. Monsanto Co., 243 F.3d 1316, 1324 (Fed. Cir. 2001) ("The tests for infringement and anticipation are very similar, and that which would literally infringe if later in time anticipates if earlier.").

                                  YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                  */s/ Karen E. Keller*

                                  John W. Shaw (No. 3362)
                                  *jshaw@ycst.com*
                                  Karen E. Keller (No. 4489)
                                  *kkeller@ycst.com*
                                  YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                  The Brandywine Building
                                  1000 West Street, 17th Floor
                                  Wilmington, DE 19801
                                  (302) 571-6600

                                  Michael A. Albert
                                  Michael N. Rader
                                  WOLF, GREENFIELD & SACKS, P.C.
                                  600 Atlantic Ave.
                                  Boston, MA 02210
                                  (617) 646-8000

                                  *Attorneys for Plaintiff Keurig, Incorporated*

Dated: August 25, 2008

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on September 2, 2008, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire [*rhorwitz@potteranderson.com*]
> David E. Moore, Esquire [*dmoore@potteranderson.com*]
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> Wilmington, Delaware 19801

Additionally, I hereby certify that on September 2, 2008, copies of the foregoing document were served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

### BY E-MAIL

> David Schlitz, Esquire [*david.schlitz@bakerbotts.com*]
> Baker Botts L.L.P
> The Warner
> 1299 Pennsylvania Ave., NW
> Washington, D.C. 20004-2400

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen E. Keller*
John W. Shaw (No 3362) [*jshaw@ycst.com*]
Adam W. Poff (No. 3990) [*apoff@ycst.com*]
Karen E. Keller (No. 4489) [*kkeller@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302)-571-6600

*Attorneys for Plaintiff Keurig, Incorporated*