IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>    Plaintiff,<br>v.<br><br>KRAFT FOODS GLOBAL, INC., TASSIMO CORPORATION, and KRAFT FOODS INC.,<br><br>    Defendants. | Civil Action No. 07-017-GMS<br><br>**REDACTED – PUBLIC VERSION** |

## REPLY IN SUPPORT OF KEURIG'S MOTION *IN LIMINE* NO. 5

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Karen E. Keller (No. 4489)
*kkeller@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Michael A. Albert
Michael N. Rader
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
(617) 646-8000

*Attorneys for Plaintiff Keurig, Incorporated*

Dated: August 25, 2008

Well aware from the outset of this case (and from discovery) of the weaknesses in its anticipation theory, Kraft nonetheless made a tactical decision to press anticipation alone, rather than complicating its invalidity defense by raising "alternative" obviousness and enablement theories.[1] With trial less than two months away, Kraft cannot start over and raise these two[2] fact-intensive theories now. Keurig never had any reason to take discovery on these theories because Kraft did not raise them.[3] That expert discovery further clarified the weaknesses in Kraft's anticipation theory is no excuse – Kraft was long aware of Keurig's position and the facts supporting it, which expert testimony merely confirmed.

**I.     Kraft Had the Facts and Contentions Underlying Its Belated Defenses Long Ago.**

From the beginning of this case, Kraft has bolstered its anticipation defense by arguing the alleged similarity of Singles to Keurig's '762 patent. E.g. Kraft's Invalidity Contentions (Mot. Ex. 3) at 3 (contention from Kraft that Singles operates "in the same manner as depicted in the '762 patent"). Keurig, in turn, stressed that Singles does not work with same-side piercing. E.g., Mot. Ex. 5 (Keurig's August 2007 response to Kraft's Invalidity Contentions) at 3. Thus, the depositions of Keurig's experts revealed nothing new. Kraft has been armed with the facts and contentions underlying its new enablement theory since August 2007, yet never raised enablement until discovery was over and the parties were working on jury instructions.

---

[1] The proposed enablement theory, for example, is at odds with Kraft's anticipation defense. Kraft contends that the Singles cartridge is similar to an embodiment shown in the '762 patent. Arguing that the '762 patent is not enabled would have made it difficult for Kraft to continue with its (apparently favored) contention that Singles anticipates.

[2] Kraft is nominally seeking to add a belated "written description" defense as well, but its opposition ignores this issue entirely.

[3] Keurig's patent is enabling and non-obvious, although the Court need not reach the merits of those issues to decide this motion. Omegaflex, Inc. v. Parker Hannifin Corp., 425 F. Supp. 2d 171, 187 (D. Mass. 2006) ("Notwithstanding Plaintiff's strong opposition to Defendant's section 112 allegations on the merits, it would be next to impossible for Plaintiff to overcome the adverse effects of Defendant's late assertion of a written description deficiency.").

Similarly, Kraft learned of Keurig's position that the '234 patent fails to disclose a "single lid" at the February 2008 deposition of ████████████████ ████████████████████████████████████████████████████████████ prompted Keurig to serve a request for admission on February 29 asking Kraft to admit that the '234 patent "does not disclose a lid" over both chambers. (Ex. 8 ¶ 16). Kraft refused, forcing Professor Slocum to address the issue in his rebuttal report, which extensively cited ████████████████ (Ex. 9 at 4-5). Contrary to Kraft's contention in its opposition, Kraft knew of Keurig's position on this issue in February – during discovery and long before Professor Slocum's rebuttal report.

## II. Keurig's Expert Testimony Does Not Suggest an Enablement Problem, and Any Enablement Defense from Kraft Would Have Required Additional Discovery.

Professor Slocum will detail specific reasons why the Singles cartridge (and the cartridges described in the prior art patents cited by Kraft) do not work with same-side piercing. Mr. Lingle will explain that Professor Slocum's testing did not yield a beverage. Their testimony will confirm that Keurig's '762 patent is not anticipated by the prior art.

Kraft therefore seeks to turn at the last minute to the question of enablement, which asks whether a patent's specification allows a person of skill in the art to make and use the claimed invention without "undue experimentation." The need for some experimentation based on the patent's teachings is not fatal under this standard. For example, to be enabled, a patent need not describe fine-tuning or "production details." Koito Mfg. Co. v. Turn-Key-Tech, LLC, 381 F.3d 1142, 1155-56 (Fed. Cir. 2004) (affirming judgment of enablement).

---

[4] Keurig's opening brief included Exs. 1-5. Exhibits to this brief begin at Ex. 6.

Kraft invites legal error by suggesting (Opp. at 4-5) that Keurig's experts' opinions on anticipation would render the '762 patent "*per se* invalid under Section 112." For example, it is immaterial whether the '762 specification specifically describes a "support structure" under the foil. A specification "need not teach, and preferably omits, what is well known in the art." Falko-Gunter Falkner v. Inglis, 448 F.3d 1357, 1365 (Fed. Cir. 2006). Armed with the '762 patent's pioneering same-side piercing concept, one of skill in the art would resolve the routine details of an appropriate support structure.[5] At the very least, enablement presents a factual question about "undue experimentation" that would have required discovery. (Mot. at 4).

### III. Rebutting Kraft's Belated Defenses Would Require Discovery that Keurig Had No Reason to Take.

Both enablement and obviousness are fact-intensive inquiries. Kraft's invalidity contentions said nothing about these defenses, and Keurig had no reason to take discovery preparing to rebut them. This is precisely the point of Heidelberg (enablement) and Convolve (obviousness) – cases that Kraft ignores. The operative question is not whether Kraft's belated defenses would rely "on evidence already produced" (Opp. at 4), but whether Keurig should have to rebut theories on which it never had any reason to take discovery.

By contrast, Charpentier (cited by Kraft) concerned a defense that involved "no factual issues," and the plaintiff had not even claimed prejudice. 937 F.2d 859, 864 (3d Cir. 1991). Moreover, other defendants had previously raised the very same theory. Id. Similarly, Cordis addressed a purely legal issue that the accused infringer had raised at a pretrial conference in an earlier case. 2005 WL 1331172, *5 n.10 (D. Del. June 3, 2005). Kraft's suggestion (Opp. at 5) that "Cordis provided notice of the defense at pretrial" is misleading.

---

[5] By contrast, anticipation does not permit additions or changes to the prior art reference. And Kraft has never suggested that the claimed concept of same-side piercing was obvious. Even Kraft's belated obviousness contention concerns only the "single lid" issue in the '234 patent.

- 3 -

- 4 -

                          YOUNG CONAWAY STARGATT & TAYLOR, LLP

                          */s/ Karen E. Keller*

                          John W. Shaw (No. 3362)
                          *jshaw@ycst.com*
                          Karen E. Keller (No. 4489)
                          *kkeller@ycst.com*
                          YOUNG CONAWAY STARGATT & TAYLOR, LLP
                          The Brandywine Building
                          1000 West Street, 17th Floor
                          Wilmington, DE 19801
                          (302) 571-6600

                          Michael A. Albert
                          Michael N. Rader
                          WOLF, GREENFIELD & SACKS, P.C.
                          600 Atlantic Ave.
                          Boston, MA 02210
                          (617) 646-8000

                          *Attorneys for Plaintiff Keurig, Incorporated*

Dated: August 25, 2008

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on September 2, 2008, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire [*rhorwitz@potteranderson.com*]
> David E. Moore, Esquire [*dmoore@potteranderson.com*]
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> Wilmington, Delaware 19801

Additionally, I hereby certify that on September 2, 2008, copies of the foregoing document were served by e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

### BY E-MAIL

> David Schlitz, Esquire [*david.schlitz@bakerbotts.com*]
> Baker Botts L.L.P
> The Warner
> 1299 Pennsylvania Ave., NW
> Washington, D.C. 20004-2400

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen E. Keller*
John W. Shaw (No 3362) [*jshaw@ycst.com*]
Adam W. Poff (No. 3990) [*apoff@ycst.com*]
Karen E. Keller (No. 4489) [*kkeller@ycst.com*]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302)-571-6600

*Attorneys for Plaintiff Keurig, Incorporated*

# EXHIBIT 6

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 7



Case 1:07-cv-00017-GMS    Document 145-2    Filed 09/02/2008    Page 4 of 11

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>Defendants. | Civil Action No. 07-017 GMS |

### KEURIG, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS TASSIMO CORP., KRAFT FOODS INC. AND KRAFT FOODS GLOBAL, INC.

Pursuant to Fed. R. Civ. P. 36, Plaintiff, Keurig, Inc. ("Plaintiff" or "Keurig"), hereby requests that Defendants Tassimo Corp., Kraft Foods Inc., and Kraft Foods Global, Inc. (collectively "Defendants" or "you") respond to the following Requests for Admission within thirty (30) days from the date of service hereof.

### INSTRUCTIONS AND DEFINITIONS

1. The term T-DISC means a filter-type (e.g., PDONT 172) or espresso-type (e.g., PDONT 175) Tassimo Disc.

2. All bold-faced terms and phrases herein are as defined in the Court's Order Construing the Terms of U.S. Patent No. 6,607,762 ("the '762 patent"), dated January 23, 2008.

## REQUESTS FOR ADMISSION

1. Admit that a T-DISC is a beverage filter cartridge.

2. Admit that a T-DISC includes an outer container having an access opening.

3. Admit that a T-DISC includes a filter element received in and configured and arranged to subdivide the interior of the container into **first and second chambers.**

4. Admit that ground coffee is a soluble beverage medium.

5. Admit that tea is a soluble beverage medium.

6. Admit that a T-DISC includes a soluble beverage medium stored in the first chamber.

7. Admit that a T-DISC includes a lid closing the access opening, the lid having a first section overlying the first chamber and a second section overlying the second chamber.

8. Admit that a T-DISC includes a lid closing the access opening, the first section of the lid being **piercable to accommodate an inflow of liquid** into the first chamber for infusion with the beverage medium to produce a beverage.

9. Admit that a T-DISC includes a filter element being permeable to liquid to accommodate a flow of the beverage from the first chamber into the second chamber.

10. Admit that a T-DISC includes a lid closing the access opening , the second section of the lid being **piercable to accommodate an outflow of the beverage** from the second chamber to the exterior of the cartridge.

11. Admit that a T-DISC includes a lid and an outer container having an access opening, wherein the lid has less resistance to being pierced as compared to the resistance to piercing of the outer container.

12. Admit that a T-DISC includes a lid that is impermeable to liquids and gases.

13.    Admit that you are unaware of any product made, sold, or offered for sale by Keurig covered by one or more claims of the '762 patent.

14.    Admit that you are unaware of any product made, sold, or offered for sale by a licensee of Keurig covered by one or more claims of the '762 patent.

15.    Admit that U.S. Patent No. 4,853,234 does not disclose the use of a single piece of foil covering both the outlet 37 and the bed 21 as shown in Figure 5 of the '234 patent.

16.    Admit that U.S. Patent No. 4,853,234 does not disclose a lid having a first section overlying a first chamber and a second section overlying a second chamber.

17.    Admit that U.S. Patent No. 4,853,234 does not anticipate the '762 patent.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen E. Keller

OF COUNSEL:

Michael A. Albert (BBO #558566)
Michael N. Rader (BBO #646990)
Laura Topper (BBO #652364)
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000

John W. Shaw (No. 3362)
jshaw@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Buidling
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Dated: February 29, 2008

*Attorneys for Plaintiff Keurig, Incorporated*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on February 29, 2008, I caused copies of the foregoing document to be served upon the following counsel in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Richard L. Horwitz, Esquire
rhorwitz@potteranderson.com
David E. Moore, Esquire
dmoore@potteranderson.com
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801

### BY E-MAIL

David Schlitz, Esquire
david.schlitz@bakerbotts.com
Baker Botts L.L.P
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ KAREN E. KELLER
_____
John W. Shaw (No. 3362)
jshaw@ycst.com
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302)-571-6600

*Attorneys for Plaintiff Keurig, Incorporated*

# EXHIBIT 9

THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY