IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEURIG, INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br>TASSIMO CORPORATION, and<br>KRAFT FOODS INC.,<br><br>    Defendants. | Civil Action No. 07-017-GMS |

**PROPOSED VOIR DIRE QUESTIONS**

The parties request that the Court read the following general description and ask the following questions of prospective jurors:

**I.     PRELIMINARIES**

Good morning, ladies and gentlemen. I am about to ask you a series of questions that we call voir dire. The purpose of the voir dire examination is:

   (a)   to enable the court to determine whether or not any prospective juror should be excused for cause; and

   (b)   to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges – that is, challenges for which counsel need not give a reason.

- **Staff introduced**
- **Panel Sworn**

If any of you would answer "yes" to any of these questions, I would ask you to stand up and, upon being recognized by me, to state your number. At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

This case is expected to take 6 days to try. The schedule that I expect to maintain over those 6 days will be as follows: We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation. On that day, the proceedings might last beyond 4:30 p.m. We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

1. Does the length of this trial or the schedule contemplated by the court present a special problem to you?

**II.   DESCRIPTION OF THE CASE**

This case is an action for patent infringement. The plaintiff in this case is a company called Keurig, Incorporated. I will refer to it as Keurig. The defendants in this case are Kraft Foods Global, Inc., Tassimo Corporation, and Kraft Foods Inc. I will refer to them collectively as Kraft. Kraft sells single-serve coffee and tea cartridges called T-Discs under the name Tassimo. Keurig accuses Kraft of infringing Keurig's patent by selling these T-Discs. Keurig seeks damages for Kraft's infringement. Kraft denies that it infringes Keurig's patent and contends that Keurig's patent is invalid.

2

2.      Prior to this morning, had you heard or read anything about this case?

3.      Prior to this morning, had you heard of the Tassimo or T-Disc products?

4.      Have you or any member of your immediate family ever been employed by Keurig or Kraft?

5.      Have you or any member of your immediate family ever been employed by any other company involved in the food or beverage business?

6.      Have you or any member of your immediate family ever owned stock or had any financial interest in Keurig or Kraft?

7.      Have you or any member of your immediate family ever had a business relationship with Keurig or Kraft?

8.      Have you or any member of your immediate family ever had a business relationship with any other company involved in the food or beverage business?

9.      Have you or any member of your immediate family had any positive or negative experience with products manufactured and/or sold by Keurig or Kraft?

10.     The inventors listed in Keurig's patent are Nicholas Lazaris and Rick Beaulieu. Do any of you know, or know of, Mr. Lazaris or Mr. Beaulieu?

11.     Attorneys John Shaw, Karen Keller, Michael Albert, Michael Rader, and Charles Steenburg represent Keurig. Do you know, or know of, these lawyers or any other lawyer at the law firms of Wolf, Greenfield & Sacks, P.C. or Young Conaway Stargatt and Taylor, LLP?

12.     Attorneys Richard Horwitz, David Moore, David Schlitz, and Bill Foster represent Kraft. Do you know, or know of, these lawyers or any other lawyer at the law firms of Potter Anderson & Corroon or Baker Botts?

7304874.1                                                                                                           065927.1001

13.	The witnesses in this case will be: [read witness lists]. Do you know, or know of, any of these witnesses?

### III.	RELEVANT PRIOR EXPERIENCES

14.	Have you served as a juror in a criminal or civil case or as a member of a grand jury in either federal or state court?

15.	Have you or has anyone in your immediate family ever participated in a lawsuit as a party or in any other capacity such as a plaintiff, defendant, or witness?

16.	Have you ever studied law?

17.	Have you ever worked for a law firm?

18.	Do you have any hearing or visual impairment or suffer from any medical or emotional condition that may affect your ability to give full attention to all of the evidence at this trial?

### IV.	PATENTS AND THE SUBJECT MATTER OF THE LITIGATION

19.	Do you have specialized knowledge, training or experience in engineering?

20.	Do you have specialized knowledge, training or experience in the food and beverage industry?

21.	Do you have specialized knowledge, training or experience in the coffee industry?

22.	Have you or anyone that you know ever invented or tried to invent something?

23.	Have you or anyone that you know ever applied for or obtained a patent?

24.	Are you employed by, or otherwise associated with, a company that owns one or more patents?

25.	Are you employed by, or otherwise associated with, a company that has been involved in a patent infringement lawsuit?

26. Have you heard, read, or seen anything recently about the patent system?

27. Have you ever had an experience with patents or the patent system that has resulted in feelings that might keep you from being a fair and impartial juror?

28. Have you or anyone that you know ever been employed by the United States Patent and Trademark Office, otherwise known as the PTO?

## V. WRAP-UP

29. If you are selected to sit on this case, is there anything that would prevent you from rendering a verdict based solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law you may have or that you may have encountered in reaching your verdict?

30. Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?

Dated: August 25, 2008